IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO R. RODRIGUEZ AND EMMA MENDEZ RODRIGUEZ,<br>   Plaintiffs,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE:<br>MARVIN T. RUNYON, Individually And As Postmaster General, UNITED STATES POSTAL SERVICE; MARY MARTINEZ, Individually And As Postmaster, UNITED STATES POSTAL SERVICE; ROMEO ROCHA, Individually And As Superintendent Of Postal Operations, UNITED STATES POSTAL SERVICE; ROBERTO PANTOJA, Individually And As Superintendent Of Postal Operations, UNITED STATES POSTAL SERVICE; GILBERT G. GALVAN, Individually And As Supervisor, UNITED STATES POSTAL SERVICE; ARTURO J. CORTEZ, Individually And As Acting Superintendent Of Postal Operations, UNITED STATES POSTAL SERVICE; EDDIE M. PEREZ Individually And As Part-time Flexible Clerk, UNITED STATES POSTAL SERVICE; LOUIS BAZALDUA, Individually And As Labor Relations Specialist, UNITED STATES POSTAL SERVICE; MANUEL D. HERNANDEZ, Individually And As MSC Director, Human Resources, UNITED STATES POSTAL SERVICE; FELIX R. FIGUEROA, Individually And As Postal Inspector, UNITED STATES POSTAL SERVICE; GEORGE LOPEZ, Individually And As MSC Manager/Postmaster, UNITED STATES POSTAL SERVICE,<br>   Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NUMBER: B-95-150<br><br>COMPLAINT<br>JURY DEMAND |

---

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

 COMES NOW, FRANCISCO R. RODRIGUEZ, Plaintiff, complaining of, and brings this action under Title VII of the Civil Rights Act of 1964 for employment

PLAINTIFF'S ORIGINAL PETITION - Page 1

discrimination against the UNITED STATES POSTAL SERVICE; MARVIN T. RUNYON, INDIVIDUALLY AND AS POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE; MARY MARTINEZ, INDIVIDUALLY AND AS POSTMASTER, UNITED STATES POSTAL SERVICE; ROMEO ROCHA, INDIVIDUALLY AND AS SUPERINTENDENT OF POSTAL OPERATIONS, UNITED STATES POSTAL SERVICE; ROBERTO PANTOJA, INDIVIDUALLY AND AS SUPERINTENDENT OF POSTAL OPERATIONS, UNITED STATES POSTAL SERVICE; GILBERT G. GALVAN, INDIVIDUALLY AND AS SUPERVISOR, UNITED STATES POSTAL SERVICE; ARTURO J. CORTEZ, INDIVIDUALLY AND AS ACTING SUPERINTENDENT OF POSTAL OPERATIONS, UNITED STATES POSTAL SERVICE; EDDIE M. PEREZ INDIVIDUALLY AND AS PART-TIME FLEXIBLE CLERK, UNITED STATES POSTAL SERVICE; LOUIS BAZALDUA, INDIVIDUALLY AND AS LABOR RELATIONS SPECIALIST, UNITED STATES POSTAL SERVICE; MANUEL D. HERNANDEZ, INDIVIDUALLY AND AS MSC DIRECTOR, HUMAN RESOURCES, UNITED STATES POSTAL SERVICE; FELIX R. FIGUEROA, INDIVIDUALLY AND AS POSTAL INSPECTOR, UNITED STATES POSTAL; GEORGE LOPEZ, INDIVIDUALLY AND AS MSC MANAGER/POSTMASTER, UNITED STATES POSTAL SERVICE, Defendants. Jurisdiction is conferred by 42 United States Code § 2000e-5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for compensatory, declaratory, injunctive relief, as well as costs, including reasonable attorney's fees and in support of the Complaint, Plaintiff would show:

## PRELIMINARY STATEMENT

### I.

Plaintiff is a resident of Cameron County, Texas and claims that Defendants acting under color of law have continually deprived him of rights, privileges and immunities guaranteed by the Fourteenth Amendment of the United States Constitution in that Plaintiff was terminated from his

PLAINTIFF'S ORIGINAL PETITION - Page 2

employment as a Distribution/Window and Vehicle Operations Maintenance Assistant clerk for the Defendant UNITED STATES POSTAL SERVICE, a Branch of the United States Government, because of his age and protected activities. Subsequently, Defendants returned Plaintiff to duty and denied him his position, benefits and full back pay. At all times relevant hereto Defendants have continually refused to fully comply with Plaintiff's claims.

