IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FRANCISCO R. RODRIGUEZ AND EMMA MENDEZ RODRIGUEZ, Plaintiffs, | CIVIL ACTION NUMBER: B-95-150 |
| vs. | |
| UNITED STATES POSTAL SERVICE: MARVIN T. RUNYON, Individually And As Postmaster General, UNITED STATES POSTAL SERVICE; MARY MARTINEZ, Individually And As Postmaster, UNITED STATES POSTAL SERVICE; ROMEO ROCHA, Individually And As Superintendent of Postal Operations, UNITED STATES POSTAL SERVICE; ROBERTO PANTOJA, Individually And As Superintendent Of Postal Operations, UNITED STATES POSTAL SERVICE; GILBERT G. GALVAN, Individually And As Supervisor, UNITED STATES POSTAL SERVICE; ARTURO J. CORTEZ, Individually And As Acting Superintendent Of Postal Operations, UNITED STATES POSTAL SERVICE; EDDIE M. PEREZ, Individually An As Part-time Flexible Clerk, UNITED STATES POSTAL SERVICE; LOUIS BAZALDUA, Individually And As Labor Relations Specialist, UNITED STATES POSTAL SERVICE; MANUEL D. HERNANDEZ, Individually And As MSC Director Human Resources, UNITED STATES POSTAL SERVICE; FELIX R. FIGUEROA, Individually And As Postal Inspector, UNITED STATES POSTAL SERVICE; GEORGE LOPEZ, Individually And As MSC Manager/Postmaster, UNITED STATES POSTAL SERVICE, Defendants. | United States District Court Southern District of Texas FILED SEP 26 1995 Michael N. Milby Clerk of Court |

PLAINTIFF'S FIRST AMENDMENT TO ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FRANCISCO R. RODRIGUEZ, Plaintiff in the above styled and numbered cause, and amends his claims that the Defendants acting under color of law deprived him of rights, privileges, and immunities guaranteed by the

PLAINTIFF'S FIRST AMENDMENT TO ORIGINAL PETITION - Page 1.

Fourteenth Amendment to the United States Constitution in that Plaintiff was terminated and subsequently returned to duty and continually denied him full back pack pay because of his age, sex and reprisal, actionable under 42 U.S.C. § 1983, and Plaintiff would show the Court as follow:

### I.

On or about May 4, 1988, Defendant MARTINEZ removed Plaintiff as Secretary-Treasurer of the Defendant U.S. Postal Service's Employee Welfare Committee, though his performance had been exemplary as Secretary-Treasurer, and Defendant MARTINEZ appointed a female junior to Plaintiff.

Plaintiff would show Defendant MARTINEZ, issued Plaintiff an oppressive work schedule, reduced his rest breaks and subjected him to sign s log every time Plaintiff would leave and return to postal premises, though his performance and attendance had been exemplary. Plaintiff would show, on information and belief, that Defendant MARTINEZ would potentially violate rules and procedures by not requiring female co-worker junior to Plaintiff, to maintain a work schedule, allow female co-worker to take extended rest breaks.

### II.

Plaintiff would show that he is not guilty of any misdeeds alleged by the DEFENDANTS. Though Plaintiff would show that on or about August 16, 1990, a male co-worker junior to Plaintiff, on information and belief, potentially violated state and possibly federal rules and procedures in an accident involving a Defendant U.S. Postal Service delivery vehicle. There was no apparent discipline issued on the incident.

PLAINTIFF'S FIRST AMENDMENT TO ORIGINAL PETITION - Page 2.

Plaintiff would show that on or about February 28, 1991, a male co-worker junior to Plaintiff, on information and belief, potentially violated state and possibly federal rules and procedures in an accident involving a Defendant U.S. Postal Service delivery vehicle. There was no apparent discipline issued on the incident.

### III.

Plaintiff would show, on information and belief, that potential violations of rules and procedures, would occur from time to time and as late as early part of 1992, of the Defendant U.S. Postal Service, in financial accountability by co-workers junior to Plaintiff in the finance section of the Defendant U.S. Postal Service. There was no apparent corrective measures taken in the potential violations.

### IV.

Plaintiff would show that the DEFENDANTS aforementioned acts and omissions hereinabove, taken separately or collectively, constitute infliction of emotional distress on Plaintiff and wrongful, willful, malicious and unconscionable in their conduct and constitutes a direct and proximate cause of the financial losses and actual damages suffered by Plaintiff.

### V.

Plaintiff would further show that the conduct of Defendant MARTINEZ, was done with vengeance, willfully, maliciously or with conscious indifference towards Plaintiff. As a result Plaintiff is entitled to recover damages to deter such Defendants from again engaging in such malicious, wrongful and willful and unconscionable conduct and a warning or as a deterrent to others similarly situated. As such Plaintiff has redress under 42 U.S.C. § 1983 for exemplary and compensatory damages including reasonable attorney's fees.

<u>PLAINTIFF'S FIRST AMENDMENT TO ORIGINAL PETITION - Page 3.</u>

ClibPDF - www.fastio.com

Respectfully submitted,

*/s/ Francisco R. Rodriguez*

By: FRANCISCO R. RODRIGUEZ
FILING PRO SE
719 Citrus Terrace
Harlingen Texas 78550

(210)423-8632

PLAINTIFF'S FIRST AMENDMENT TO ORIGINAL PETITION - Page 4.