UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 20 1996

Michael N. Milby, Clerk

FRANCISCO R. RODRIGUEZ         *
AND EMMA MENDEZ RODRIGUEZ,     *
                               *
vs.                            *    CIVIL ACTION Nº. B-95-150
                               *
UNITED STATES POSTAL           *
SERVICE, ET AL                 *

## MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

The Federal defendants herein, file this their memorandum in support of their motion to dismiss, or in the alternative, motion for summary judgment, and would show unto the Court as follows:

I.

Facts Which Are Not In Dispute

1.  Francisco R. Rodriguez was employed by the United States Postal Service from 1966 until he retired on October 2, 1992. (Plaintiffs' Original Petition, pages 5 and 9).

2.  Plaintiffs filed the instant lawsuit on September 9, 1995. (Docket in Civil Action Nº. B-95-150).

3.  Plaintiff[1] has initiated several administrative claims of discrimination over conduct by agents of the Postal Service that purportedly occurred while he was employed by the

---

[1]Unless otherwise indicated, plaintiff will always refer to the plaintiff, Francisco R. Rodriguez.

Postal Service in Harlingen, Texas. (Paragraph 3 of Declaration of Rebecca Brown, hereinafter referred to as "Brown Dec., p. X" attached hereto as Exhibit 1).[2]

4.  In case no. 3-U-1142-92, plaintiff claimed he was harassed about being late to work on May 7, 1991 and discriminatorily issued a sick leave restriction letter because of his age and handicap. On February 12, 1992 and pursuant to regulations then found at 29 C.F.R. §1613, the Postal Service issued its final agency decision canceling the complaint because plaintiff had refused an offer of full relief. The offer included rescission of the leave restriction letter, which the records reflect was actually accomplished in May of 1991. (See November 15, 1991 letter on which plaintiff refused to accept relief offered, attached to Brown Dec. as Exhibit A, declaration exhibits hereinafter referred to as "Brown Ex. X"). On September 18, 1992, the Equal Employment Opportunity Commission ("EEOC") informed plaintiff that the Postal Service was in compliance with its decision regarding case no. 3-U-1142-92. (Brown Dec., p. 4).

5.  In case no. 3-U-1169-92, plaintiff claimed he was the victim of age, sex, and reprisal discrimination when he was issued a seven-day suspension for failing to follow instructions. The claim was settled pursuant to an agreement dated April 12, 1993. (Brown Ex. B). There is no record that plaintiff initiated a noncompliance action as is required when employees wish to pursue a breach-of-settlement claim. (Brown Dec., p. 5).

6.  In case no. 3-U-1244-92, plaintiff claimed that he was the victim of age, sex and reprisal discrimination when beginning on May 13, 1991, he was instructed to sign a time log when he left postal premises. The claim was rejected in a final agency decision dated March

---

[2] The original Brown Declaration had not been received by February 20, 1996 (the due date for defendants' response). Consequently, defendants respectfully urge this Court to consider a copy of this exhibit until the original can be substituted in its stead.

2

17, 1992 which plaintiff received on April 6, 1992. (Brown Ex. C). The claim was rejected because plaintiff did not timely file a formal complaint of discrimination as required by 29 C.F.R. §§1613.214 and 215, then in effect. (Brown Dec., p. 6).

