UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ  \*
                        \*
vs.                     \*   CIVIL ACTION NO. B-95-150
                        \*
UNITED STATES POSTAL    \*
SERVICE, ET AL.         \*

## FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

The United States, on behalf of the federal defendants named herein, oppose the plaintiff's motion for appointment of counsel.

The federal defendants state the following as a basis for their opposition.

1. The plaintiff is allowed to seek the appointment of counsel in Title VII cases. <u>Caston v. Sears Roebuck and Co.</u>, 556 F.2d 1305, 1308. See also, 42 U.S.C. §2000e-5(f)(1).

2. However, simply because Title VII permits the appointment of counsel does not mean that counsel will automatically be appointed. <u>Caston</u>, 556 F.2d at 1309; see also, <u>Gonzalez v. Carlin</u>, 907 F.2d 573, 579 (5th Cir. 1990).

3. The decision of whether to appoint counsel to a plaintiff seeking relief under Title VII is discretionary decision to be made by the district court. <u>Id</u>. In analyzing a plaintiff's request for appointment of counsel in a Title VII case, this Court should consider the following: (1) the plaintiff's financial ability to obtain counsel ; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the merits of the plaintiff's claims of discrimination. <u>Id</u>.

4. In the case at bar, plaintiff has produced evidence pertaining to only one of the prongs of analysis set forth by this Circuit (i.e. plaintiff has attached letters from four attorneys declining to represent him). Plaintiff has not produced any evidence showing his present financial condition; without such evidence, this Court will be unable to determine whether plaintiff can afford to hire his own attorney.

5. Finally, with regard to the third prong of analysis requiring a review of the merits of plaintiff's discrimination claim, this Court currently has before it a motion challenging this Court's jurisdiction over this matter. The federal defendants motion sets out a number of serious defects and problems with the plaintiff's case that cannot be cured by amendment of pleadings or the appointment of counsel. As such, until such time as the jurisdictional issues raised in the federal defendants motion to dismiss are resolved it will be difficult, if not impossible, to determine the merits of plaintiff's claims.

WHEREFORE, PREMISES CONSIDERED, defendants pray that this Court deny plaintiff's motion for appointment of counsel.

RESPECTFULLY SUBMITTED

GAYNELLE GRIFFIN JONES
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant U. S. Attorney
P.O. Box 1671
Brownsville, Texas  78522
(210) 548-2554
TX Bar No.  00800490

## CERTIFICATE OF SERVICE

I certify that on <u>June 7, 1996</u>, I mailed the Federal Defendants Response in Opposition to Plaintiff's Motion for Appointment of Counsel, via First Class Mail to:

    Francisco R. Rodriguez
    Pro Se
    719 Citrus Terrace
    Harlingen, Texas   78550

_____June 7, 1996_____          _____
DATE                                 NANCY L. MASSO
                                     Assistant U. S. Attorney