United States District Court
Southern District of Texas
FILED

JUN 25 1996

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ §
    Plaintiff, § CIVIL ACTION No. B-95-150
 §
vs. §
 §
 §
UNITED STATES POSTAL SERVICE, ET AL §
    Defendants. §

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL**

TO THE HONORABLE JUDGE OF SAID COURT:

Francisco R. Rodriguez, Plaintiff herein, files this his memorandum in support for the appointment of counsel, and would show unto the Court as follows:

I.

Facts Which Are Not In Dispute

1. Francisco R. Rodriguez was employed by the United States Postal Service from April 1966 until he retired on October 2, 1992. (Plaintiffs' Original Petition, Pages 5 and 9).

2. Plaintiff had been so employed without incident until November 26, 1991, when he filed a (CA-2) Workers' Compensation Claim. (See: Plaintiff's Exhibit 10).

3. On December 12, 1991, Plaintiff received a 7-day suspension letter from Defendant Cortez, dated December 11, 1991 authored by Defendant Rocha, allegedly for failure to follow instructions. (See: Plaintiff's Exhibit 11).

4. By letter dated March 20, 1992, from Defendant Hernandez, Plaintiff was placed on emergency suspension. No reason was given for the suspension. (See: Plaintiff's Exhibit 12).

-1-

5. By letter dated April 10, 1992, Defendant Cortez issued Plaintiff a notice of proposed removal, allegedly for making statements of a threatening nature with implications of violence. (See: Plaintiff's Exhibit 13).

6. By step 3D decision dated July 9, 1992, Plaintiff was returned to duty with full back pay. (See: Plaintiff's Exhibit 14).

7. By letter dated July 22, 1992, from Defendant Bazaldua, Plaintiff received instructions to return to duty. (See: Plaintiff's Exhibit 15).

II.

**ARGUMENTS**

A.   <u>Plaintiff's Health And Welfare Affected By Adverse Working Conditions</u>

Plaintiff articulated brief descriptive elements of a continuous practice of intimidation, hostile and abusive work environment by Defendants interfering in Plaintiffs' daily duties creating an uncomfortable working condition. (Plaintiff's Original Petition Pages 6, 7, 8, and 9).

On November 26,1991, Plaintiff suffered an occupational disease requiring immediate medical attention. (See : Plaintiff's Exhibits "A", "B" and "C").

On March 19, 1994, Plaintiff suffered a recurrence of the November 26, 1991 occupational disease. (See: Plaintiff's Exhibits "D" and "E").

-2-

B.     **Employment Discrimination With Agenda To Fire Plaintiff**

Defendants Martinez and Rocha early-on established a concerted effort to force Plaintiff to quit or be removed from the Postal Service. Defendant Rocha was the author of the 7-day suspension issued by Defendant Cortez. Defendants Martinez and Rocha fabricated a letter of warning dated April 29, 1988, (See: Page 2 of local grievance No. 88-0512-D step 2, meeting dated June 3, 1988, "I Mary Martinez, was a witness to this series of events", Plaintiff's Exhibit 16). The letter of warning was cited by Defendants Rocha and Cortez on Plaintiff's 7-day suspension as an element of adverse past record, was in violation of Article 16 Section 10, of Plaintiff's working agreement. (See: Plaintiff's Exhibit 17). Subsequently, Defendant Hernandez issued Plaintiff an emergency suspension without a reason given for the suspension. Thereafter, the unadjudicated 7-day suspension was cited by Defendant Cortez as an element of adverse past record on Plaintiff's letter of proposed removal. The actions of Defendants which constructively terminated Plaintiff by accusing him allegedly with failure to follow direct orders and making statements of a threatening nature with implications of violence were false, wrongful, willful and malicious.

C.     **Defendants Interfered With Plaintiff's Protected Property Interests**

Defendants, and each of them, knew that Plaintiff was relying on his compensation from employment with the Defendants. Nevertheless Defendants interfered with Plaintiff's protected property interests.

