UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
JUL 0 9 1996
Michael N. Milby, Clerk
By Deputy:

United States District Court
Southern District of Texas
FILED
JUL 0 3 1996
Michael N. Milby, Clerk

35

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# - BROWNSVILLE DIVISION -

| | |
|---|---|
| FRANCISCO R. RODRIGUEZ AND EMMA MENDEZ RODRIGUEZ, Plaintiff, vs. UNITED STATES POSTAL SERVICE, ET AL Defendants. | § § § § § § § § § § | CIVIL CAUSE No. B-95-150 |

## ORDER

Before the Court is Plaintiffs' Motion Requesting Appointed Counsel which was filed on January 18, 1996. On June 7, 1996, Defendants filed a response opposing this Motion. On June 25, 1996, Plaintiffs filed their Memorandum in Support of Plaintiffs' Motion for Appointment of Counsel.

## DISCUSSION

Section 706(f) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1), empowers district courts to appoint an attorney to represent a plaintiff without charge "in such circumstances as the court may deem just." There is no automatic right to the appointment of counsel. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977); *See also, Gonzalez v. Carlin*, 907 F.2d 573 (5th Cir. 1990); *Neal v. IAM Local Lodge 2386*, 722 F.2d 247 (5th Cir. 1984).

The decision whether to appoint counsel rests within the sound discretion of the trial court. *Caston* 556 F.2d at 1308. *Caston* instructs district courts in this circuit to evaluate applications for appointment of counsel under § 706 in light of three general considerations.

The *Caston* factors are:

(1) the merits of the complainant's claims of discrimination,

(2) the efforts taken by the complainant to obtain counsel on his or her own, and

(3) a complainant's financial ability to retain counsel.

*Caston* cautions that no single factor is conclusive, and those given "are merely suggestive rather than exhaustive." *Id.* at 1308. Other jurisdictions have identified, as a fourth factor, the plaintiff's capacity to prepare and present the case without the aid of counsel. *Poindexter v. F.B.I.*, 737 F.2d 1173, 1185 (D.C.Cir. 1984); *Jenkins v. Chemical Bank*, 721 F.2d 876, 880 (2d Cir. 1983). These four factors have been considered in determining whether to appoint counsel for the Rodriguezs in their Title VII action.

Financial Ability to Afford Counsel

A litigant need not be destitute to qualify for appointed counsel under this section. *Jenkins*, 721 F.2d at 880; *Caston* 556 F.2d at 1309. The court examines the plaintiff's ability to hire counsel and still meet his or her daily expenses. *Luna v. International Ass'n of Machinists & Aerospace Workers Local # 36*, 614 F.2d 529, 531 (5th Cir. 1980). In their Memorandum in Support for Appointment of Counsel, the Rodriguezs have identified their estimated total annual expenses to be $20,226. Memorandum in Support of Plaintiffs' Motion for Appointment of Counsel, p.6. The Rodriguezs have identified their total gross

annual income to be $36,201. Id. at 7. This Court finds that the Rodriguezs are "in no worse financial straits than many litigants who seek an attorney to take their case, perhaps under a contingency or other modified payment basis." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1980).

Efforts to Secure Counsel

Although not required to "exhaust the legal directory," *Caston*, 556 F.2d at 1309, plaintiffs must demonstrate that they have made a "reasonably diligent effort under the circumstances to obtain counsel," *Bradshaw*, 662 F.2d at 1319. Factors to be considered include the number of attorneys contacted, the availability of counsel in the geographical area who represent employment discrimination claimants, and the plaintiffs possible skill or lack of skill at obtaining such help. *Jenkins*, 721 F.2d at 880.

The Rodriguezs have produced letters from three attorneys and the Texas Rural Legal Aid ("TRLA"). All have declined to represent them in this matter. Plaintiffs' Motion in Opposition to Dismiss and Oppose Move for Summary Judgment, Exhibits 5, 7, 8, 9. TRLA's letter states, "[b]ased upon the income information you have provided, it appears that your income is higher than the level necessary to qualify for our representation; and we therefore must deny your application for representation." *Id.* at Exhibit 8. The attorney's letters declining to take the Rodriguezs' case do not discuss contingency fee or payment schedule alternatives. *Id.* at Exhibits 5, 7 and 9.

Evaluation of the Merits

Although the EEOC's administrative finding is a "highly probative" factor to be considered it is not dispositive. *Caston*, 556 F.2d at 1309. Unless the complaint is legally insufficient for failure to state a claim, a court ordinarily should review the investigative file and allow the pro se plaintiff an opportunity to rebut the EEOC's conclusions.

Ability to Present Case Without Counsel

Finally, in determining the litigant's ability to present his or her case without the aid of counsel, the court should look to the complexity of the legal issues and plaintiff's ability to gather and present crucial facts. *Jenkins*, 721 F.2d at 880. The file before us displays the Rodriguezs' ability to collect and submit the facts pertinent to their claims. The Rodriguezs' pleadings are quite sophisticated. They demonstrate a familiarity with the Federal Rules of Civil Procedure and Local Rules.

After a review of the entire file, this Court finds that the Rodriguezs are financially capable of retaining counsel. Although many attorneys work for contingency fees, it is common practice to hire an attorney on an hourly basis. The Rodriguezs have also shown their ability to collect and submit the facts pertinent to their claims.

Based upon the above, Plaintiffs' Motion for Appointment of Counsel is **DENIED**.

DONE on this the 3rd day of July, 1996 at Brownsville, Texas.

JOHN WM. BLACK
United States Magistrate Judge