UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO R. RODRIGUEZ, | * | |
|     Plaintiff, | * | |
| vs. | * | CIVIL ACTION Nº. B-95-150 |
| | * | |
| UNITED STATES POSTAL SERVICE, | * | |
| ET AL | * | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S SECOND MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT IN RESPONSE TO PLAINTIFF'S THIRD AMENDMENT TO ORIGINAL PETITION AND PLEADINGS

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, on behalf of the federal defendants herein, by and through Gaynelle Griffin Jones, United States Attorney for the Southern District of Texas, files this its response to Plaintiff's[1] Third Amendment to Original Petition and Pleadings (hereinafter "third amendment").

The third amendment has not cured the jurisdiction defects in plaintiff's original complaint. Therefore, in filing this response, the United States renews its February 20, 1996, "Federal Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment". As such defendants will reference this motion as its "original motion" and incorporate it by reference herein.

Once again, plaintiff has raised claims that cannot be brought by federal employees in the employment context, and he has raised claims that still require an exhaustion of mandatory administrative remedies. In this memorandum, the United States addresses the new causes of

---

[1] Emma Mendez Rodriguez' name does not appear in the third amendment and Francisco R. Rodriguez refers to a singular "plaintiff". Consequently, defendants assume that Ms. Rodriguez is no longer a party to this action. If she is, her claims should be dismissed for substantially the same reasons as Mr. Rodriguez.

action that plaintiff has plead; in doing so, the United States hopes to clarify the old and new issues raised in plaintiff's pleading.

1. **Plaintiff Lacks Standing to Prosecute Federal Crimes**.

In the putative jurisdictional statement of the third amendment (page two), plaintiff alleges a cause of action under 18 U.S.C. §1709, a section of the United States criminal code dealing with theft of mail by postal employees. It is self evident that plaintiff lacks standing to prosecute the criminal actions and that there is no civil cause of action under the cited provision.

2. **This Court Lack Jurisdiction To Hear Claims Pertaining To The "Wrongful Discharge" Cited In Plaintiff's First Cause of Action.**

In the section of the third amendment entitled "First Cause of Action-Wrongful Discharge", plaintiff alleges that the conduct of the Postal Service and its employees regarding his discharge from the Postal Service, his subsequent reinstatement pursuant to a settlement agreement, and his retirement on October 2, 1992 violated 42 U.S.C. §1983. He further states that a grievance was filed over these events and that he was reinstated pursuant to a grievance-arbitration settlement.

Plaintiff's reliance on 42 U.S.C. §1983 in the context of this scenario is misplaced. This Court lacks jurisdiction to hear claims brought under 42 U.S.C. §1983 against the Postal Service and other federal defendants. Title VII is the exclusive remedy for employment discrimination in the federal sector. Rowe v. Sullivan, 967 F.2d 186, 189 (5th Cir. 1992) (citations omitted). The Fifth Circuit has specifically found that it precludes Section 1983 claims over the same issues. Id. Moreover, even outside the employment context, Section 1983 claims do not cover federal entities and employees. Inmates of MDC Guaynabo v. Franco, 896 F.Supp. 248, 250 (D. Puerto Rico 1995).

2

Plaintiff also alleges that the defendants' conduct violated his constitutional rights and was in retaliation for filing a worker's compensation claim. While such claims are arguably distinct from Title VII or age discrimination claims over the same conduct, they are similarly barred. Federal employees are precluded from bringing claims against the government and federal defendants when the claims arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States. Ross v. Runyon, 858 F.Supp. 630, 634 (S.D. Tex. 1994), citing, United States v. Fausto, 484 U.S. 412, 425-29, 108 S.Ct. 668, 667 (1988) and Bush v. Lucas, 462 U.S. 367, 368, 381-391 (1983).

In the case at bar, the grievance procedures provided in the applicable collective-bargaining agreement are the comprehensive procedures which preclude the plaintiff's claim. The Courts have found that these procedures have a preclusive effect on claims brought by federal employees for alleged misdeeds suffered during their employment with the federal government. Id.; Zuspann v. Brown, 60 F.3d 1156, 1160 (5th Cir. 1995); Pipkin v. United States Postal Service, et al, 95 F.2d 272, 275 (10th Cir. 1991); Pereira v. United States Postal Service, Et Al, 964 F.2d 873 (9th Cir. 1992); EURE v. USPS and Carlisle, 711 F.Supp. 1365, 1371 (S.D. Miss. 1989). The circumstances surrounding plaintiff's discharge in 1991 and his subsequent reinstatement were actually the subject of a grievance which resulted in his being reinstated and paid back pay. See plaintiff's third amendment, pg. 14. The circumstances surrounding his retirement in 1992 were or could have been the subject of a grievance. There is no record of a grievance. Consequently, there is no jurisdiction for this Court to review the

allegations plaintiff has raised in his "First Cause of Action" as they were all subject to a comprehensive remedial scheme.

