United States District Court
Southern District of Texas
FILED

JAN 27 1997

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FRANCISCO R RODRIGUEZ ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION No. B-95-150 |
| ) | |
| UNITED STATES POSTAL SERVICE ) | |
| ET AL.     Defendants, ) | |

PLAINTIFF'S SUPPLEMENT TO ARGUMENTS UNDER PARAGRAPH IV
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS
MEMORANDUMS

Plaintiff would show the Court that Defendant-by attacking the various claims and grievances of Plaintiff individually-fails to address the cumulative effect of all of the injustice, harm and even illegal acts being imposed on Plaintiff by the individual defendants. Plaintiff notes that they challenge some of the claims/grievances as being under the prior Civil Rights Act of 1991, but attack proceedings after the 1991 Civil Rights Act, under different statutes, as may suit their purpose, which is to prevent Plaintiff from being made whole. Plaintiff says the harassment and interference and intimidation was continuous and insidious, although being classed under sex, age and reprisal discrimination.



Plaintiff attempts to refute a number of improper applications of the cases cited in Defendant's Motions and Memoranda:

1. The EEOC has made no finding that any of Plaintiff's claims/grievances were untimely filed.

2. Plaintiff would refer to his attached Appendix where by the EEOC granted his request to reconsider on September 13 1996, in USPS #3-U-1376-92, which Defendant has chosen to ignore in its motions.

3. Plaintiff would show that <u>Barrow v. New Orleans S.S. Assn.</u>, 932 F.2d 473 (5th Cir. 1991), is not applicable to our case because it is a pre-1991 Civil Rights Act amendment

1

(using Title VII rationale), and because it was not a pure age discrimination case, but the defendants adopting an allegedly discriminatory seniority system, with the Fifth Circuit basing its decision on the date the new system was adopted for the running of the time limitations. The Fifth Circuit cited Blumberg v. HCA Mangm't., 848 F.2d 642 (5th Cir. 1988) for 3 possible bases for equitable tolling of the limitations, but appeared to leave room for additional bases, by addressing additional bases for equitable tolling raised by Barrow. We do not believe Plaintiff has to rely on equitable tolling, but in the event that should be required, are prepared to show deception/misleading by the agency/EEOC about Plaintiffs rights. Plaintiff also notes in the retaliation section of Barrow, that the Fifth Circuit admits that District Courts have "ancillary jurisdiction" to hear claims of retaliation that may not have been filed with EEOC, "when it grows out of an administrative charge that is properly before the Court," (emphasis by 5th Cir.), 932 F.2d at 479. The Fifth Circuit, noting that Barrow's ADEA claim was untimely and the other was not included in his charge to the EEOC, there was nothing to attach the retaliation charge and retaliation should have been dismissed. In Barrow, the Court admitted that the dismissal order should be modified to allow for a subsequent retaliation charge, noting in the footnote that Barrow did subsequently file a retaliation charge, but it was not before the court on that appeal. Plaintiff would show that all of his claims and grievances have been reprisal/retaliation claims, to the agency and the EEOC, and he normally would have no problem, but points out the ancillary jurisdiction to show this Court that any remaining claim/grievance that is not dismissed, will allow his retaliation charges to come in and should be heard.

4. When a layman, acting pro se, files his complaint in district court, but if timely filed, it should be considered timely within the statutory period, even though it may be devoid of some of the essential elements as a complaint; McClellon V. Lone Star Gas Co., 66 F.3d 98 (5th Cir. 1995).

5. Plaintiff would distinguish Wilson v. Secy. Dept. of Vet. Affairs, 65 F.3d 402 (5th Cir. 1995), from our case because in Wilson there was an attorney, and a letter was at-

2

tempted rather than the EEOC appeal form (Form 573) at first followed by the attorney using Form 573 later. In that case the EEOC rejected the appeal as untimely--there have been no such EEOC actions in our case. Wilson cites Chappell for the 3 bases for equitable tolling of the limitations, but notes that Chappell did not hold that the 3 bases were exclusive, and Wilson cites Blumberg and holds that other bases may not be fatal. Wilson includes an FTCA claim but is not discussed in the opinion.

6. In the 2 Landgraf cases cited by Defendant, Landgraf V. USI Film Prod., 968 F.2d 427 (5th Cir. 1992), with cert. granted, Landgraf v. USI Film Prod., 114 S.Ct. 1483 (1994); the Fifth Circuit enunciated an important doctrine of applying the pre-1991 and post-1991 Civil Rights Act, but under our concept of continuous and cumulative misconduct, Plaintiff claims that he is entitled to protections and remedies under both pre-1991 and post-1991 acts, see above, where the Fifth Circuit indicated that only equitable relief was available under Title VII (pre-1991), but after the 1991 amendment a plaintiff federal-employee's remedies will no longer be limited to equitable relief (broader relief including legal remedies). Note that Landgraf involved constructive discharge and retaliation claims, as in our case. The Supreme Court did not disturb the Fifth Circuit's reasoning in its decision, however it did focus on retroactive application of the 1991 amendment, which Plaintiff would show does not apply because of the continuous and cumulative misconduct of the USPS and individual defendants.

