51

United States District Court
Southern District of Texas
FILED

FEB 21 1997

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ )
Plaintiff )
VS. ) CASE NO.B-95-150
UNITED STATES POSTAL SERVICE )
ET AL )
Defendants )

**SUPPLEMENTAL RESPONSE TO ADDITIONAL DOCUMENTS PROVIDED BY DEFENDANT AFTER PLAINTIFF'S FIRST RESPONSE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FRANCISCO R.RODRIGUEZ, Plaintiff in the above referenced cause, and for his additional supplement to defendant's additional documents, would respectfully show the Court as follows:

I. - DEFENDANT'S OBJECTION THAT PLAINTIFF LACKS STANDING TO COMPLAIN ABOUT DEFENDANTS INTERFERRING WITH PLAINTIFF'S RECEIVING MAIL.



Plaintiff believes that defendants objection is misplaced on the basis of defendant miscontruing plaintiff's complaint. Plaintiff would show the Court that defendants both illegally and tortiously interfered with him receiving his mail. This means that plaintiff is claiming that he has been the victim of both civil and criminal misconduct. While he agrees that he lacks standing on the prosecution of criminal offenses, he would show that criminal behavior is outside the exceptions of the Federal Tort Claims Act. Also Plaintiff would show that Defendants, as tortfeasors, in his claim of tortious interference with his mail, are hardly in any position to attempt to use a procedural maneuver to prevent the

plaintiff from asserting his claim.

II.

Not only would plaintiff complain of defendants objection against lack of standing, but plaintiff would argue in equity that defendants have been following a double standard, accusing postal workers at the Harlingen Post Office of theft of mail, e.g. In Re Mauro Rosales, Arbitration Case Nos. SOC 3U-D 14506 and Soc-3U-D 14975.

See attached Exhibit "OO", letter dated April 30, 1993 from APWU, Francisco R. Rodriguez, President.

III. - PLAINTIFF'S RESPONSE TO DEFENDANT'S POSITION OF NO JUR-ISDICTION ON "WRONGFUL DISCHARGE"

Plaintiff would show the Court that defendants discharged him, in part, for filing his worker's compensation claim in Form CA-2, which is not only wrongful discharge, but also retaliation for an employee exercising his rights under the act and the national agreement, once again mischaracterizing the nature of Plaintiff's claim herein. Plaintiff suffered from a heart condition and later had a pacemaker operation, showing the heart condition was caused by stress from Defendants continuing oppression, and as noted above, Defendants are not in any position to complain about Plaintiff's cause of action, in equity, because Defendants' hands are not clean.

Plaintiff would show that Defendants have ignored the constitutional aspect of wrongful discharge by failing to provide Plaintiff with the due process safeguards of affording any grievant a pre-disciplinary interview, prior to his being



ClibPDF - www.fastio.com

issued discipline; as stated by the Supreme Court of the United States in the of Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Plaintiff would show that the due process safeguards were continually ignored or trampled by Defendants throughout all grievance and administrative proceedings and not just pre-disciplinary due process.

IV. - PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO JURISDICTION TO HEAR CLAIMS ON EMOTIONAL DISTRESS

Plaintiff refers to previous discussions on the change in the law, whereby Plaintiff has shown the change in the law in 1991, whereby Plaintiffs may now bring actions under Title VII of the Civil Rights Act of 1991. Plaintiff argues that defendants cases cited, Bailey and Avasthi are 1971 and 1979 cases. Plaintiff would also show the Court that he did attempt to appeal his worker's compensation to the OWCP in March, 1992, and is not sure of his appellate status before the OWCP, because of the reoccurrence of another heart condition in March 1994, when he was in the process of supplementing or reapplying for worker's compensation with the OWCP and Postal Service, but was hindered because of the continuing and cumulative harassment and oppression by Defendants.

