IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 26 1997

Michael N. Milby, Clerk

| | |
|---|---|
| FRANCISCO R. RODRIGUEZ, * | |
| Plaintiff * | |
| VS. * | CASE NO. B-95-150 |
| * | |
| UNITED STATES POSTAL SERVICE, * | |
| ET AL., Defendants * | |

**<u>PLAINTIFF'S RENEWED DEMAND FOR JURY TRIAL AND OBJECTION TO
PROCEDURAL PROBLEMS WITH TRANSMITTAL OF DOCUMENTS</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FRANCISCO R.RODRIGUEZ, Plaintiff in the above referenced cause, and for his renewed demand for jury trial, and objection to transmission of documents procedure, would respectfully show the Court as follows:

1. There have been no changes in the allegations of Federal jurisdiction over the parties and subject matter, and also no changes to Plaintiff's pleadings and Defendants' pleadings.

2. Plaintiff is complaining about the non-delivery of Defendants' documents, filed with the Court but not provided to him because of problems with delivery of mail by Defendant--United States Postal Service; in the instant case, the matter of the Plaintiff's demand for jury trial. On February 20, 1996, the Plaintiff filed his Motion Demanding Jury Trial, but was not able to have Defendants served until March 26, 1996. Plaintiff believes that Defendants have filed their Opposition to Appointment of Counsel along with their Opposition to Plaintiffs Jury Demand, because they were mailed to Defendants' attorney together, and Plaintiff understood that Defendants were opposed to him being

granted his jury trial. To Plaintiff's best knowledge Defendants afterward filed a Motion in Opposition to Plaintiff's Jury Demand, but Plaintiff cannot be sure because the service was never completed because of irregularities by both the United States Postal Service and Defendants' attorney in mailing a copy to him.

3. Plaintiff would attach the following documents, and incorporate them by reference the same as if fully copied and set forth at length herein, to show his understanding that the motion objecting to his jury demand was misserved:

   *a. Copy of envelope mailed by the U. S. Attorney's Office in Brownsville on or before June 12, 1996, which was never received by Plaintiff because of the alleged irregularities by Defendant-United States Postal Service and Defendants' attorney (showing USPS error's in returning the letter early, after failing to deliver the letter to Plaintiff, when he twice appeared to receive it, and then no further attempt by the said attorney to deliver same to Plaintiff after she either knew or should have known as USPS attorney, that he had **not** received it due to the errors/failure of Harlingen USPS).*

   *b. Copies of PS Form 3849 sent to Plaintiff by the Harlingen USPS, prompting him to seek delivery of the CM/RRR letter (and as noted, the failure of delivery was totally the fault of Harlingen USPS).*

   *c. Copy of a January 10, 1997, letter to the Harlingen USPS Postmaster from Plaintiff inquiring as to the status of the letter (sent by CM/RRR).*

−2−

*d. Copy of a January 16, 1997, letter from the Harlingen USPS Postmaster (with attachment) to Plaintiff responding to his 1/10/97 letter (sent CM/RRR, <u>but not</u> on United States Postal Service letterhead, and in all capital letters).*

*e. Copy of a July 8, 1996, letter from Defendants' attorney in response to Plaintiff's telephone inquiry about letter(s) being mailed to him by Defendants' attorney but not received by him, whereby said attorney requests the Plaintiff to advise her office when he had not received any correspondence from her office (which is not logical because how would Plaintiff know of the correspondence being sent, if he had not received same). Plaintiff would point out that he gave her the CM/RRR # of the letter, and she should have been able to resend him the letter or transmit it in some other manner.*

*f. Copy of a January 31, 1997, letter from Defendants' attorney in response to Plaintiff's letter of 1/23/97, providing him with a belated copy of Defendants' Response in Opposition to Plaintiff's Motion for Appointment of Counsel "filed on June 7, 1996" and claimed to have been mailed to Plaintiff on or about June 10, 1996. Plaintiff notes that this document was sent by Regular Mail on June 7, 1996 (see next Paragraph), and would not have been the letter sent by CM/RRR (that was not delivered by Harlingen USPS).*

*g. Copy of the June 7, 1996, pleadings by Defendants on Opposition to Appointed Counsel, by regular mail instead*

