66

United States District Court
Southern District of Texas
FILED

JUN 22 1998

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,     *
    *
    Plaintiff,     *
    *
v.     *     CIVIL ACTION NO. B-95-150
    *
UNITED STATES POSTAL SERVICE,     *
et al.,     *
    *
    Defendants.     *

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
### FOR PARTIAL SUMMARY JUDGMENT

COME NOW Defendants, by and through the United States Attorney for the Southern District of Texas, and responds to Plaintiff's Motion for Partial Summary Judgment which was served on counsel for Defendants on June 1, 1998, as follows:

In his motion Plaintiff seeks the award of an alleged short fall in the amount of backpay owed to Plaintiff for the period June 29, 1992, through August 2, 1992, but allegedly not paid to him.[1] Plaintiff's Motion for Partial Summary Judgment (MPSJ), para. c.2 & 3. Plaintiff calculates the amount remaining owed to him for this one month period to be $11,978.89, $765.55 having already been paid. MPSJ, para. d.1.

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court explained that summary judgment ought to be granted

---

[1] This was the period of time during which Plaintiff was in a nonpay status pursuant to a pending removal action.

if there is sufficient evidence for a jury to return a verdict for that party. As the Court further stated in *Anderson*:

> If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself *whether a fair minded jury could return a verdict for the plaintiff on the evidence presented*. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; *there must be evidence on which the jury could reasonably find for the plaintiff*. (Emphasis added.)

Since Plaintiff is both the moving party and also the party bearing the ultimate burden of proof, in order to prevail on his motion for summary judgment, Plaintiff must demonstrate that there is no genuine issue as to any material issue. Stated in another way, Plaintiff must establish that a reasonable finder of fact must render a verdict in his favor.

Notwithstanding, the mountainous set of exhibits which Plaintiff has attached to his motion, Plaintiff has simply failed to meet his burden with respect to his request for partial summary judgment. Accordingly, Plaintiff's motion should be denied.

To prevail Plaintiff must do more than calculate an amount of money to which he believes he is entitled. He must at a minimum establish a prima facie case demonstrating that Defendants are liable for these funds. In other words Plaintiff must prove the cause of action by which he is claiming entitlement to this judgment.

Plaintiff has asserted two causes of action in connection with this backpay claim. They are: 1) prohibited age, sex and

- 2 -

reprisal discrimination; and 2) breach of contract. With respect to his discrimination claims Plaintiff failed to establish a prima facie case of age, sex or reprisal discrimination. *See Aikens v. United States Postal Service Board of Governors,* 435 U.S. 912 (1983); *McDonnel Douglas Corp. v. Green,* 411 U.S. 792 (1974). He has offered no evidence whatsoever from which a reasonable fact finder could conclude that he was denied these monies because of his age, sex or prior EEO activity. Thus, there has been a complete failure to demonstrate that there is no genuine dispute as to any material issue.[2]

Secondly, if Plaintiff is asserting a cause of action for breach of contract as the basis for recovering the disputed backpay in the Motion for Partial Summary Judgment, Plaintiff's motion must likewise fail because Plaintiff has failed to establish that there is no genuine issue as to any material issue and he is entitled to partial summary judgment on his breach of

---

[2] Further, Defendants would assert that Plaintiff is barred from litigating the question of the amount of backpay to which he is entitled, separate and apart of the issue of whether the original removal was the result of discrimination. While the issue of Plaintiff's allegedly discriminatory removal is properly before the Court, the separate claim that Plaintiff has not received all of the backpay to which he is entitled. This issue was raised in two separate EEO complaints 4-G-780-119-95 and 3-U-1376-92. As more thoroughly discussed in Section 6 of the Memorandum in Support of Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment, Plaintiff failed to properly exhaust his administrative remedies with respect to these two administrative EEO complaints and is now precluded from raising these issue in this Court. This is not to say that if Plaintiff is able to prove his discrimination claims concerning the original removal, which claims arise out of EEO complaint 3-U-1376-92, he could not have this court adjudicate the amount of backpay to which he is entitled.

contract claim. Quite the contrary is true. Plaintiff cannot recover on his claim for breach of contract. As more fully set out in Section D of Defendants' Memorandum in Support of Motion to Dismiss or Alternatively for Summary Judgment, Plaintiff simply lacks standing to assert a claim for breach of contract against the Postal Service because he has no contractual relation with the Postal Service. See *McNair v. United States Postal Service,* 768 F.2d 730, 735 (5th Cir. 1985).

For these reasons Plaintiff's Motion for Partial Summary Judgment should be denied.

                      Respectfully submitted,

                      JAMES H. DeATLEY
                      UNITED STATES ATTORNEY

By: _____
    NANCY L. MASSO
    Assistant united States Attorney
    1036 E. Levee Street
    Post Office Box 1671
    Brownsville, Texas 78522
    210-548-2554
    FAX 210-548-2549

OF COUNSEL:

PHILIP W. EGLSAER
Attorney
United States Postal Service
Law Department
225 North Humphreys Boulevard
Memphis TN 38166-0170
(901) 747-7351
FAX (901) 747-7371

- 4 -

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** was mailed to plaintiff's counsel, via certified mail, return receipt requested, at the address indicated below on the date indicated below:

Mr. David Fast
12950 Leopard St.,
Corpus Christi, Texas 78410

June 22, 1998
DATE

NANCY L. MASSO
Assistant U. S. Attorney