DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 3 1998

Michael N. Milby
Clerk of Court

FRANCISCO R. RODRIGUEZ. )
     Plaintiff )
         )
VS.         )  CIVIL ACTION NO. B-95-150
         )
UNITED STATES POSTAL SERVICE, )
ET AL.,    Defendants)

<u>PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR
PARTIAL SUMMARY JUDGMENT</u>

TO THE HONORABLE MAGISTRATE BLACK OF SAID COURT:

 COMES NOW, FRANCISCO RODRIGUEZ, plaintiff in the above entitled and numbered cause, and for his Reply to Response to Plaintiff's Motion for Partial Summary Judgment, would respectfully show the Court as follows:

 1. Plaintiff notes that defendants provide no summary judgment evidence in response to his motion for partial summary judgment, providing only argument of counsel that, as noted below distorts and misrepresents plaintiff's position on the matters before the Court. Plaintiff is perturbed by the refusal of defendants to produce the official pay records of plaintiff, since defendants are the official depository of said records, rather than choosing to rely on the unofficial records of plaintiff. He repeats his request for the Court to order defendants to produce the official pay records.

 1. <u>Par. 1, p. 1.</u> The time period complained about is <u>not</u> June 29, 1992 through August 2, 1992, since plaintiff was removed from his job in March 20, 1992, which should not be subject to dispute. The amount of the shortfall in payment of plaintiff's backpay is <u>not</u> $11,978.89 for a one month per-

iod, which like the dates, is fraud/misrepresentation by the defendants.

3. <u>Par. 2, p. 1.</u> The quotation from <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986), is not applicable to this motion, because it is not a "run-of-the-mill" civil case with a summary judgment motion based on lack of proof of a material fact; and it does not involve "a scintilla of evidence" for plaintiff's position. On that same page, defendants refer to "the mountainous set of exhibits which plaintiff has attached to his motion." Obviously, defendants have failed to study the exhibits, or they would not have misrepresented the facts in Paragraph One.

Plaintiff notes that defendants' quote from Anderson is a misquote, leaving out a phrase from part of the opinion.

4. <u>Par. 1, p. 2.</u> Defendants appear to be stating the standard of burden of proof for summary judgment, but proffer no summary judgment evidence.

5. <u>Par. 2, p. 2.</u> No summary judgment evidence.

6. <u>Par. 3, p. 2.</u> No summary judgment evidence.

7. <u>Par. 4, p. 2.</u> Defendants improperly attempt to combine the issue of inaccurate calculation of backpay from the motion for partial summary judgment with the other matters before the Court in plaintiff's third amended petition, in an apparent attempt to confuse the Court. Plaintiff's right to backpay was based on the settlement he achieved on his EEOC complaint in 1992 (the defendants failed to comply with that July 9, 1992 settlement agreement), with the basis for that

right being irrelevant to whether it was age, sex or reprisal discrimination. The Court having indicated that calculating the backpay should be a mechanical calculation, defendants are attempting to prevent the proper calculation by trying to bring in irrelevant grounds of recovery to "muddy the water."

Plaintiff's amended pleadings have corrected his cause of action to no longer assert breach of employment contract, and any reference to "breach of contract" by defendants is improper and misrepresenting plaintiff's pleadings/position.

There is no reference to or any evidence offered in support of plaintiff's alleged age, sex and reprisal discrimination in the motion for partial summary judgment, because these other matters are outside the scope of the motion for partial summary judgment. Defendants apparently are refusing to isolate the issue of correctly calculating plaintiff's backpay, and are relying on bringing up non-relevant subjects that were raised in prior pleadings, that have no relevance to calculation of backpay, to prevent this Court from ruling in favor of plaintiffs request to receive all of his backpay.

7. <u>Footnote 2, p. 3.</u> Defendants finally admit that their position is that backpay cannot be considered "separate and apart" from the issue of whether the original removal was the result of discrimination. Defendants continue to argue that this is related to plaintiff's failure to exhaust his administrative remedies under his 2 EEO complaints (3-U-1376-92 & 4-G-780-1194-95), and they claim plaintiff is precluded from raising these issues in this Court, saying if he could

-3-

prove the discrimination on original removal he still could not have this Court adjudicate the amount of backpay. This begs the question, and employs Catch-22 logic that will always result in the same denial of plaintiff not being made whole.