Plaintiff is a resident of Cameron County, Texas. Defendant, UNITED STATES POSTAL SERVICE, is a Branch of the United States Government duly formed under existing United States statutes, with principal office in Washington, DC and in Cameron County, Texas and may be served by delivery of process upon the United States Attorney, of Brownsville, Cameron County, Texas, at P.O. Box 2299, 500 East 10th Street, Brownsville, Texas 78520.

1. Defendant, UNITED STATES POSTAL SERVICE, is a Government Entity and may be served by delivery of process to Marvin T. Runyon, Postmaster General, United States Postal Service at: <u>475 L'Enfant Plaza SW - Washington, DC 20260-0010.</u>

2. Defendant, MARVIN T. RUNYON, is being sued in his individual and official capacity as Postmaster General, United States Postal Service, and may be served by delivery of citation at: <u>475 L'Enfant Plaza SW - Washington, DC 20260-0010.</u>

3. Defendant, MARY MARTINEZ, is being sued in her individual and official capacity as Postmaster, United States Postal Service, and may be served by delivery of citation at: <u>1502 New Combes Highway - Harlingen, TX 78550-9998.</u>

Plaintiff was employed by the Defendant U.S. Postal Service since April of 1966, as a Distribution/Window (Level PS-4) clerk, at the Harlingen, Texas post office. On or about April of 1983, Plaintiff, through the contract bidding process, was awarded a Distribution/Window and Vehicle Operations Maintenance Assistant clerk position and remained in that bid assignment until his retirement in October of 1992. Beginning since the most recent appointment of Defendants MARY MARTINEZ, as Postmaster and ROMEO ROCHA, as Superintendent of Postal Operations, in the latter part of 1987, acting in their official capacity, began a course of conduct which included frequent intimidation, harassment and arbitrary job evaluations of Plaintiff's performance, though Plaintiff's performance had been exemplary and there was no reason to evaluate his performance.

1. On or about January 5, 1988, the DEFENDANTS, without an apparent reason, cancelled Plaintiff's Defensive Driving Course and Instructor class scheduled with the Texas Safety Association in Austin, Texas.

2. On or about February of 1988, Defendants MARTINEZ and ROCHA commenced to harass and intimidate Plaintiff on the job and, for no apparent reason, changed Plaintiff's work schedule.

3. On or about April 15, 1988, Defendant ROCHA subjected Plaintiff to detail arbitrary and oppressive work tasks.

4. On or about April 29, 1988, Defendants MARTINEZ and ROCHA, issued Plaintiff a letter of warning, allegedly for failure to follow instructions.

PLAINTIFF'S ORIGINAL PETITION - Page 6.

5. On or about May 4, 1988, Defendant MARTINEZ, for no apparent reason, arbitrarily removed Plaintiff as secretary of the Defendant U.S. Postal Service's Employee Welfare Committee.

6. On or about December 27, 1988, Defendant ROCHA, for no apparent reason, denied Plaintiff possession of two cruise trip certificates awarded to him and sponsored by the Defendant U.S. Postal Service's Employee Welfare Committee.

7. On or about March 29, 1989, DANIEL RAMON, then supervisor of the Defendant U.S. Postal Service, for no apparent reason, gave Plaintiff an official discussion.

8. On or about April 7, 1989, Defendant ROCHA harassed and intimidated Plaintiff in presence of co-workers.

9. By letter dated April 10, 1989, Defendant MARTINEZ threatened Plaintiff with forfeiture of Plaintiff's two cruise trip certificates.

10. On or about May 13, 1991, Defendant ROCHA, for no apparent reason, designed an arbitrary and oppressive sign-out/sign-in log and instructed Plaintiff to sign every time Plaintiff would leave and return to the postal premises.

11. On or about May 16, 1991, Defendant ROCHA, reduced Plaintiff's rest breaks and designed an arbitrary and oppressive work schedule for Plaintiff and instructed him not to deviate from it.

12. On or about August 8, 1991, Defendant BAZALDUA, threatened Plaintiff with his job, allegedly for harassing a co-worker.