7. In case no. 3-U-1376-92, plaintiff claimed he was the victim of age, sex, and reprisal discrimination when he was issued a letter of proposed removal on April 16, 1992 for making statements of a threatening nature with implications of violence. He filed a parallel union grievance pursuant to the terms of the collective-bargaining agreement in effect between his union and the Postal Service. At step 3 of the grievance-arbitration procedures, plaintiff was reinstated to his position with "full-back pay." Accordingly, a final agency decision was issued to him on September 14, 1992 rejecting his complaint of discrimination because he had received full relief in the grievance-arbitration procedures. Plaintiff appealed the final agency decision to the EEOC. In a decision dated December 22, 1992, the EEOC affirmed the decision of the Postal Service finding that plaintiff had received full relief in the grievance-arbitration procedures. (Brown Ex. D). The EEOC decision informed him he could file a request for reconsideration within 30 days of receiving the decision, at the latest. Plaintiff received the EEOC decision on December 28, 1992. He took no action regarding his claim of discriminatory dismissal until he filed a request for reconsideration with the EEOC on March 20, 1995, which is still pending before the EEOC. (The Affidavit of Frank Fritts of the EEOC indicating that plaintiff received the decision on December 28, 1992 and requested reconsideration on March 20, 1995 is attached hereto as Exhibit 2). The EEOC refers to the appeal in case no. 3-U-1376-92 as docket no. 01930110 and the request for reconsideration as docket no.

3

05950420. There is no record that plaintiff filed a petition for enforcement in this case. (Brown Dec., p. 7).

    8.    In case no. 3-U-1604-92, plaintiff claimed that he was the victim of age, sex, and reprisal discrimination when, on July 28, 1992 he was reinstated to his position, but given different duties. The records reflect that Mr. Rodriguez did not appeal his administrative claim to the formal states of the EEO process as required by 29 C.F.R. §1614.105(b). Instead, he informed the EEOC by letter that he would bypass the administrative procedures by filing an age claim directly in United States district court. (Brown Dec., p. 8).

    9.    In case no. 4-G-780-1194-95, plaintiff claimed he was the victim of age, sex, and reprisal discrimination because he was allegedly not paid all of the backpay due to him as a result of the grievance-arbitration decision of July 9, 1992. Plaintiff received a check which included an amount for backpay on September 17, 1992. He filed a union grievance over the same issue. The grievance was denied by arbitrator in an award dated January 25, 1995. Plaintiff then made a request of EEO counseling over the backpay on March 10, 1995. (Brown Ex. E). Records reflect that plaintiff did not appeal his administrative claim to the formal states of the EEO process as required by 29 C.F.R. §1614.105(b). (Brown Ex. F). Instead, he informed the EEOC by letter that he would bypass the administrative procedures by filing a lawsuit in United States district court. (Brown Dec., p. 9).

    10.    There is no record of any administrative claim of discrimination filed by Emma Mendez Rodriguez with the Postal Service. (Brown Dec., p. 9).

4

## II.

## **ARGUMENTS**

A.  Title VII And The ADEA Are Plaintiff's Exclusive Remedy For His Claims of Discrimination Federal Employment.

Plaintiff purports to raise various constitutional and statutory jurisdictional basis' for his claims of employment discrimination in his First Amended Petition and Original Petition. However, it is well settled that Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e-16, is the exclusive remedy for sex and reprisal claims by federal employees; all others must be dismissed. *Rowe v. Sullivan, 967 F.2d 186, 189 (5th Cir. 1992); Newbold v. United States Postal Service, 614 F.2d 46 (5th Cir. 1980)* citing *Brown v. GSA, 425 U.S. 820, 829 (1976)*. Plaintiff does not refer to the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. §633a, in his pleadings. However, to the extent that plaintiff wishes to raise a claim of age discrimination, he must do so pursuant to that statute. *White v. Frank, 895 F.2d 243 (5th Cir. 1990),* cert. denied *490 U.S. 890 (1990) affirming 718 F.Supp. 592 (W.D. Tex. 1989).*

B.  The Employment Discrimination Claims Against Individually Named Defendants Must Fail.

The only proper defendant in a Title VII or ADEA lawsuit arising in federal employment is "the head of department, agency, or unit, as appropriate." *Honeycutt v. Long, 861 F.2d 1346, 1348 (5th Cir. 1988)* citing *42 U.S.C. 2000e-16(c).* Accordingly, all of the individuals other than the Postmaster General named by plaintiff must be dismissed. *Id.* (dismissing improperly named army officer); *Lamb v. United States Postal Service, 852 F.2d 845, 846 (5th*

5

*Cir. 1988)* (stating "we have unequivocally adopted the rule that the only proper defendant in a Title VII action against the Postal Service is the Postmaster General" and dismissing improperly named local postmaster); *Newbold, 614 F.2d at 46* (dismissing all improperly named defendants).