1.    Plaintiff's life insurance policy No. 01-00C77519 is at risk. (See; Plaintiff's Exhibit "F").

2.    Plaintiff's life insurance policy No. 0334070 is at risk (See: Plaintiff's Exhibit "G").

3.    Plaintiff's homeowners insurance policy is at risk. (See: Plaintiff's Exhibit "H"

4.    Plaintiff's automobile insurance policy is at risk. (See: Plaintiff's Exhibit "I".

5.    Plaintiff's real estate property "A" sold on a second lien at a loss. (See: Plaintiff's Exhibit "J").

6.    Plaintiff's real estate property "B" sold on second lien at a loss. (See: Plaintiff's Exhibit "K").

7.    Plaintiff's homestead property taxes are delinquent. (See: Plaintiff's Exhibits "L" and "M").

At all times material hereto, and in doing the things alleged herein, Defendants knew that Plaintiff was relying on his compensation from his employment with Defendants. Defendants, and each of them, intentionally and willfully interfered with such protected property interests of Plaintiff acts and omissions, hereinabove, taken separately or collectively, constitute a direct and proximate cause of the financial losses and damages suffered by Plaintiff.

-5-

## Defendants Withheld Back Pay Entitlements From Plaintiff

1.   Defendants withheld 40 hours beck pay. (See: Plaintiff's Exhibit "1").

2.   Defendants withheld 40 hours of annual leave. (See; Plaintiff'd Exhibit "2").

3.   Defendants withheld 40 hours back pay. (See: Plaintiff's Exhibit "3").4. Defendants are still withholding an estimated amount of $9,900.00, in higher level-6 pay and overtime entitlements for the period of the unwarranted and unjustified actions. See: Chapter 4, Part 436.1, of Defendants Employee Labor Relations manual.

Each and every one of the acts and omissions, taken separately or collectively constitute a direct and proximate cause of the financial losses and damages suffered by Plaintiff.

Again for the reasons set forth hereinabove Plaintiff's motion for the appointment of counsel must prevail.

E.        Plaintiff's Immediate And Long Term Liabilities

1.   Life insurance policy No. 01-00C77519) loan interest $156.49 now due. (See: Plaintiff's Exhibit "F").

2.   Life insurance Policy No. 01334070 premium of $320.14 and $227.42 loan interest now due. (See: Plaintiff's Exhibit "G").

3.   Homeowners Insurance of $818.00 now due. (See: Plaintiff's Exhibit "H").

4.   Auto insurance policy premium of $568.00 now due. (See: Plaintiff's Exhibit "I").

5. Property taxes $221.18 and $893.58 now past cue. (See: Plaintiff's Exhibits "L" and "M").

6. Real estate property $761.34 mortgage payment now due. (See: Plaintiff's Exhibit "N").

7. Automobiles $250.00 note payments due. (See: Plaintiff's Exhibit "O").

8. Auto Motoring plan $37.95 dues past due. (See: Plaintiff's Exhibit "P").

9. Montgomery Ward $58.00 past due payment due. (See: PLaintiff's Exhibit "Q").

10. Montgomery Ward $13.00 payment past due. (See: Plaintiff's Exhibit "R").

11. Sears Roebuck $91.00 past due payment now due. (See: Plaintiff's Exhibit "S"). Estimated Immediate And Long Term Liabilities. $17,326.00.

F.                                <u>Utilities</u>

1. Central Power and Light $136.80. (See: Plaintiff's Exhibit "T").

2. Southwestern Bell Telephone $62.16. (See: Plaintiff's Exhibit "U". (See: Plaintiff's Exhibit "U").

3. City water works $55.49. (See: Plaintiff's Exhibit "V").

Estimated Annual Utility Expenses $2,900.00.

Total Estimated Annul Immediate And Long Term Liabilities And Utilities $17,326 And Estimated Annual Utilities $2,900.00 For Grand Total Of $20,226.00.

-6-

## Plaintiff's Annual Gross Income

1. Social Security Benefits $6,144.00. (See: Plaintiff's Exhibit "W").

2. Retirement Annuity $14,958.00. (See: Plaintiff's Exhibit "X").

3. Real estate Property "A" $9,092.00. (See: Plaintiff's Exhibit "J").

4. Real estate Property "B" $6,007.00. (See: Plaintiff's Exhibit "K").

Total Estimated Gross Annual Income $36,201.00.

## PRAYER

WHEREFORE, PREMISES CONSIDERED Plaintiff prays for the appointment of counsel.

Respectfully submitted,

FRANCISCO R. RODRIGUEZ

Pro Se

719 Citrus Terrace

Harlingen, Texas 78550

(210) 423-8632

-7-

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion for the Appointment of Counsel was mailed via certified mail, return receipt requested to the following:

NANCY L MASSO

Assistant United States Attorney

P.O. Box 1671

Brownsville, Texas 75522

on this the _____ day of _____, 1996.

FRANCISCO R. RODRIGUEZ

Pro Se

719 Citrus Terrace

Harlingen, Texas 78550

(210) 423-8632