3.  **This Court Lacks Jurisdiction To Hear Claims Pertaining**

In the "Second Cause of Action", plaintiff raises claims of "Emotional Distress and Anxiety". The Federal Employees Compensation Act (FECA) is a workmens' compensation statute which provides recovery to federal employees injured in the performance of their duties. Pursuant to 5 U.S.C. §8128, the remedy under FECA is exclusive. Bailey v. United States, 451 F.2d 963, 965 (5th Cir. 1971). The Secretary of Labor is vested with the power to administer and decide all questions arising under the FECA. His denial or granting of benefits under the statute are final and may not be review by a court of law. Id.; 5 U.S.C. §8128(b)(1-2) and (8145). Further, a federal employee may not bring a tort action until after he seeks and has been denied relief by the Secretary of Labor. Avasthi v. United States, 608 F.2d 1059, 1060 (5th Cir. 1979). Plaintiff's claims of emotional distress and anxiety are precluded because he has not shown that he presented these claims to the Secretary of Labor. Therefore, this action should be dismissed.

4.  **This Court Lacks Jurisdiction to Hear Claims Pertaining To "The Defamation of Character" Cited As Plaintiff's Third Cause of Action.**

Likewise, plaintiff's alleged cause of action for "Defamation of Character" should be dismissed for lack of subject matter jurisdiction. As stated earlier, plaintiff should exhaust whatever remedies he may have available to him under the FECA. Id. If his relief is denied by the Secretary of Labor, then he should exhaust his administrative remedies under the Federal Tort Claims Act. 28 U.S.C. §2675; see also, defendants' original motion. Until these administrative prerequisites are satisfied, this action should be dismissed.

5.  **The Employment Discrimination Claims Against The Postmaster General Were Filed Outside Of The Limitation Period.**

In the original motion, defendants cited authority for the proposition that Title VII and ADEA are plaintiff's exclusive remedy for claims of discrimination while he was employed by the Postal Service. Those statutes require federal employees to file suit for which they have exhausted mandatory administrative remedies within ninety (90) days of receiving a right-to-sue letter from the Postal Service or the Equal Employment Opportunity Commission (EEOC).

On page thirteen of his third amended petition, plaintiff asserts that the discrimination claims he wishes to litigate were covered by administrative complaint no. 3-U-1376-92. As stated in the original motion, that administrative complaint concerned the issuance of a notice of proposed removal to the plaintiff on April 16, 1992. In a decision dated December 22, 1992, the EEOC affirmed the findings of the Postal Service that plaintiff receive full relief for the alleged discrimination, dismissed his administrative complaint, and informed him of his right to proceed in United States District Court or seek reconsideration from the EEOC. As evidenced by the affidavit of the EEOC and the attached domestic return receipt, plaintiff received its decision on December 28, 1992.

Plaintiff then had thirty (30) days to seek reconsideration or ninety (90) days to file suit in United States District Court. Plaintiff failed to do either; therefore, he is no precluded from raising issues regarding his proposed removal from the Postal Service. Moreover, plaintiff cannot raise any issue of discrimination in this lawsuit because he cannot show that he received a right to sue letter on any issue in the ninety (90) days preceding the initiation of the instant lawsuit on September 9, 1995.

## CONCLUSION

Plaintiff's third amendment and his lawsuit in his entirety should be dismissed for want of subject matter jurisdiction and failure to state a claim for which relief can be granted. Furthermore, there is sufficient evidence to grant the defendants' first and second motion for summary judgment.

Respectfully submitted,

GAYNELLE GRIFFIN JONES
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
P.O. Box 1671
Brownsville, Texas 78521
(210) 548-2554
State Bar No. 00800490

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of Defendant's Second Motion to Dismiss, or in the Alternative, Motion for Summary Judgment in Response to Plaintiff's Third Amendment to Original Petition and Pleadings was mailed via certified mail, return-receipt requested to the following:

Francisco R. Rodriguez
Pro Se
719 Citrus Terrace
Harlingen, TX 78550

on this the 24th day of October, 1996.

NANCY L. MASSO
Assistant United States Attorney