7. Plaintiff would use Nowlin v. Resolution Trust Corp. 33 F.3d 498 (5th Cir. 1994), to show that a prima facie case for retaliation existed there and in our case: 1) engaging in a protected activity; 2) adverse employment action on the protected activity; and 3) a causal link existing between the adverse employment action and the employee engaged in a protected activity. Plaintiff was engaged in a protected activity in his position with USPS; unjustified but adverse employment actions were taken against Plaintiff by Defendants, as shown by the accusations in Plaintiff's claims/grievances against Defendants; and the causal link was the continuous efforts and attempts by the individual defendants to remove

3

Plaintiff from his position with the USPS at Harlingen Post Office. Plaintiff would distinguish a lot of the Nowlin/RTC case from our case because of issues as to identify of the true employer being non-applicable. Plaintiff would urge the Court to review his exhibits, summarized in his Appendix, in the most favorable light in favor of non-movant of the motion for summary judgment.

8. Plaintiff would show the Court that he did not fully reject the administrative relief in most of the claims/grievances which are before the Court. Plaintiff would show that he did not act as Francis in Francis v. Brown, 58 F.3d 191 (5th Cir. 1995), who rejected the offer of the employing agency without giving any reason. Plaintiff would show that his conduct has been consistent throughout the continuous and cumulative claims/grievances before the administrative agencies, and by his attached Appendix would also show that he did not fully reject the proposed relief, as well as providing explanations for his actions at all times. Plaintiff would note from Francis, that the District court should make a de novo review of whether any or all offers constituted full relief. Defendants would deny Plaintiff that de novo relief. Plaintiff would also show this is a genuine issue of material fact that is disputed by the parties

9. Plaintiff believes that Zuspann v. Brown, 60 F.3d 1158 (5th Cir. 1995), leaves room for his action against Defendants on constitutional grounds, citing Bivens v. 6 Unknown Agents of Fed. Bur. of Narc., 91 S.Ct. 1999 (1971), establishing constitutional support for private causes of action against federal officials for constitutional torts, albeit very narrow, and requiring "special factors counseling hesitation in the absence of affirmative action by Congress," no statutory prohibition against the relief sought, and no exclusive statutory remedy; with Zuspann stating the Supreme Court has been reluctant to extend any Bivens remedies to new contexts. The basic determination is whether an existing remedial scheme has been created to safeguard the constitutional rights of the claimant. Plaintiff would admit that the major deterrent is difficulty is showing no exclusive

4

statutory remedy, however, the fact that none of the remedies in the administrative agencies or the FTCA seem to address the nature of the continuous or cumulative impact on Plaintiff and are constitutional violations his rights to due process, and pursuit of property interests under the collective bargaining agreement.

10. Plaintiff believes that he has provided the prerequisites for his FTCA claims, by having properly filed his administrative claims and had them exhausted, except for the EEOC claim under which he had his request to reconsider granted on September 13, 1996, as delineated in Ross v. Runyon, 858 F.Supp. 630 (S.D.Tx. 1994), a postal service employee's claim against the USPS. In Ross, that employee had never filed a valid administrative claim, only sending a letter in conclusory terms naming individual defendants in his claims. Plaintiff has complied with the rules and filed numerous valid administrative claims, that have been acted upon, except one, as delineated in his attached Appendix. Plaintiff notes that Ross says that the FTCA contains a waiver of sovereign immunity as a jurisdictional bar, and allows limited claims to be asserted, one of which is the commission of wrongful acts or omission of an employee of the government while acting within the scope of his office or employment. Plaintiff admits that he did not bring his action before CSRA or FECA, but claims that because individual defendants' actions were illegal, and maybe even criminal, he does not have to take them or the USPS before those administrative agencies. Also, under Texas state law on official immunity, defendants' bad faith misconduct prevents them from being sheltered by the immunity. Plaintiff questions why Ross does not mention the 1991 amendment to the Civil Rights Act in discussing Ross' Title VII claims, and claims that he should be allowed to follow the 1991 amendment as far as jurisdictional prerequisites for federal subject matter jurisdiction is concerned, noting Pacheco v. Rice, 966 F.2d 904 (5th Cir. 1992) also is a USPS employee case. Plaintiff also notes that Ross refers to a "continuing violation" theory as a means of side-stepping the problems with non-compliance.

5

. . . Under that theory, where the unlawful employment practice manifests itself over time, rather than a series of discrete acts, the violation may be found to be a continuing one that 'relieves a plaintiff who makes such a claim from the burden of proving that the entire violation occurred within the actionable period.' . . .

Plaintiff must establish that the violation was part of a continuously maintained illegal employment practice, and must show that part of the continuing violation was within the permissible time frame.   Ross involved a collective bargaining agreement which does say that a plaintiff is bound by the terms of the agreement regarding claims/grievances, which plaintiff has observed and followed, noting however, that Ross says that there are exceptions, and plaintiff says that because of the continuing violation, and the intentional and willful and illegal acts of defendants, that falls within the exceptions.

## PRAYER

Plaintiff prays for relief commensurate for the above pleadings and any other or further relief as this court may deem proper.

Respectfully submitted,

as per *Francisco R. Rodriguez*
EC
Francisco R. Rodriguez
Pro Se
719 Citrus Terrace
Harlingen, Texas 78550
(210) 423-8632

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing supplement was sent by fax or certified mail to the following:

Nancy L. Masso
Assistant United States Attorney
P.O. Box 1671
Brownsville, Texas 78522

on this the 22nd day of January, 1997.

as per *Francisco R. Rodriguez*
E.C.
Francisco R. Rodriguez
Pro Se
719 Citrus Terrace
Harlingen, Texas 78550
(210)423-8632

7