With regard to Bailey v. United States,(5th Cir. 1971), Plaintiff would call attention that the philosophy behind the FECA is that it is a substitute method of recovery, which is more efficient and less expensive than a common law tort claim; Ross V. Runyon, 858 F. Supp. 630 (S.D. Tex. 1994); in our case the FECA method of recovery has been much less efficient than a common law tort claim.



ClibPDF - www.fastio.com

Plaintiff would show that Defendants are not in any position to argue that his claims of emotional distress and anxiety are precluded, when considering the constant interference with his mail and other correspondence as well as the other means of misconduct resulting in interference with his appeals and grievance procedures, and resulting in Plaintiff not properly being apprised of his appellate rights and where he stood on his timetables.

## V. - PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO LACK OF JURISDICTION ON "DEFAMATION OF CHARACTER"

Plaintiff would show the Court that he has been subjected to continuous harassment and depiction as a "bad" postal employee, in an effort to defeat his work as a union representative and because of unjustified personal animosity for Plaintiff. As noted in prior pleadings, Plaintiff complains of the cumulative effect of the continuous misconduct by Defendants in systematically seeking to destroy Plaintiff's employment with the Postal Service.

Plaintiff would cite all of the correspondence contained in his exhibits, a listing is attached hereto for reference, and calls particular attention to recent letters to explain the continuous and cumulative effect of the hostility of Defendants, specifically those by Plaintiff dated January 25, 1994, March 14, 1994, September 14, 1994, and January 21, 1995, which are incorporated by reference the same as if fully copied and set forth at length herein, which show the direct and indirect effects of Defendants attacks, and which show that the antagonism has continued unabated beyond Plaintiff's retirement from the Postal Service on October 2, 1992, whereby Defendants not only reflect on Plaintiff personally, but consciously



ClibPDF - www.fastio.com

are defaming him along with all other dedicated/conscientious postal employees. Plaintiff cites references to employee grievances and back pay awards costing the Harlingen Post Office, more than $100,000 in two years, as an example of how egregious the situation had become. Plaintiff had cited numerous cases of employee grievances, where Defendants had waged bureaucratic assassinations of employees who would not accede to the oligarchy of a few bosses at USPS. Plaintiff demands that his cause of action on defamation of character be evaluated within the framework of the totality of circumstances of the continuous and cumulative conspiracy of defendants, and claims this is permissible under caselaw cited in previous pleadings.

With regard to the reference to back pay, Plaintiff would cite Frances V. Brown, 58 F.3d 191 (5th Cir. 1995), to show that Plaintiff has never received all of his back pay, and therefore has not exhausted his administrative remedies, see previous supplement.

Plaintiff would show that a very large component of defamation of character has been Defendants' retaliation against him for his union representation and asserting his employee rights. Plaintiff would show all three elements of retaliation are present in the allegation of defamation of character, which are :

(1) engaging in a statutorily protected activity;
(2) an adverse employment action following the protected activity;
(3) a causal link existing between the protected activity and adverse employment action.

Nowlin v. Resolution Trust Corp., 33 F.3d 498 (5th Cir. 1994).

Plaintiff is contending that Defendants retaliation was an integral part of



ClibPDF - www.fastio.com

defamation of character as well a separate ground of recovery under his cause of action under reprisal.

WHEREFORE, PREMISES CONSIDERED, FRANSISCO R. RODRIGUEZ prays for relief per the above pleading and for any other and further relief to which it may be entitled.

Dated: 2/14/97

Respectfully submitted,

Francisco R. Rodriguez
Pro Se
719 Citrus Terrace
Harlingen, TX 78550
210/423-863

## CERTIFICATE OF CONSULTATION

I certify that on the 14th day of February, 1997, I did not consult with opposing counsel because we had already consulted on the pages being omitted, with there being no result other than a discussion of the positions of the parties and no agreement as to extending or further responding.

FRANCISCO R. RODRIGUEZ



ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Response to Additional Documents Provided by Defendants was sent by FAX, by regular or certified mail/regular mail on the 14th day of February, 1997, to the parties.

FRANCISCO R. RODRIGUEZ



ClibPDF - www.fastio.com