-3-

*of CM/RRR (the Certificate of Service specifically says "via First Class Mail . . ." Plaintiff notes that the attachment to the copy provided in January, 1997 is for CM/RRR with Receipt #P 335 377 915, and maintains that letter did not contain Defendants Opposition to Appointed Counsel, but instead contained the Opposition to Plaintiff's Jury Demand.*

In summary of the above, Defendants and Defendants' Attorney have been preventing Plaintiff from timely receiving copies of important documents and pleadings, that have seriously hampered his efforts to prosecute his lawsuit, and he believes that this is part of any overall campaign to deprive him of his mail, deprive him of the fruits of his labors with USPS and to smear and defame his good name.

4. Plaintiff would re-emphasize his previous pleadings with regard to Defendants' criminal and civil (tortious interference with his mail) misconduct with regard to him receiving important legal documents on both this cause of action and his administrative proceedings before the EEOC and the USPS. He Requests the Court hold Defendants criminally and civilly liable for all damages due to their misconduct, because it has been willful and intentional and knowing, and has involved a significant number of Postal Service management in the conspiracy, seeking to harm Plaintiff and his dependents. Because Defendants have made challenges to his pleadings on civil and criminal liability of Defendants, Plaintiff believes that the Court should find this type of misconduct abhorrent.

5. Plaintiff requests the Court order Defendants to make all future delivery of service by

-4-

an alternate means, besides the auspices of the United States Postal Service, on the basis of the recurring nature of the USPS' propensity to interfere with his receipt of his mail. Plaintiff argues that allowing the USPS to continue making deliveries of his legal documents is somewhat akin to allowing the fox to guard the chickenhouse.

6. COMES NOW, FRANCISCO R. RODRIGUEZ, Plaintiff in the above styled and numbered cause, and formally and respectfully demands a jury trial.

### PLAINTIFF'S INQUIRY AS TO SCHEDULING ORDERS, PRE-TRIAL CASE MANAGEMENT PLAN/CONFERENCES AND RULE 26 DISCLOSURE PROCEDURES

7. Plaintiff as a layman is unfamiliar with normal procedures in Federal Courts, but believes that the Southern District of Texas has adopted Local Rules of Practice. When he filed his original complaint against Defendants, he was not provided any Scheduling Order or any other above-referenced documents that appear to be significant in the prompt hearing of his case. He is inquiring into these procedures, in order that his case not be delayed for technical non-compliance with these procedures.

Dated: February 24, 1997.

Respectfully submitted,

*[signature]*
FRANCISCO R. RODRIGUEZ
Pro Se
719 Citrus Terrace
Harlingen, Tx 78550
210/423-8632

-5-

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Renewed Demand for Jury Trial and Objection to Transmittal of Documents Procedure, was delivered to the opposing party's attorney of record, by FAX, or by hand delivery or certified mail/return receipt requested, by mailing same properly addressed, postage prepaid, to the said attorney on the 24TH day of February, 1997.

FRANCISCO R. RODRIGUEZ

## CERTIFICATE OF CONFERENCE

This is to certify that on the 24TH day of February, 1997, I attempted to consult with the U. S. Attorney's Office regarding the above and foregoing document, but we were not able to resolve any of the issues by our discussion in said conference.

FRANCISCO R. RODRIGUEZ



U.S. Department of Justice
United States Attorney
Southern District of Texas
1036 E. Levee
Brownsville, Texas 78520

Official Business
Penalty for Private Use

CERTIFIED MAIL
P 335 377 925

RETURNED TO SENDER
REASON CHECKED
— Refused
— Unclaimed
☒ Not known
— Insufficient Address
— No such number/street
— Deceased

Francisco R. Rodriguez
Pro Se
719 Citrus
Mercedes, TX 78570

RECEIVED
96 JUL 27 PM 2:45
OFFICE OF U.S. ATTORNEY

NAME
1st Notice 6/12/96
2nd Notice 6/19/96
Return 6/24/96

## We ReDeliver For You!

☐ Redeliver: _____ (Day of Week)
(Allow at least 2 delivery days for redelivery)
Or Call Your Post Office for Redelivery