8. <u>Par. 1, p. 3.</u> Plaintiff believes that defendants have not presented an accurate picture of <u>McNair v. U. S. Postal Service</u>, 768 F.2d 730 (5th Cir. 1985) that does indicate that USPS employees normally lack standing where a collective bargaining agreement gives the union exclusive right to pursue claims on behalf of aggrieved postal employees, and any results obtained by the union are normally conclusive of the employee's rights; also, holding that an arbitration decision being attacked by the union or the employer, the scope of judicial review is extremely limited. However, those rules are not without exception, the Court citing where the union may have breached its duty of fair representation, by arbitrarily refusing to pursue a claim through the grievance process or by doing so in a perfuctory or otherwise inadequate manner, such that an aggrieved employee should not be foreclosed by the results of the grievance process--he may sue the employer or the union or both, having a burden to prove that the union breached its duty of fair representation and the employer breached the collective bargaining agreement; <u>McNair</u>, 768 F.2d at 735. Neither <u>McNair</u> nor our case involves such an allegation; McNair was arguing constitutional rights rather than violation of statutory rights, and was citing

a number of cases that appear to hold that federal courts are not required to give preclusive effect to arbitration awards when an aggrieved employee asserts an independent cause of action, though it arises from the same conduct suvmitted to the grievance process, for violation of certain federal statutes; citing <u>McDonald</u>, 104 S.Ct. at 1799. The Court said:

> "The theory of these cases is that 'in instituting an action under [the statutes], the employee is not seeking review of the arbitrator's decision. Rather, he is asserting a statutory right independent of the arbitration process. . .(omitted cite) . . Moreover, the Court has concluded that 'Congress intended the statutes at issue to be judicially enforceable and that arbitration could not provide an adequate substitute for judicial proceedings in adjudicating claims under those statutes (citing McDonald, 104 S.Ct. at 1803." <u>McNair</u>, 768 F.2d at 736 (note alos the 4 factors in footnote 7).

In <u>McNair</u>, the Court found that McNair did not have standing because he was attacking the arbitration process and the arbitrator's decision on the existence of just cause under the collective bargaining agreement, which distinguished his case sufficiently from <u>McDonald v. City of West Branch</u>, 466 U.S. 284 (1984); <u>Barrantine v. Ark.-Best Freight Systems Inc.</u>, 450 U.S. 728 (1981); and <u>Alexander v. Gardner-Denver Co.</u>, 415 U.S. 36 (1974), to allow that ruling. It points out that if McNair had alleged, for example, that USPS terminated his employment because of his sex, his race, or his expression of protected ideas, he probably would have had standing, while not expressing and opinion on it (also discussed in footnote 8 on p. 736). Plaintiff is not complaining about the arbitration or the arbitration process, but he is complaining about defendants' discrimination against him on the basis of

-5-

his age, gender and reprisal discrimination, which under McNair, would appear to give him standing. Plaintiff directs your attention to footnote 9 at p. 737, to show the difference between McNair's pleadings and the case at bar.

To further illustrate the situation, plaintiff calls the Court's attention to the USPS grievance process that was initiated by him after supposedly being reinstated under the settlement, begun on September 10, 1992(Local Griev. #2-9101) attached hereto as Exhibit "M", being the precursor of Px-18, referenced in other pleadings. The USPS was reneging on the settlement by not only not paying him all of his backpay, but falsely claimed that his prior position had been abolished. Note the request for information and documents relative to the grievance, which was refused by the USPS; the Harlingen USPS management ignored Step 1 and made no response, as well as made no timely response to Step 2, causing plaintiff to appeal to Step 3 on September 30, 1992. The Dallas Labor Relations officer ruled against the grievance after a perfunctory examination of the file, showing plaintiff had received some money and had been given some position upon his return. Plaintiff appealed the matter to regional arbitration that resulted in a January 25, 1995 finding for plaintiff (Px-18). Plaintiff was still not being made whole regarding all of his complaints, and eventually sued in 1995 by this lawsuit.

WHEREFORE, PREMISES CONSIDERED, FRANCISCO R. RODRIGUEZ, plaintiff prays the Court-after notice/hearing, to grant his motion for partial summary judgment, and the Court grant any

other and further relief to which the plaintiff may show himself entitled.

                              Respectfully submitted,

                              _____
                              DAVID E. FAST
                              TBA 06850500, Fed. S.D. #2129
                              12950 Leopard St.
                              Corpus Christi, Tx 78410
                              512/241-4495
                              Attorney for Plaintiff

CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above, Plaintiff's Reply to Defendants Response was delivered to opposing counsel by FAX, by hand delivery or by certified mail/return receipt requested, by depositing same in a depository of the U. S. Postal Service in a wrapper properly addressed, postage prepaid, to the said attorney, on the 13TH day of July, 1998.

                              _____
                              DAVID E. FAST

## CERTIFICATE OF CONSULTATION

This is to certify that on the 13TH day of July, 1998 I attempted to consult with opposing counsel on the above and foregoing motion, with no agreement by counsel.

_____
DAVID E. FAST

-8-