13. On or about November 8, 1991, Defendants MARTINEZ, ROCHA and GALVAN, for no apparent reason, accused Plaintiff of failure to follow instructions.

14. On or about December 12, 1991, Defendant CORTEZ issued Plaintiff a 7-day suspension letter.

15. On or about January of 1992, on information and belief, Defendant MARTINEZ instructed timekeepers of the Harlingen, Texas post office to delete, Vehicle Operations Maintenance Assistant (VOMA) level-6 pay, from Plaintiff's electronic time card (ETC) pay record.

16. By letter dated February 25, 1992, Defendant CORTEZ, for no apparent reason, instructed Plaintiff not to perform (VOMA) level-6 duties.

17. By letter dated March 20, 1992, Defendant HERNANDEZ, placed Plaintiff on emergency suspension and denied Plaintiff a reason for the suspension.

18. On or about March 27, 1992, Defendants MARTINEZ and CORTEZ, intercepted registered letter addressed to Plaintiff and deprived him of its possession.

19. Defendant CORTEZ issued Plaintiff a letter of proposed removal, dated April 10, 1992, from Postal Service employment.

<u>PLAINTIFF'S ORIGINAL PETITION</u> - Page 8

ClibPDF - www.fastio.com

20. By letter dated May 14, 1992, the DEFENDANTS terminated Plaintiff.

21. On or about August 2, 1992, the DEFENDANTS returned Plaintiff to duty with full back pay.

22. By letter dated September 1, 1992, Defendant BAZALDUA, refused to comply with Plaintiff's full back pay settlement.

23. By letter dated October 1, 1992, Defendant PANTOJA, refused to comply with Plaintiff's back pay settlement.

24. On or about October 2, 1992, for fear of further retaliation by the DEFENDANTS, Plaintiff was forced to retire as Distribution/Window and Vehicle Operations Maintenance Assistant clerk for the Defendant U.S. Postal Service.

## IV.

Plaintiff became concerned and had reason to believe that this continuous arbitrary conduct with potential violations were contrary to the Defendant U.S. Postal Service administrative policies. More specifically, Plaintiff was concerned about the propriety of the DEFENDANTS at the Harlingen, Texas post office engaging in a conduct contrary to rules and procedures of the Defendant U.S. Postal Service and law. Thereafter, by letter dated March 14, 1989, Plaintiff contacted JOSEPH G. SCHRAER, Field Division General Manager/Postmaster regarding his concerns about apparent violations of the Defendant U.S. Postal Service's Employee Welfare Committee rules and procedures.

PLAINTIFF'S ORIGINAL PETITION - Page 9.

By letter dated July 7, 1989, Plaintiff contacted HERB DIAZ, Employee Labor Relations representative, of the Defendant U.S. Postal Service and expressed his concerns of potential management problems at the Harlingen, Texas post office. By letter dated July 7, 1989, Plaintiff contacted JOSEPH G. SCHRAER, Field Division General Manager/Postmaster and raised his concerns of the possibility of him being mislead by Defendants MARTINEZ and ROCHA, regarding Plaintiff's communication of March 14, 1989 to him (SCHRAER). Thereafter, Plaintiff contacted L. CHRISTENSEN, Postal Inspector of the Defendant U.S. Postal Service, and expressed his concerns of possible violations of rules and regulations, by the DEFENDANTS at the Harlingen, Texas post office, regarding the apparent delay of mail and revenue of the Defendant U.S. Postal Service. By letter dated December 12, 1989, Plaintiff contacted CHARLES R. GRIIFIN, Field Division General Manager/Postmaster of the Defendant U.S. Postal Service and expressed his concerns of possible violations of rules and policies regarding the sale of tamales and pecans on the Defendant U.S. Postal Service workroom floor, by DANIEL RAMON, supervisor of the Defendant U.S. Postal Service. On or about December 21, 1989, Defendant HERNANDEZ, contacted Plaintiff via telephone regarding Plaintiff's tamales and pecans sale complaint. In the telephone conversation with Defendant HERNANDEZ, Plaintiff raised his concerns about the possibility of violation of laws and regulations in connection with the consumption with a postal employee party on held by Defendants MARTINEZ and ROCHA in the recent past on the loading dock of the Defendant U.S. Postal Service where, on information and belief, alcoholic beverages were consumed.

<u>PLAINTIFF'S ORIGINAL PETITION</u> - Page 10.