C. The Employment Discrimination Claims Against the Postmaster General Were Not Properly Exhausted.

Plaintiff's claims against the Postmaster General under Title VII and the ADEA must fail for a variety of reasons having to do with the exhaustion of mandatory administrative remedies which are a prerequisite to employment discrimination lawsuits against the federal government. *Brown v. General Services Administration,*, 425 U.S. 820, 835 (1976).

Plaintiff complains of a myriad of issues stemming from his employment with the United States Postal Service over which he has never filed an administrative claim of discrimination. For example, on page 2 of his first amendment to original petition, plaintiff complains that he was removed as Secretary-Treasurer of the Employee Welfare Committee. He also complains that disciplinary action was not taken against other employees for alleged infractions. In addition, plaintiff complains in his original petition at section III, paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 15, 16, 17, 18, 21, 24 and elsewhere of allegedly discriminatory conduct which was never the subject of administrative complaints. Specifically, paragraph 24 contains an allegation that he was forced to retire on or about October 2, 1992.

This issue, as well as all of the others raised, is raised for the first time in district court cannot be heard. The Fifth Circuit has stated that "courts have no jurisdiction to consider Title

6

VII claims as to which the aggrieved party has not exhausted administrative remedies." *National Assoc. of Government Employees v. City Public Service*, 40 F.3d 698, 711 (5th Cir. 1994); *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) citing *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981). Accordingly, plaintiff's claim that he was forced to retire and all of the other claims that were not the subject of administrative proceedings must be dismissed.[3]

Plaintiff did initiate several administrative complaint of discrimination while employed by the Postal Service. However, he cannot proceed in court regarding the conduct that was the subject of these administrative complaints because, as described below, they were not properly exhausted.

1. <u>The First Administrative Claim Was Abandoned When Plaintiff Rejected An Offer Of Full Relief.</u>

In EEO case no. 3-U-1142-92, plaintiff alleged that he was harassed about being late and was issued a sick-leave restriction beginning on May 7, 1991. (Brown Dec., p. 4). By correspondence dated November 15, 1991, plaintiff was offered full relief which he refused. (Brown Ex. A). The offer consisted of, <u>inter alia</u>, rescission of the sick leave letter. *Id*. The letter had already been, in fact, rescinded as of May 20, 1991. (Brown Dec., p. 4). Accordingly, the Postal Service issued its final agency decision dated August 13, 1992 in which it canceled the administrative complaint because of plaintiff's refusal to accept the offer of full relief. On September 18, 1992, the EEOC informed plaintiff that the Postal Service was in

---

[3]To the extent that Emma Mendez Rodriguez attempts to bring Title VII or ADEA claims, they must be dismissed because she has never filed an administrative claim of discrimination with the Postal Service. (Brown Dec., p. 10).

compliance with the final agency decision. *Id.* The Fifth Circuit has held that where an employee has been offered full relief and refuses it, his lawsuit in United States district court should be dismissed for failure to exhaust administrative remedies. *Francis v. Brown*, 58 F.3d 191 (5th Cir. 1995). The Court reasoned that a claimant must act in good faith processing his complaint so that the administrative process has a chance to resolve the issue. He must accept the full relief when offered or abandon the claim. *Id.* Quoting the Second Circuit, the Court noted that "litigation is not a sport in which the hunter may release the trapped quarry for the thrill of further chase." *Id.* Clearly, plaintiff was offered full relief. The offer included rescission of the leave restriction letter. At the time of the alleged discriminatory act, May of 1991, only equitable relief was available to Title VII and ADEA plaintiffs. *Landgraf v. USI Film Prods.*, 968 F.2d 427, 421 (5th Cir. 1992), *affd.* __ U.S. __, 114 S.Ct. 1483 (1994). Hence, an offer to rescind the letter (and actually rescinding the letter) was an offer of full relief. By rejecting it, plaintiff abandoned his claim for all time. He cannot relitigate it here.