☐ "Leave at my address. (Specify where to leave item; example: porch, side door):

**Note:** This option is not available if box is checked on front of form requiring your signature at time of delivery.

Sign Here to Authorize Redelivery or to Authorize an Agent to Sign for You

X _____

## OR

### You or Your Agent Can Pick Up

Item at post office after:
date _____
time _____
(Bring this notice & ID)
Let This Person Sign for My Article _____
(Enter Name):

☐ Forwarding or Return Address (USPS use only)
☐ Refused

PS Form **3849**, December 1994 (Reverse)

☆ U.S. G.P.O.: 1995 385-184

---

## We ReDeliver For You!

(1) check all that apply;
(2) sign below; and
(3) leave this notice where carrier can see it

Sign Here to Authorize Redelivery or to Authorize an Agent to Sign for You

X _____

## OR

### You or Your Agent Can Pick Up

Item at post office after:
date 6-13-96
time 8:00 AM
(Bring this notice & ID)
Let This Person Sign for My Article _____
(Enter Name):

☐ Redeliver:
(Allow at least 2 delivery days for redelivery)
Or Call Your Post Office for Redelivery

☐ Leave at my address. (Specify where to leave item; example: porch, side door):

☐ Unclaimed ☐ Refused
☐ Unknown ☐ Forwarded ☐ Other (Specify)

☐ Forwarding or Return Address (USPS use only)
☐ Refused

PS Form **3849**, December 1994 (Reverse)

☐ Unclaimed ☐ Refused
☐ Unknown ☐ Forwarded ☐ Other (Specify)

☆ U.S. G.P.O.: 1995 385-184

---

## Sorry We Missed You! We ReDeliver For You!

Item is at: ☑ Post Office (see reverse)
HARLINGEN, TX 78550-9998

IF CHECKED, YOU MUST BE PRESENT AT TIME OF DELIVERY TO SIGN FOR ITEM.

Delivered By _____  Date 6-26-96

☐ Letter
☐ Large envelope, magazine, catalog, etc.
☐ Parcel
☐ Delivery Restricted to Addressee
☐ Perishable Item

☐ Express Mail (redelivery next delivery day, unless you call to hold at post office)
☑ Certified
☐ Insured
☐ Registered
☐ Return Receipt for Merchandise
☐ Recorded Delivery (International)
☐ Special Delivery

Article Requiring Payment
☐ Postage Due
☐ COD
☐ Customs
Amount Due: $

Addressee Name (Print) FRANCISCO R. Rodriguez
Address 219 Arturo James

Received By (Print Name and Sign) X Francisco R Rodriguez

Today's Date 6-26-96
Article No. P335-377-913
Sender's Name U.S. Dept. of Justice

☑ FINAL NOTICE
Article will be returned to sender on: _____

We ReDeliver or you can pick up, see back

PS Form **3849**, December 1994

Delivery Notice/Reminder/Receipt

---

## Sorry We Missed You! We ReDeliver For You!

Item ☑ Post Office (NEAR CORNER)
is at: U.S. POSTAL SERVICE
HARLINGEN TX 78550-9998

IF CHECKED, YOU MUST BE PRESENT AT TIME OF DELIVERY TO SIGN FOR ITEM.

Delivery By _____  Date 6-26-96

☐ Letter
☐ Large envelope, magazine, catalog, etc.
☐ Parcel
☐ Delivery Restricted to Addressee
☐ Perishable Item

☐ Express Mail (redelivery next delivery day, unless you call to hold at post office)
☑ Certified
☐ Insured
☐ Registered
☐ Return Receipt for Merchandise
☐ Recorded Delivery (International)
☐ Special Delivery

Article Requiring Payment
☐ Postage Due
☐ COD
☐ Customs
Amount Due: $

Addressee Name (Print) FRANCISCO R Rodriguez
Address U.S. Citrus Service

Received By (Print Name and Sign) X _____

Today's Date 6-12-96
Article No. P335-377-915
Sender's Name U.S. Dept of Justice

☑ FINAL NOTICE
Article will be returned to sender on: _____

We ReDeliver or you can pick up, see back

PS Form **3849**, December 1994

Customer: Describe any Visible Damage

Delivery Notice/Reminder/Receipt