By letter dated May 11, 1992, Plaintiff contacted J.M. KELLY, Regional Postal Inspector, of the Defendant U.S. Postal Service regarding his concerns and files a complaint about possible registered mail violations. By letter dated July 18, 1992, Plaintiff contacted JESSE DURAZZO, Field Division General Manager/Postmaster of the Defendant U.S. Postal Service, and expressed his concerns of possible cover-up and potential violations of rules and regulations in the delivery of registered mail. By letter dated July 20, 1992, Plaintiff contacted the CHIEF POSTAL INSPECTOR of the Defendant U.S. Postal Service and expressed his dissatisfaction in the handling of Plaintiff's registered mail complaint. By letter dated March 14, 1994, Plaintiff contacted Defendant MARVIN T. RUNYON, Postmaster General of the Defendant U.S. Postal Service, and raised his concerns regarding the continuous denial of Plaintiff's registered mail complaint and back pay claims.

**V.**

On or about June 12, 1989, Plaintiff filed an Equal Employment Opportunity complaint. On or about June 11, 1991, Plaintiff filed an Equal Employment Opportunity complaint. On or about November 26, 1991, Plaintiff filed Workers' Compensation claim. On or about January 10, 1992, Plaintiff filed an Equal Employment Opportunity complaint. On or about April 28, 1992, Plaintiff filed an Equal Employment Opportunity complaint. On or about August 27, 1992, Plaintiff filed an Equal Employment Opportunity complaint. On or about March 7, 1995, Plaintiff filed an Equal Employment Opportunity complaint.

PLAINTIFF'S ORIGINAL PETITION - Page 11.

ClibPDF - www.fastio.com

## VI.

Plaintiff would show that he contacted all upper level management officials and department heads of the Defendant U.S. Postal Service, and in the interest of the Service, expressed, in good faith, his concerns of potential malfeasance by the DEFENDANTS at the Harlingen, Texas post office. Plaintiff would also show that he contacted his Congressional representatives and expressed equal concerns of potential malfeasance by the DEFENDANTS.

## VII.

Plaintiff would show that the DEFENDANTS at the Harlingen, Texas post office, regularly from time to time, and as late as March 20, 1992, would set up Plaintiff with entrapment design and potential criminal implications.

## VIII.

Plaintiff would show that Defendant MARTINEZ developed a dislike for Plaintiff, while Defendant MARTINEZ was assigned to the Harlingen, Texas post office in 1974. Plaintiff would show that Defendant MARTINEZ commenced retaliation against Plaintiff almost immediately after her appointment as postmaster of the Harlingen, Texas post office in the mid-to-latter part of 1987. Plaintiff would show that constant harassment, intimidation, and entrapment efforts were initiated by the DEFENDANTS that would cause Plaintiff to resign or be removed from the Postal Service. Plaintiff would show that Defendant MARTINEZ's plan to remove Plaintiff from the Postal Service commenced with a manufactured letter of warning issued to Plaintiff on or about April 29, 1988. On or about November 26, 1991, Plaintiff filed a (CA-2) Workers' Compensation claim.

PLAINTIFF'S ORIGINAL PETITION - Page 12.

By letter dated December 11, 1991, Plaintiff was given a 7-day suspension, allegedly for being argumentative with a supervisor and for failure to follow instructions, which was false. By letter dated March 20, 1992, Plaintiff was placed on emergency suspension. No reason was given for the suspension. By letter dated April 10, 1992, Plaintiff was issued a proposed removal notice, allegedly for improper conduct/making statements of a threatening nature with implications of violence, which was false. By letter dated May 14, 1992, Plaintiff was issued a letter of decision to remove him from the Postal Service.

### IX.

Plaintiff would show that no investigation of his alleged misdeeds was made. Plaintiff would also show that no affidavits were obtained in whatever investigation was undertaken by the DEFENDANTS. Though, Plaintiff would show that one affidavit was obtained later by the DEFENDANTS from co-worker, Defendant EDDIE M. PEREZ, and possible participant that joined in on the conspiracy efforts to remove Plaintiff from the Postal Service.

### X.

Plaintiff would show that on or about July of 1992, Defendant MARTINEZ, under two conditions would accept Plaintiff back to duty, that Plaintiff would undergo a psychiatric evaluation and that he be assigned to a post office other than the Harlingen, Texas post office.