    2.    <u>The Second Administrative Claim Was Settled And Plaintiff Did Not Initiate a Breach of Settlement Claim.</u>

Plaintiff also initiated an administrative complaint of discrimination (3-U-1169-92) regarding a seven-day suspension issued on December 12, 1992. (Brown Dec., p. 5). The administrative action was settled in an agreement dated April 12, 1993 and, therefore, need not be relitigated here. (Brown Ex. B). In addition, any claim by plaintiff that the settlement agreement was breached may not be heard because plaintiff has not made an administrative claim of non-compliance as required by 29 C.F.R. §1614.504. Thus, he has failed to exhaust mandatory administrative remedies over a breach-of-settlement claim.

3.   <u>The Third Administrative Claim Was Late In Both The Administrative Proceedings and In District Court.</u>

Plaintiff also initiated an administrative complaint of discrimination (3-U-1244-92) regarding the instruction that he sign a log sheet when leaving postal premises. (Brown Dec., p. 6). The administrative complaint was rejected as untimely in a final agency decision dated March 17, 1992, which plaintiff received on April 6, 1992. (Brown Ex. C).

The basis of the rejection was that plaintiff failed to comply with 29 C.F.R. §1613.214(a)(ii) which required plaintiff to submit a written complaint within 15 calendar days after the date of receipt of the notice of the right to file a complaint. The March 17, 1992 final agency decision informed plaintiff that he had 90 days to file a civil action in United States district court to challenge the rejection of his administrative claim. (Brown Dec., p. 6). Plaintiff did not file his civil action until September 6, 1995, over three years later.

Plaintiff's claim regarding this issue should be dismissed both because it was not timely filed in the administrative proceedings and because it was not timely filed in district court. <u>Irwin v. Veterans Affairs</u>, 498 U.S. 89 (1990) (dismissing Title VII lawsuit when filed late in district court). "If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." <u>Barrow v. New Orleans S.S. Assn.</u>, 932 F.2d 473, 476-477 (5th Cir. 1991). <u>Wilson v. Secretary, Dept. of Veterans Affairs</u>, 65 F.3d 402, 403 (5th Cir. 1995). The administrative deadlines and the limitation period for filing in court are subject to equitable tolling. <u>Irwin</u>, <u>supra</u>.; <u>Wilson</u>, <u>supra</u>. However, it is plaintiff's burden to provide the justification for the application of equitable tolling, <u>Wilson</u>, 65 F.3d at 404 <u>citing Nowlin v.</u>

9

<u>Resolution Trust Corp.</u>, 33 F.3d 498, 503 (5th Cir. 1994); <u>Blumberg v. HCA Mgmt. Co.</u>, 848 F.2d 642, 644 (5th Cir. 1988), <u>cert. denied</u>, 488 U.S. 1007 (1989).

To date, plaintiff's pleadings do not address the untimely filing of his district court complaint or the preceding untimely administrative actions. If he fails to meet his burden sufficiently justifying his tardiness in response to this motion, defendant will be entitled to summary judgment on this claim.

### 4. The Fourth Administrative Claim Was Late In District Court.

In EEO case no. 3-U-1376-92, plaintiff claimed he was the victim of age, sex, and reprisal discrimination when he was issued a letter of proposed removal on April 16, 1992 for making statements of a threatening nature with implications of violence. (Brown Dec., p. 7). Plaintiff filed a parallel grievance pursuant to the terms of the collective-bargaining agreement in effect between his union and the Postal Service. At step 3 of the grievance-arbitration procedures, plaintiff was reinstated to his position with "full-back pay." <u>Id</u>.