### XI.

Plaintiff would show that the Defendant U.S. Postal Service, through its officers and agents, breached his contract of employment, including the contractual benefits provided by the DEFENDANT U.S. Postal Service.

PLAINTIFF'S ORIGINAL PETITION - Page 13.

## XII.

Plaintiff would show that, though the DEFENDANTS have time after time denied Plaintiff's back pay claims, the DEFENDANTS have made annual payments, beginning in 1992, since Plaintiff's 1992 wrongful termination, with the most recent payment being made in 1995.

## XIII.

At all times material hereto DEFENDANTS knew that Plaintiff was relying on his compensation from his employment with the Defendant U.S. POSTAL SERVICE, and as a direct and proximate result of his wrongful termination for having filed a (CA-2) Workers' Compensation claim, in good faith, was forced to retire, and has caused severe economic loss, emotional distress and anxiety. Additionally, Plaintiff would show that it would require a minimum of two years employment with the Defendant U.S. POSTAL SERVICE to attain financial stability.

## XIV.

Plaintiff would show that the DEFENDANTS caused false and damaging information to be written, knowing that such information was false and that it would damage Plaintiff's reputation.

## XV.

By terminating Plaintiff because he had filed a (CA-2) Workers' Compensation claim in good faith, which did not interfere with his capability or actual performance of his duties as Distribution/Window and Vehicle Operations Maintenance Assistant clerk, was wrongful, willful and malicious the DEFENDANTS have deprived Plaintiff of rights guaranteed by the Fourteenth Amendment of the United States Constitution.

PLAINTIFF'S ORIGINAL PETITION - Page 14.

DEFENDANTS conduct violated Plaintiff's right to remain free from persecution because he filed a Workers' Compensation claim; DEFENDANTS' actions violated Plaintiff's right and liberty to freely file a compensation claim without undue interference and penalty all in violation of the Fourteenth Amendment of the United States Constitution for which Plaintiff has redress under 42 § U.S.C. 1983 including compensatory damages against the DEFENDANTS lost wages in the past, constructive retirement compensation, and damages for emotional distress and anxiety and loss to reputation, punitive damages against the DEFENDANTS which entitles the Plaintiff to reasonable costs and attorney's fees.

### XVI.

AT all times herein Defendants MARY MARTINEZ, ROMEO ROCHA, GILBERT G. GALVAN, ARTURO J. CORTEZ, ROBERTO PANTOJA, MANUEL D. HERNANDEZ, LOUIS BAZALDUA, GEORGE LOPEZ, FELIX R. FIGUEROA, MARVIN T. RUNYON and EDDIE M. PEREZ were acting within the course and scope of their authority as employees and agents of the Defendant U.S. POSTAL SERVICE. Defendant MARTINEZ had the authority to hire and fire employees of the Harlingen, Texas post office, including the Plaintiff.

### XVII.

The DEFENDANTS have conspired against the Plaintiff by acting in concert to deprive him of rights under the United States Constitution as set forth above which conspiracy is actionable under 42 U.S.C § 1983.

PLAINTIFF'S ORIGINAL PETITION - Page 15.

## PRAYER

**WHEREFORE,** Plaintiff prays that upon trial of this cause judgment be entered in Plaintiff's behalf awarding him:

1. Compensatory damages for his loss of past wages and constructive retirement compensation and damages for emotional distress and anxiety caused by his wrongful termination and for damage to his reputation and associations together with pre and post judgment interest;

2. Award the Plaintiff punitive damages against the DEFENDANTS in an amount of $100,000.00 each for their violations of Plaintiff's rights under the United States Constitution;

3. Award Plaintiff an amount of $10,000,000.00 for exemplary damages an amount in excess of the minimum jurisdictional limits of the court.

4. Award Plaintiff reasonable attorney's fees and costs under the Equal Opportunity Commission Act as well as 42 U.S.C. § 1983;

5. Award the Plaintiff such other and further relief as this court may deem proper.

Respectfully submitted,

*Francisco R. Rodriguez* (signature)

By: FRANCISCO R. RODRIGUEZ
FILING PRO SE
719 Citrus Terrace
Harlingen, Texas 7550
(210)423-8632

PLAINTIFF'S ORIGINAL PETITION -Page 16.