Accordingly, a final agency decision was issued to plaintiff on September 14, 1992 rejecting his complaint of discrimination because he had received full-relief in the grievance arbitration procedures. Plaintiff appealed the final agency decision to the EEOC. In a decision dated December 22, 1992, the EEOC affirmed the decision of the Postal Service finding that plaintiff had received full relief in the grievance-arbitration procedures. <u>Id</u>. Plaintiff received the EEOC's decision on December 28, 1992. (EEOC Affidavit, Ex. 2). The EEOC decision informed plaintiff that he could file a request for reconsideration within 30 days of receiving it, at the latest.

Plaintiff took no action until he filed a request for reconsideration dated March 20, 1995, which is still pending before the EEOC. *Id*. Plaintiff and his wife filed the instant lawsuit on September 6, 1995. Plaintiff's request for reconsideration and his lawsuit are both untimely (by over two years) and should therefore be dismissed. See prior argument based on *Barrow*, *supra*., *Wilson*, *supra*., *et al*.

5. **The Fifth Administrative Claim Was Abandoned In The Administrative Proceedings.**

In case no. 3-U-1604-92, plaintiff claimed that he was the victim of age, sex, and reprisal discrimination when, on July 28, 1992 he was reinstated to his position, but given different duties. (Brown Dec., p. 8). Plaintiff did not appeal this administrative claim to the formal states of the EEO process as required by 29 C.F.R. §1614.105(b). *Id*. Because plaintiff did not exhaust mandatory administrative remedies, this claim must be dismissed. *Barrow*, *supra*. Plaintiff may attempt to argue that he was permitted to bypass the administrative proceedings because he is making an age discrimination claim under the ADEA. The ADEA does allow claimants to go straight to court if they notify the EEOC of their intention to do so within a specified time period. However, once a plaintiff initiates an administrative action in which he claims age discrimination, he is required to exhaust that remedy before resorting to court. *White v. Frank*, 895 F.2d 243 (5th Cir. 1990), *cert. denied* 490 U.S. 890 (1990) *affirming* 718 F.Supp. 592,595 (W.D. Tex. 1989) ("...an ADEA plaintiff may not choose to abandon his administrative claims once he starts down that track.").

### 6. The Sixth Administrative Claim Was Abandoned In The Administrative Proceedings.

In case no. 4-G-780-1194-95, plaintiff claimed he was the victim of age, sex, and reprisal discrimination because he was allegedly not paid all of the backpay due to him as a result of both the grievance-arbitration decision rendered on July 7, 1992 and the September 12, 1992 final agency decision affirmed by the EEOC in case no. 3-U-1376-92 over the same issue. (Brown Dec., p. 9). Again, for several reasons, plaintiff did not properly exhaust this issue and this court may not hear it now.

The proper procedure for seeking enforcement of a final decision affirmed by the EEOC is set out at 29 C.F.R. §1614.503 (formerly §1613.238). This regulation requires an employee who believes the decision was not properly implemented to petition the EEOC for enforcement. There is no evidence that plaintiff filed a petition for enforcement in case no. 3-U-1376-92 (Brown Dec., p. 9), therefore he has failed to exhaust mandatory administrative remedies.

Even if the March 20, 1995 request for reconsideration (which was untimely as argued above) that plaintiff filed in case no. 3-U-1376-92 can be considered a timely petition for enforcement, this claim must be dismissed because plaintiff abandoned the administrative procedures in case no. 4-G-780-1194-95, when he failed to file a formal complaint of discrimination as required by 29 C.F.R. §1614.105(b) and instead filed this lawsuit on September 6, 1995. Plaintiff may attempt to argue that he was permitted to bypass the administrative proceedings because he is making an age discrimination claim under the ADEA. For the reasons stated above, plaintiff is not permitted "to abandon his administrative claims

12

once he starts down that track." *White*, *supra.* Plaintiff's claim regarding the correct amount of backpay due under case no. 3-U-1376-92 must therefore be dismissed.

D.  **Plaintiff May Not Bring A Breach Of Contract Claim Against The Postal Service.**

Plaintiff alleges that he entered into a contract of employment upon being hired by the Postal Service in 1966. As a matter of law, federal employees are appointed and do not have individual contracts of employment. *Young v. United States*, 498 F.2d 1211, 1218 (5th Cir. 1974). Rather, they are appointed and may not bring claims for breach of an employment contract. *Id.* Furthermore, while plaintiff was covered by the terms of a collective-bargaining agreement while employed by the Postal Service, he lacks standing to bring suit for alleged violations of the agreement and his claim should be dismissed. *McNair v. United States Postal Service*, 768 F.2d 730, 735 (5th Cir. 1985); *Ross v. Runyon*, 858 F.Supp. 630, 634 (S.D. Tex. 1994).

E.  **Any Alleged Tort Claims Against Defendants Must Fail.**

To the extent that plaintiffs have attempted to plead tort allegations, the allegations must fail. An indisputable principle inherent in the American legal system is the concept the sovereign may not be sued without its specific consent. *United States vs. Sherwood*, 312 U.S. 584, 586 (1941). The passage of the FTCA constituted a waiver of the United States' immunity to tort suits.

In granting this waiver of sovereign immunity, Congress may define the exact condition of such waiver, and any waiver of immunity must be strictly construed by the courts. *United*

13

*States vs. Sherwood*, 312 U.S. at 587. One key condition that United States has imposed upon its consent under the FTCA is the requirement that a plaintiff present an administrative claim to the responsible federal agency prior to the initiation of suit. 28 U.S.C. 2675(a); See also *Cook vs. United States*, 978 F.2d 164 (5th Cir. 1992). The administrative claim is a written notice, demanding a sum certain, signed by the claimant or her legal representative and filed with the agency within two years of accrual. 28 U.S.C. §§ 2675(a), 2401(b). See also, *Montoya vs. United States*, 841 F.2d 102 (5th Cir. 1988). The purpose of the claim is to give the agency sufficient notice so that it may investigate any allegations of negligence. *Cook vs. United States*, 978 F.2d at 166.

More importantly, however, the filing of an administrative claim is a <u>jurisdictional requirement</u> to filing a suit under the FTCA. *Cook vs. United States*, 978 F.2d at 166, citing to *Transco Leasing Corp. vs. United States*, 896 F.2d 1435, 1441, amended on other grounds, 905 F.2d 61 (5th Cir. 1990) (emphasis added). In the case at bar, no administrative claim, in an shape, manner or form has been submitted. See defendants' Exhibit 3.

The filing of an administrative claim cannot be waived. *Gregory vs. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981). When it is shown that a plaintiff has not exhausted his administrative remedies, like in this case, the "district court is required to dismiss the suit." *Id.* at 204. Therefore, plaintiff's lawsuit should be dismissed for want of subject matter jurisdiction.

Finally, alleged negligence to be actionable must arise out of a duty which would be imposed on a private person under state law. Violation of a duty arising out of Federal law or duty is not actionable under the FTCA, *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995).

14

Here all actions taken by the Postal Service were taken under color of the Postal Reorganization Act, a Federal law; and therefore, plaintiff cannot state any claim under the FTCA. *Faneca*, 332 F.2d at 874.

III.

## CONCLUSION

Plaintiffs' lawsuit should be dismissed for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Furthermore, there is sufficient evidence to grant the defendants' motion for summary judgment.

Respectfully submitted,

GAYNELLE GRIFFIN JONES
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
P.O. Box 1671
Brownsville, Texas 78522
(210) 548-2554
State Bar No. 00800490

15