73 - 74 - 75

United States District Court
Southern District of Texas
FILED

FEB 2 2 1999

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ    *
       *
vs.            *     CIVIL ACTION Nº. B-95-150
       *
UNITED STATES POSTAL    *
SERVICE, ET AL       *

## DEFENDANTS' AMENDED MOTION TO DISMISS
## AND ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGEMENT
## AND MEMORANDUM IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendants herein move this Court to dismiss certain allegations raised in the plaintiff's complaint. In addition, the defendants move that judgement be rendered in their favor with regard to certain discrimination/back pay issues raised by the plaintiff. This motion is submitted as an amendment to earlier motions to dismiss and should be considered in lieu of said motions. In support of this motion the defendants submit the following memorandum.

### *Factual Background*

On September 9, 1995, Plaintiff and his wife filed the instant lawsuit. Plaintiff has since amended his complaint; presently, Plaintiff's allegations are set forth in what is titled "Plaintiff's Third Amendment to Original Petition" (Third Amendment) which was filed on July 8, 1996. By way of this amendment, plaintiff has dropped Emma Mendez Rodriguez as a plaintiff.

Francisco R. Rodriguez, plaintiff herein, was employed by the United States Postal Service (USPS) from 1966 until he retired on October 2, 1992. (Third Amendment at para.

II). In this suit, plaintiff complains that in March of 1992, he was "constructively discharged" from his job with the postal service "because of his sex, age and protected activities." (Third Amendment at paras. I & II).   Plaintiff was later returned to duty--however, plaintiff claims that defendants "detained and tampered with" his mail and denied him the total back-pay to which he was entitled.   (Third Amendment at para. I).   Plaintiff further complained that he was the victim of "harassment", "intimidation" and "retaliation" upon his return to work in July of 1992.   (Third Amendment at para. II).

According to USPS records, Plaintiff has initiated several administrative claims of discrimination over conduct by agents of the Postal Service that purportedly occurred while he was employed by the Postal Service in Harlingen, Texas.   These claims are summarized as follows:

> (a) **Case No. 3-U-1169-92**: In this claim, plaintiff claimed he was the victim of age, sex, and reprisal discrimination when he was issued a seven-day suspension for failing to follow instructions. The claim was settled pursuant to an agreement dated April 12, 1993. (Defendants' Exhibit 1, pg. 2). There is no record that plaintiff challenged the Postal Service's compliance with this settlement agreement.   (Defendants' Exhibit 1, pg. 2).

> (b) **Case No. 3-U-1244-92**: In this claim, plaintiff claimed that he was the victim of age, sex and reprisal discrimination when beginning on May 13, 1991 he was instructed to sign a time log when he left postal premises. The claim was rejected in a final agency decision dated March 17, 1992 which plaintiff received on April 6, 1992. (Defendants' Exhibit 1, pg. 2).   The claim was rejected because plaintiff did not timely file a formal complaint of discrimination as required by 29 C.F.R. §§1613.214 and 215, then in effect. (Defendants' Exhibit 1, pg. 2).

2

(c) **Case No. 3-U-1376-92**: In this claim, plaintiff claimed he was the victim of age, sex, and reprisal discrimination when he was issued a letter of proposed removal on April 16, 1992 for making statements of a threatening nature with implications of violence.  In addition to his EEOC complaint, plaintiff also filed a union grievance pursuant to the terms of the collective-bargaining agreement in effect between his union and the Postal Service.   At step 3 of the grievance-arbitration procedures, plaintiff's grievance was settled.  Plaintiff was reinstated to his position with "full-back pay."  A final agency EEO decision was issued to him on September 14, 1992 rejecting his complaint of discrimination because plaintiff had received full relief in the grievance-arbitration procedures. Plaintiff appealed the Postal Service's final agency decision to the EEOC.  In a decision dated December 22, 1992, the EEOC affirmed the decision of the Postal Service finding that plaintiff had received full relief in the grievance-arbitration procedures. (Defendants' Exhibit 1, pg 3).  The EEOC decision informed him  that any request for reconsideration must be filed within 30 days of receiving the decision.  However, Plaintiff did not receive this decision until February 1995.  On March 13, 1995, plaintiff requested the EEOC reconsider its decision of December 22, 1992.  While his petition was pending before the EEOC , plaintiff filed the instant lawsuit on September 9, 1995.   On September 15, 1996, EEOC issued a decision remanding plaintiff's administrative complaint for further consideration by the Postal Service.  The EEOC was unaware that plaintiff had filed this civil action.  On January 29,1997, the Postal Service dismissed the complaint.   The EEOC affirmed this decision on January 5, 1998.

(d) **Case No. 3-U-1604-92**: In this claim, plaintiff claimed that he was the victim of age, sex, and reprisal discrimination when, on July 28, 1992 he was reinstated to his position, but given different duties.  The records reflect that Mr. Rodriguez did not pursue his administrative claim past the informal stage of the EEO process as required by 29 C.F.R. §1614.105(b). Instead, he informed the EEOC by letter dated March 3, 1993, that he would bypass the administrative procedures by filing an age claim directly in United States district court. (Defendants' Exhibit 1, pg. 4).

3

(e) **Case No. 4-G-780-1194-95**: In this claim, plaintiff claimed he was the victim of age, sex, and reprisal discrimination because he was allegedly not paid all of the back pay due to him as a result of the grievance-arbitration decision of July 9, 1992 (which set aside his April 1992 removal).  Plaintiff received a check which included an amount for back pay on September 17, 1992.  He filed a union grievance over the same issue.  The grievance was denied by arbitrator in an award dated January 25, 1995.  Plaintiff then made a request for EEO counseling over the back pay on March 10, 1995.  (Defendants' Exhibit 1, pgs. 4&5).  Records reflect that plaintiff did not file a formal administrative EEO complaint as required by 29 C.F.R. §1614.105(b).  (Defendants' Exhibit 1, pg. 5).  Instead, he informed the EEOC by letter dated June 9, 1995, that he would bypass the administrative procedures by filing a lawsuit in United States district court.  (Defendants' Exhibit. 1, pg. 5).

## ***ARGUMENT***

A.    *The Employment Discrimination Claims Against Individually Named Defendants Must Fail.*

The only proper defendant in a Title VII or ADEA lawsuit arising in federal employment is "the head of department, agency, or unit, as appropriate." *Honeycutt v. Long*, 861 F.2d 1346, 1348 (5th Cir. 1988) citing 42 U.S.C. 2000e-16(c).  Accordingly, all of the individuals other than the Postmaster General named by plaintiff must be dismissed. *Id*. (dismissing improperly named army officer); *Lamb v. United States Postal Service*, 852 F.2d 845, 846 (5th Cir. 1988) (stating "we have unequivocally adopted the rule that the only proper defendant in a Title VII action against the Postal Service is the Postmaster General" and dismissing improperly named local postmaster); *Newbold*, 614 F.2d at 46 (dismissing all improperly named defendants).

B.    The Employment Discrimination Claims Against the Postmaster General Were Not Properly Exhausted.

4

CIMPDF - www.fenrir.com

Most of Plaintiff's claims against the Postmaster General under Title VII and the ADEA must fail for a variety of reasons having to do with the exhaustion of mandatory administrative remedies which are a prerequisite to employment discrimination lawsuits against the federal government. _Brown v. General Services Administration_, 425 U.S. 820, 835 (1976). Plaintiff complains of a myriad of issues stemming from his employment with the United States Postal Service over which he has never filed an administrative claim of discrimination. For example, with regard to the harassment and retaliation claims raised at paragraphs IV, V, VI, VII, VIII and IX of plaintiff's Third Amendment, plaintiff filed no EEO administrative claims. In addition, plaintiff implies that he was forced to retire; however, plaintiff never filed an administrative claim regarding this allegation.

These issues, as well as any others, that are raised for the first time in district court cannot be heard. The Fifth Circuit has stated that "courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies." _National Assoc. of Government Employees v. City Public Service_, 40 F.3d 698, 711 (5th Cir. 1994); _Tolbert v. United States_, 916 F.2d 245, 247 (5th Cir. 1990) citing _Porter v. Adams_, 639 F.2d 273, 276 (5th Cir. 1981). Accordingly, plaintiff's claim that he was forced to retire and all of the other discrimination claims as to which plaintiff did not exhaust his administrative remedies must be dismissed.

In addition, to the extent plaintiff seeks to raise claims for alleged violation of the collective bargaining agreement or violation of contract arbitration awards, Plaintiff lacks standing to raise such claims without first having alleged and proved the union's breach

on its duty of fair representation.  See <u>McNair v. USPS</u>, 768 F.2d 730, 735 (5th Cir. 1985).
To the extent plaintiff seeks to assert claims of retaliation for exercise of his union rights,
exclusive jurisdiction lies with the National Labor Relations Board.  See <u>San Diego
Building Trades v. Garman</u>, 359 US 236, 245 (1959).

With regard to those allegations raised by the plaintiff as to which he did file an
administrative claim, defendants submit the following:

1.    <u>Claim No. 3-U-1169-92 Was Settled And Plaintiff Did Not Initiate a
      Breach of Settlement Claim.</u>

Plaintiff initiated an administrative complaint of discrimination (3-U-1169-92)
regarding a seven-day suspension issued on December 12, 1992.  (Defendants' Exhibit
1, pg. 2).  The administrative action was settled by agreement dated April 12, 1993;
therefore, the issue(s) of this claim need not be relitigated here.  (Defendants' Exhibit 1,
pg.2).  In addition, any claim by plaintiff that the settlement agreement was breached may
not be heard because plaintiff has not made an administrative claim of non-compliance as
required by 29 C.F.R. §1614.504.  Thus, Plaintiff has failed to exhaust mandatory
administrative remedies over a breach-of-settlement claim.

2.    <u>Claim No. 3-U-1244-92 Was Late In Both The Administrative
      Proceedings and In District Court.</u>

Plaintiff also initiated an administrative complaint of discrimination (3-U-1244-92)
regarding the instruction that he sign a log sheet when leaving postal premises.
(Defendants' Exhibit 1, pg. 2).  In a final agency decision dated March 17, 1992, the Postal

Service rejected this administrative complaint because it was untimely . Plaintiff received this decision on April 6, 1992. (Defendants' Exhibit 1, pg. 2).

The basis of the rejection was that plaintiff failed to comply with 29 C.F.R. §1613.214(a)(ii) which required plaintiff to submit a written complaint within 15 calendar days after the date of receipt of the notice of the right to file a complaint.  In this case, plaintiff received the notice of final interview on August 13, 1991.  However, he did not file his formal complaint until November 12, 1991.  The March 17, 1992,  final agency decision informed plaintiff that he had 90 days to file a civil action in United States district court if he wished to challenge the rejection of his administrative claim.  (Defendants' Exhibit 1, pg. 2).  Plaintiff did not file his civil action until September 6, 1995, over three years later.

Plaintiff's claim regarding this issue should be dismissed both because it was not timely filed in the administrative proceedings and because it was not timely filed in district court.  _Irwin v. Veterans Affairs_, 498 U.S. 89 (1990) (dismissing Title VII lawsuit when filed late in district court).  "If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." _Barrow v. New Orleans S.S. Ass'n_, 932 F.2d 473, 476-477 (5th Cir. 1991). _Wilson v. Secretary, Dept. of Veterans Affairs_, 65 F.3d 402, 403 (5th Cir. 1995).  The administrative deadlines and the limitation period for filing in court are subject to equitable tolling. _Irwin_, _supra_.; _Wilson_, _supra_.  However, it is plaintiff's burden to provide the justification for the application of equitable tolling, _Wilson,_ 65 F.3d at 404 citing _Nowlin_

*v. Resolution Trust Corp.*, 33 F.3d 498, 503 (5th Cir. 1994); *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989).

      3.    <u>Claim No. 3-U-1604-92 Was Abandoned In The Administrative Proceedings.</u>

In case no. 3-U-1604-92, plaintiff claimed that he was the victim of age, sex, and reprisal discrimination when, on July 28, 1992 he was reinstated following his April 1992 termination, but given different duties. (Defendants' Exhibit 1, pg. 4). Plaintiff never filed a formal administrative complaint of discrimination as required by 29 C.F.R. §1614.105(b). *Id.* Because plaintiff did not exhaust mandatory administrative remedies, this claim must be dismissed. *Barrow, supra.*

Plaintiff may attempt to argue that he was permitted to bypass the administrative proceedings because he is making an age discrimination claim under the ADEA. The ADEA does allow claimants to go straight to court if they notify the EEOC of their intention to do so within 180 days of the alleged discriminatory incident. 29 U.S.C. § 633a(d). In this case, plaintiff notified the EEOC of his intent to sue the Postal Service by letter dated February 25, 1993. Therefore, under the provisions of the ADEA, Plaintiff would be precluded from raising claims predating August 25, 1992, 180 days prior to his providing notice of intent to sue.

      4.    <u>Claim No. 4-G-1194-95 Was Abandoned In The Administrative Proceedings.</u>

In case no. 4-G-780-1194-95, plaintiff claimed he was the victim of age, sex, and reprisal discrimination because he was allegedly not paid all of the back pay due to him as a result of the grievance-arbitration decision rendered on July 7, 1992. Once again, plaintiff never filed a formal administrative complaint of discrimination. Accordingly, he did not exhaust his administrative remedies.

Plaintiff may attempt to argue that he was permitted to bypass the administrative proceedings because he is making an age discrimination claim under the ADEA. However, once again, plaintiff must file his notice of intent to sue within 180 days of the alleged discriminatory incident. In this case, plaintiff filed his notice with EEOC on June 9, 1995. According he is precluded from raising any age claims predating January 9, 1995.

D.   *Plaintiff May Not Bring A Breach Of Contract Claim Against The Postal Service.*

Plaintiff alleges that he entered into a contract of employment upon being hired by the Postal Service in 1966. As a matter of law, federal employees do not have individual contracts of employment. *Young v. United States,* 498 F.2d 1211, 1218 (5th Cir. 1974). Rather, they are appointed and may not bring claims for breach of an employment contract. *Id.* Furthermore, while plaintiff was covered by the terms of a collective-bargaining agreement while employed by the Postal Service, he lacks standing to bring suit for alleged violations of the agreement and his claim should be dismissed. *McNair v. United States Postal Service,* 768 F.2d 730, 735 (5th Cir. 1985); *Ross v. Runyon,* 858 F.Supp. 630, 634 (S.D. Tex. 1994). The only exception to this rule occurs if and when the

9

plaintiff is able to plead and prove the union breached it's duty of fair representation which he has not done in this case. *Id*.

## E.   Plaintiff Lacks Standing to Prosecute Federal Crimes.

In the putative jurisdictional statement of the third amendment (page two), plaintiff alleges a cause of action under 18 U.S.C. §1709, a section of the United States criminal code dealing with theft of mail by postal employees. It is self evident that plaintiff lacks standing to prosecute the criminal actions and that there is no civil cause of action under the cited provision.

## F.   This Court Lacks Jurisdiction To Hear Claims Pertaining to Emotional Distress & Anxiety.

In the "Second Cause of Action", plaintiff raises claims of "Emotional Distress and Anxiety". The Federal Employees Compensation Act (FECA) is a workmens' compensation statute which provides recovery to federal employees injured in the performance of their duties. Pursuant to 5 U.S.C. §8128, the remedy under FECA is exclusive. Bailey v. United States, 451 F.2d 963, 965 (5th Cir. 1971). The Secretary of Labor is vested with the power to administer and decide all questions arising under the FECA. His denial or granting of benefits under the statute are final and may not be reviewed by a court of law. Id.; 5 U.S.C. §8128(b)(1-2) and (8145). Further, a federal employee may not bring a tort action until after he seeks and has been denied relief by the Secretary of Labor. Avasthi v. United States, 608 F.2d 1059, 1060 (5th Cir. 1979). Plaintiff's claims of emotional distress and anxiety are precluded because he has not

10

shown that he presented these claims to the Secretary of Labor. Therefore, this action should be dismissed.

**G.    This Court Lacks Jurisdiction to Hear Claims Pertaining To "The Defamation of Character" Cited As Plaintiff's Third Cause of Action.**

Likewise, plaintiff's alleged cause of action for "Defamation of Character" should be dismissed for lack of subject matter jurisdiction. As stated earlier, plaintiff should exhaust whatever remedies he may have available to him under the FECA. Id. If his relief is denied by the Secretary of Labor, then he should exhaust his administrative remedies under the Federal Tort Claims Act. 28 U.S.C. §2675; see also, defendants' original motion. Until these administrative prerequisites are satisfied, this action should be dismissed.

**H.    Plaintiff's § 1983 Claim Does Not Apply to Federal Officers**

Title 42 U.S.C. § 1983 affords a remedy for persons who are deprived of federal constitutional rights, privileges, and immunities under color of state and local law, *not federal law*. Therefore, federal officers acting under color of federal law, are not subject to suit under § 1983. Zernial v. United States, 714 F.2d 431, 435 (5th Cir. 1983). None of the factual allegations against the defendants lead to the inference that they acted under color of state law. Therefore, Plaintiff's § 1983 claims fail and should be dismissed for want of subject matter jurisdiction and failure to state a claim.

11

**I.    Plaintiff's Constitutional Tort Claims Also Fail.**

Plaintiff also alleges that the defendants' conduct violated his constitutional rights and was in retaliation for filing a worker's compensation claim.  While such claims are arguably distinct from Title VII or age discrimination claims over the same conduct, they are similarly barred.  Federal employees are precluded from bringing claims against the government and federal defendants when the claims arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States.  Schweiker v. Chilicky, 487 U.S. 412 (1988); see also, Ross v. Runyon, 858 F.Supp. 630, 634 (S.D. Tex. 1994), citing, United States v. Fausto, 484 U.S. 412, 425-29, 108 S.Ct. 668, 667 (1988) and Bush v. Lucas, 462 U.S. 367, 368, 381-391 (1983).

In the case at bar, the grievance procedures provided in the applicable collective-bargaining agreement are the comprehensive procedures which preclude the plaintiff's claim.  Consequently, there is no jurisdiction for this Court to review these allegations because they were all subject to a comprehensive remedial scheme.

## CONCLUSION

Plaintiff's lawsuit should be dismissed for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Furthermore, to the extent that this Court must refer to matters outside the pleadings herein, this Court should grant the defendants' a partial summary judgement regarding the issues raised herein.

CVisPDF - www.fesiko.com

Respectfully submitted,

JAMES H. DeATLEY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
1036 E. Levee Street, 1st Floor
P.O. Box 1671
Brownsville, TX 78520
(956) 548-2554
State Bar No. 00800490

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing Defendants' Amended Motion to Dismiss and Memorandum in Support was mailed, **VIA CERTIFIED MAIL, RETURN-RECEIPT REQUESTED**, to Plaintiff's attorney, David Fast, at 12950 Leopard, Corpus Christi, Texas 78410, on February 22, 1999.

NANCY L. MASSO
Assistant United States Attorney

CutePDF - www.fauio.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

FRANCISCO R. RODRIGUEZ, et al,)
                        )
        Plaintiffs,     )
                        )
    v.                 ) CASE NO. B-95-150
                        )
MARVIN T. RUNYON, et al,   )
                        )
        Defendants.    )

### DECLARATION OF CLIFTON OWENS

I, Clifton Owens, as permitted by 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

1.  I understand that this declaration will be filed in the United States District Court for the Southern District of Texas-Brownsville Division.

2.  I am currently acting EEO Compliance and Appeals Coordinator for the Southeast and Southwest Areas of the United States Postal Service.  The Southwest Area encompasses all postal facilities in South Texas including the Harlingen Post Office. As acting Coordinator, I am the custodian of records for the Southwest Appeals Processing Center which in the ordinary course of business maintains records of all formal administrative claims of discrimination brought by postal employees in the Southwest Area.

3.  Francisco R. Rodriguez has initiated several administrative claims of discrimination over allegedly



discriminatory conduct that occurred while he was employed by the
Postal Service in Harlingen, Texas.  Our records reflect the
following:

4.  In case no. 3-U-1169-92, Mr. Rodriguez claimed he was
the victim of age, sex, and reprisal discrimination when he was
issued a seven-day suspension for failing to follow instructions.
The claim was settled pursuant to an agreement dated April 12,
1993.  (See April 12, 1993 settlement agreement attached hereto
as Exhibit A.)  There is no record that Mr. Rodriguez initiated a
noncompliance action as is required when employees wish to pursue
a breach-of-settlement claim.

5.  In case no. 3-U-1244-92, Mr. Rodriguez claimed that he
was the victim of age, sex and reprisal discrimination when
beginning on May 13, 1991, he was instructed to sign a time log
when he left postal premises.  The complaint was rejected in a
final agency decision dated March 17, 1992 which Mr. Rodriguez
received on April 6, 1992.  The complaint was rejected because
plaintiff did not timely file a formal complaint of
discrimination within 15 days of his receipt of the notice of
final interview as required by 29 C.F.R. §§ 1613.214 and 215,
then in effect.  He received the notice of final interview on
August 13, 1991, but did not file his formal complaint until
November 12, 1991.  (See March 17, 1992 final agency decision and

-2-

green card indicating receipt by Mr. Rodriguez, attached hereto
as Exhibit B.)

8.   In case no. 3-U-1376-92, Mr. Rodriguez claimed he was
the victim of age, sex, and reprisal discrimination when he was
issued a letter of proposed removal on April 16, 1992 for making
statements of a threatening nature with implications of violence.
He filed a parallel union grievance pursuant to the terms of the
collective-bargaining agreement in effect between his union and
the Postal Service.  At step 3 of the grievance-arbitration
procedures, Mr. Rodriguez was reinstated to his position with
"full-back-pay."  The Postal Service issued a final agency
decision on September 14, 1992 rejecting his complaint of
discrimination because he had received full-relief in the
grievance-arbitration procedures.  (See Exhibit C).  Plaintiff
appealed the final agency decision to the EEOC.  In a decision
dated December 22, 1992, the EEOC affirmed the decision of the
Postal Service finding that plaintiff had received full relief in
the grievance-arbitration procedures.  (See Exhibit D.)  The EEOC
decision informed him he could file a request for reconsideration
within 30 days of receiving it, at the latest.  However, because
of an administrative error on the part of the EEOC, Mr. Rodriguez
did not actually receive the December 22, 1992 decision until
February, 1995.  Thereafter, Mr. Rodriguez did petition the EEOC
on March 13, 1995, that it reconsider its decision of

-3-

December 22, 1992.  By decision dated September 13, 1996, the

EEOC found that Mr. Rodriguez's petition was timely because of

the previous misdelivery of the original December 22, 1992

decision.  Additionally, the EEOC remanded the case to the Postal

Service for further investigation of the issue of remedy.  (See

Exhibit E.)  On January 29, 1997, the Postal Service issued a

decision dismissing Mr. Rodriguez's administrative complaint

because he had filed a civil action in district court raising the

same issues as were raised in his administrative complaint.  (See

Exhibit F.)  This decision was affirmed by the EEOC on January 5,

1998.  (See Exhibit G.)

        8.  In case no. 3-U-1604-92, Mr. Rodriguez claimed that he

was the victim of age, sex, and reprisal discrimination when on

July 28, 1992 he was reinstated to his position, but given

different duties.  Our records reflect that Mr. Rodriguez did not

appeal his administrative claim to the formal states of the EEO

process as required by 29 C.F.R. § 1614.105(b).  Instead, he

informed the EEOC by letter that he would bypass the

administrative procedures by filing an age claim directly in

United States district court.  (See Exhibit H.)

        9.  In case no. 4-G-780-1194-95, plaintiff claimed he was

the victim of age, sex, and reprisal discrimination because he

was allegedly not paid all of the backpay due to him as a result

of the grievance-arbitration decision of July 9, 1992.

CVAPDF - www.fastio.com

Mr. Rodriguez received a check which included an amount for backpay on September 17, 1992.  He filed a union grievance over the same issue.  The grievance was denied by arbitrator in an award dated January 25, 1995.  Mr. Rodriguez then made a request of EEO counseling over the backpay on March 10, 1995.  (See March 7, 1995 correspondence of F. Rodriguez attached hereto as Exhibit I).  Our record reflects that Mr. Rodriguez did not appeal his administrative claim to the formal states of the EEO process as required by 29 C.F.R. § 1614.105(b).  (See April 25, 1995 letter informing him of his right to do so and green card indicating receipt by Mr. Rodriguez are attached hereto as Exhibit J).  Instead, he informed the EEOC by letter dated June 9, 1995, that he would bypass the administrative procedures by filing a lawsuit in United States district court.  (See Exhibit K.)

10.  We have no record of any administrative claim of discrimination filed by Emma Mendez Rodriguez.

DATED this _19th_ day of February, 1999.

CLIFTON OWENS
Acting EEO Compliance & Appeals
   Coordinator
Appeals Processing Center
U. S. Postal Service
225 North Humphreys Boulevard
Memphis, TN 38166-0978
(901) 747-7273

-5-

# SETTLEMENT AGREEMENT

DATE: April 12, 1993
RE: EEO Complaint
of Francisco Rodriguez
CASE NO.: 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X
3-U-1169-92

The following constitutes a full and complete settlement of the claims raised in the Complanant's EEO formal complaint dated 5-09-92. Complainant alleges that he was discriminated against because of his sex (male), age (59) and reprisal when he was issued a 7-day suspension on 12-12-91.

Further, as part of this settlement, the Complainant agrees to withdraw this EEO Formal Complaint, any grievance at Step One, any court action, and proceedings in any other forum concerning the issues giving rise to this complaint. If this settlement is intended to withdraw a grievance beyond Step One, the Union must be a signatory to this agreement.

In consideration of the above, the U.S. Postal Service agrees to the following:

1. The 7-day suspension letter is expunged from the Complainant's record.

2. The Complainant will be paid for the the suspension period 1-11-92 to 1-17-92. *PAID GRP. Lb*

3. The Complainant will be ~~credited~~ with 4 hours annual leave deducted as a result of his suspension, if any annual leave was deducted.

This agreement is voluntarily entered into by the parties and does not constitute an admission of discrimination in relation thereto nor may be cited in any further forum by the complainant or Union (if applicable). All rights to an oral hearing or further appeal are waived. If terms of this agreement are breached, the Complainant can file a written request that the case be reopened.

_____
Designee, U.S. Postal Service

Item 3.(credited changed to paid as agreed)

_____
Complainant / Date

LOUIS BARACDUST
Print (Name, Title, Date)
Agency Representative
4-12-93
EEO Counselor/Investigator/or
Informal Adjustor

_____
EEO Representative (If applicable)

_____
Print (Name, Title, Date)

Accept ( ✓ )  Refuse  ( )

(Complainant initial one or the other)

_____
Union Designee (If applicable)

_____
Print (Name, Title, Date)

EXHIBIT
A

# UNITED STATES POSTAL SERVICE
## SAN ANTONIO DIVISION
## EQUAL EMPLOYMENT OPPORTUNITY CASE

MAR 17 1992

### IN THE MATTER OF:

| | |
|---|---|
| FRANCISCO R RODRIGUEZ, )<br>Complainant, )<br> )<br>v. )<br> )<br>ANTHONY M. FRANK, )<br>Postmaster General, Respondent. )<br> ) | Case No. 3-U-1244-92<br><br>Filed On November 14, 1991<br><br>Certified Mail No. P 807 595 100<br>Return Receipt Requested |

## FINAL AGENCY DECISION

Reference is made to your complaint of discrimination dated November 7, 1991, filed with the Manager, EEO Complaint Processing, San Antonio Division, wherein you alleged discrimination based on age (59), sex (male) and reprisal when on May 13, 1991, a time log was devised and you were instructed to sign out each time you left the postal premises.

EEOC Regulations 29 C.F.R. 1613.214 (a)(1)(i) and (ii) and 29 C.F.R. 1613.215 are applicable to your complaint. These regulations pertain to timeliness and an agency's rejection of complaints that are untimely. The regulations provide in pertinent part as follows:

> ...An Agency may accept a complaint for processing only if: (1) the complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him or her to believe that he or she had been discriminated against within 30 calendar days of its effective date; and (2) the complainant or his or her representative submitted the written complaint to an appropriate official within 15 days of the date of the final interview with the EEO Counselor.

Based on review of the complaint file, the Postal Service finds that your final interview with the EEO Counselor/Investigator was held on August 13, 1991; however, your formal complaint was not postmarked until November 12, 1991, thereby exceeding the 15-day time limitation. You personally signed a Notice of Final Interview attesting to the fact that your final interview occurred on August 13, 1991.

Therefore, based upon the above information, your complaint is rejected as untimely in accordance with the provisions of 29 C.F.R. 1613.214 (a)(1)(i) and (ii) and 29 C.F.R. 1613.215.

EXHIBIT
B

## RIGHT TO FILE A CIVIL ACTION

If you are dissatisfied with this final decision, you may file a civil action
in an appropriate U.S. District Court within 30 calendar days of receipt of
this decision on your allegations pertaining to non-age factors.  If your
allegations include age discrimination, you may file a civil action on age
discrimination within the time allowed by the appropriate statute of
limitations.

## APPEAL TO THE EEOC

In lieu of filing a civil action, you may appeal to the Equal Employment
Opportunity Commission within 20 calendar days of receipt of the decision.
The appeal shall be in writing and filed, in duplicate, with the Office of
Review and Appeals, Equal Employment Opportunity Commission, P.O. Box 19848,
Washington, D.C. 20036-0848.  Any supporting statement or brief must be
submitted, in duplicate, to the EEOC within 30 calendar days of filing the
appeal.  A copy of the appeal and any supporting documentation must also be
submitted to the Manager, EEO Complaint Processing, San Antonio Division, P.O.
Box 33010, San Antonio, Texas 78265-3010.  Failure to file within the 20-day
period could result in the EEOC's rejection of the appeal unless you explain,
in writing, extenuating circumstances which prevented filing within the
prescribed time limit.  In this event, extending the time limit and accepting
the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC, Office of Review and Appeals, you may
file a civil action in an appropriate U. S. District Court within 30 calendar
days of receipt of the ORA's decision on allegations pertaining to non-age
factors.  A civil action may be filed on non-age factors after 180 calendar
days of your appeal to the EEOC, if it has not rendered a final decision.

JESSE DURAZO
FIELD DIVISION GENERAL MANAGER POSTMASTER
10410 PERRIN BEITEL RD
SAN ANTONIO TX  78284-9998

P 801 595 100

**Certified Mail Receipt**
No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

UNITED STATES
POSTAL SERVICE

Sent to
Rodriguez

Street & No.

P.O., State & ZIP Code

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Address of Delivery | |
| TOTAL Postage & Fees | $ |

Postmark or Date

FAD 3/17/92

PS Form 3800, June 1990

---

FAD 3L12H492

● **SENDER:** Complete items 1 and 2 when additional services are desired, and complete items 3 and 4.
Put your address in the "RETURN TO" Space on the reverse side. Failure to do this will prevent this card from being returned to you. The return receipt fee will provide you the name of the person delivered to and the date of delivery. For additional fees the following services are available. Consult postmaster for fees and check box(es) for additional service(s) requested.

1. ☐ Show to whom delivered, date, and addressee's address.   2. ☐ Restricted Delivery
(Extra charge)   (Extra charge)

| 3. Article Addressed to: | 4. Article Number |
|---|---|
| Francisco Rodriguez<br>719 Citrus Terrace<br>Harlingen Tx 78550-<br>5164 | P 801 595 100 |
| | Type of Service:<br>☐ Registered ☐ Insured<br>☒ Certified ☐ COD<br>☐ Express Mail ☐ Return Receipt for Merchandise |
| | Always obtain signature of addressee or agent and DATE DELIVERED. |
| 5. Signature — Addressee<br>X | 8. Addressee's Address (ONLY if requested and fee paid) |
| 6. Signature — Agent<br>X | |
| 7. Date of Delivery<br>4-5-92 | |

PS Form 3811, Apr. 1989   ✻U.S.G.P.O. 1989-238-815   **DOMESTIC RETURN RECEIPT**

UNITED STATES POSTAL SERVICE
SAN ANTONIO DIVISION
EQUAL EMPLOYMENT OPPORTUNITY CASE

IN THE MATTER OF:

SEP 14 1992

---

FRANCISCO R RODRIGUEZ,           )
Complainant,                     )
                                 )
                                 )        Case No. 3-U-1376-92
              v.                 )
                                 )        Filed On August 15, 1992
MARVIN T RUNYON,                 )
Postmaster General, Respondent.  )        Certified Mail No. P 109 022 658
                                 )        Return Receipt Requested

---

FINAL AGENCY DECISION

Reference is made to your complaint of discrimination dated August 15, 1992, filed with the Manager, EEO Complaint Processing, San Antonio Division, wherein you alleged discrimination based on sex (male), age (59 yrs), and reprisal (previous EEO complaints), when on April 16, 1992, you were issued a letter of proposed removal.

Equal Employment Opportunity Commission (EEOC) regulations, specifically, 29 C.F.R. 1613.214, provide for filing a formal complaint based on the complainant's belief that an individual action was based on a non-merit factor. Inherent in that regulation is the requirement that some personal harm must have occurred which is illegal or impermissible under Title VII or EEO law. The issue in this case centers on whether the allegation, as framed by you, sufficiently claims injury as a result of a discriminatory practice and whether the alleged injury remains unremedied. The Postal Service need not process an individual complaint if the Complainant fails to allege an unresolved specific personal injury as a result of the alleged discriminatory act. See generally Warth v. Seldin, 422 U.S. 490 (1975); James v. Rumsfeld, 580 F.2d 244 (6th Cir. 1978); and Robert Edwards v. U.S. Postal Service, ORA No. 01830784 (04-06-83). In Hackett v. McGuire Bros., Inc., 445 F.2d 447 (3rd Cir. 1971) the Court enunciated that a Complainant must point to "an injury in fact" in order to be aggrieved. The Complainant must establish "a direct and personal injury" in order to constitute an aggrieved party. EEOC v. Bailey Company, 12 F.E.P. Case 623 (Md Tenn. 1975). We conclude that the injury alleged in this case do not meet the requirement of "aggrieved" within the context of 29 C.F.R. 1613.212(a).

A review of the records reveals that through the grievance arbitration procedure on July 31, 1992, you were returned to duty with full back pay. As enumerated by the Supreme Court in Alexander v. Gardner. Denver, Co., 415 U.S. 36, 51 M.14 (1974);

> (I)f the relief obtained by the employee in the grievance arbitration procedure were equivalent to that obtainable under Title VII there would be no further relief for the court to grant...hence no need for the employee to institute suit.



EXHIBIT
C

It is evident that the relief granted through the grievance arbitration procedure is equivalent to that obtainable under Title VII had discrimination been found. We find that your success in that forum bars further processing of your complaint and Title VII. <u>Strozier v. General Motors Corp.</u>, 635 E.2d 424 (5th Cir. 1981).

Accordingly, for the foregoing reasons, the Postal Service finds that in case number 3-U-1376-92, you have failed to state a claim in that the matter was resolved through the grievance arbitration procedure. EEOC regulation 29 C.F.R. 1613.215 provides that the agency may cancel a complaint because of failure of the complainant to prosecute the complaint. Therefore, in accordance with 29 C.F.R. 1613.215, your complaint is rejected for further processing.

## RIGHT TO FILE A CIVIL ACTION

If you are dissatisfied with this final decision, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of this decision. If you choose to file a civil action, that action should be captioned (Your Name) v. (Postmaster General). You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

## APPEAL TO THE EEOC

In lieu of filing a civil action, you may appeal to the Equal Employment Opportunity Commission within 20 calendar days of the date of your receipt of this decision. The appeal must be in writing and filed, in duplicate, with the Office of Federal Operations, EEOC, P.O. Box 19848, Washington, D.C. 20036-0848. Any supporting statement or brief must be submitted, in duplicate, to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the Manager, EEO Complaints Processing, San Antonio Division, P.O. Box 33010, San Antonio, Texas 78265-3010. Failure to file within the 20-day period could result in the EEOC's rejection of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC, Office of Federal Operations, you may thereafter file a civil action in an appropriate U. S. District Court within 90 calendar days of your receipt of the Office of Federal Operations' decision. A civil action may also be filed after 180 calendar days of your appeal to the EEOC, if you have not received a final agency decision on your appeal.

JESSE DURAZO
FOR FIELD DIVISION GENERAL MANAGER POSTMASTER
10410 PERRIN BEITEL RD
SAN ANTONIO TX  78284-9998

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 25 of 51

---------------------------- Top of Document ----------------------------
<BIB>                                              Load date: 08 Dec 95
Equal Employment Opportunity Commission (EEOC)

*************************************************************************
                    Rodriguez, Francisco R. VS USPS
*************************************************************************

Document Number:  01930110
Date:             22 DEC 92
Hardcopy Pages:   4
-------------------------------------------------------------------------
<TEXT>

Francisco R. Rodriguez,
     Appellant,

     v.

Marvin T. Runyon, Jr.,
Postmaster General,
United States Postal Service,
(Southern Region),
     Agency.

Agency No. 3-U-1376-92

DECISION                                                          ▶

     Appellant filed an appeal with this Commission from a final decision of
the agency concerning his complaint of unlawful employment discrimination, in
violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.
2000e et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as
amended, 29 U.S.C. 621 et seq. The final agency decision was received by
appellant on September 16, 1992. The appeal was postmarked October 6, 1992.
Accordingly, the appeal is timely (see 29 C.F.R. 1613.233(a)) [Footnote 1]
and is accepted in accordance with EEOC Order No. 960, as amended.

ISSUE PRESENTED

     The issue on appeal is whether the agency properly rejected the
appellant's complaint on the grounds that appellant failed to state a claim.

BACKGROUND

     A review of the record reveals that the appellant filed a formal complaint
alleging that he was discriminated against on the bases of his sex (male), age
(59), and in reprisal for prior EEO activity when on April 16, 1992, he was
issued a Letter of Proposed Removal. The appellant filed a grievance
challenging his removal. At Step 3 of the grievance, the appellant was awarded
his position with full backpay. The agency, in its final decision, rejected
the appellant's complaint on the grounds that the complaint failed to state a
claim. Specifically, the agency contends that the appellant received full
relief through the grievance process.

EXHIBIT
D

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 26 of 51

## ANALYSIS AND FINDINGS

EEOC Regulation 29 C.F.R. 1613.212(a) the regulation in effect at the time of the agency's decision at issue herein, stated that the agency shall provide in its regulations for the acceptance of a complaint from any aggrieved employee or applicant who believes that he or she has been discriminated against on the basis of race, color, religion, sex, national origin, age or disability. Specifically, an aggrieved employee is an individual who has suffered some personal loss or harm with respect to a term, condition, or privilege of employment. Trafficante v. Metropolitan Life Insurance, 409 U.S. 205 (1972).

The allegations raised in the appellant's complaint state a claim pursuant to the Regulations. However, it should be understood that the purpose of Title VII is to relieve employees and applicants from the effects of employment discrimination and to implement remedies which will enable the affected parties to attain and maintain their rightful places in the work environment. See Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975). In other words, the appellant is ordinarily entitled to be made whole.

In the present case, the appellant was awarded his position and all backpay through the grievance process. As a result, there is no reasonable expectation that any of the alleged violations would recur, and any effect of the alleged violation has been completely and irrevocably eradicated by the appellant's reinstatement with backpay. Hence, there is no longer a live controversy involved in this case. See County of Los Angeles v. Davis, 440 U.S. 625 (1979). Accordingly, the agency's decision to reject appellant's ▸ complaint for failure to state a claim under EEOC Regulation 29 C.F.R. 1613.212 was proper and is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M1092)

The Commission may, in its discretion, reconsider the decision in this case if the appellant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. New and material evidence is available that was not readily available when the previous decision was issued; or

2. The previous decision involved an erroneous interpretation of law, regulation or material fact, or misapplication of established policy; or

3. The decision is of such exceptional nature as to have substantial precedential implications.

Requests to reconsider, with supporting arguments or evidence, MUST BE FILED WITHIN THIRTY (30) CALENDAR DAYS of the date you receive this decision, or WITHIN TWENTY (20) CALENDAR DAYS of the date you receive a timely request to reconsider filed by another party. Any argument in opposition to the request to reconsider or cross request to reconsider MUST be submitted to the Commission and to the requesting party WITHIN TWENTY (20) CALENDAR DAYS of the

CEof.PDF - www.fastio.com

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 27 of 51

Database PNET_EEOC                    EEOC Decisions                    28-Dec-95
User     P_USPS_TN04                                                   10:26 AM
              EEOC 01930110 22DEC92 RODRIGUEZ, FRANCISCO R. VS USPS      Page 3

date you receive the request to reconsider. See 29 C.F.R. 1614.407. All
requests and arguments must bear proof of postmark and be submitted to the
Director, Office of Federal Operations, Equal Employment Opportunity
Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a
legible postmark, the request to reconsider shall be deemed filed on the date
it is received by the Commission.

RIGHT TO FILE A CIVIL ACTION (S1092)

     You have the right to file a civil action in an appropriate United States
District Court WITHIN NINETY (90) CALENDAR DAYS of the date that you receive
this decision. If you file a civil action, YOU MUST NAME AS THE DEFENDANT IN
THE COMPLAINT THE PERSON WHO IS THE OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD,
IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE. Failure to
do so may result in the dismissal of your case in court. "Agency" or
"department" means the national organization, and not the local office,
facility or department in which you work. If you file a request to reconsider
and also file a civil action, filing a civil action will terminate the
administrative processing of your complaint. 29 C.F.R. 1614.410

RIGHT TO REQUEST COUNSEL (Z1092)

     If you decide to file a civil action, and if you do not have or cannot
afford the services of an attorney, you may request that the Court appoint an
attorney to represent you and that the Court permit you to file the action
without payment of fees, costs, or other security. See Title VII of the Civil
◄ Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rehabilitation
Act of 1973, as amended, 29 U.S.C. 791, 794(c). The grant or denial of the   ►
request is within the sole discretion of the Court. Filing a request for an
attorney does not extend your time in which to file a civil action. Both the
request and the civil action must be  filed within the time limits as stated
in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Ronnie Blumenthal, Director
Office of Federal Operations

DEC 22 1992
DATE

FOOTNOTES

Footnote 1

The Commission hereby notes that effective October 1, 1992, all pending
and subsequently filed EEO complaints are to be processed in accordance
with the new EEOC Regulations 29 C.F.R. 1614.103 et seq.

--------------------------- Bottom of Document ----------------------------

CSAPDF - www.faxite.com

Case 1:95-cv-00150 Document 73 Filed in TXSD on 02/22/1999 Page 28 of 51

*San Antonio*

*Remand*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507

# COPY

RECEIV
SEP 2 0 1996
APPEALS PROCESSING
CENTER - USPS
MEMPHIS, TN

Francisco R. Rodriguez,
 Appellant,

  v.

Marvin T. Runyon, Jr.,
Postmaster General,
United States Postal Service,
(Southern Region),
 Agency.

)
)
)
)
)
)
)
)
)
)
)
)

Request No. 05960427
Appeal No. 01930110
Agency No. 3-U-1376-92

## GRANTING OF REQUEST TO RECONSIDER

On March 13, 1995, Francisco R. Rodriguez, (hereinafter referred to as appellant) initiated a timely request to the Equal Employment Opportunity Commission (the Commission) to reconsider the decision in <u>Francisco R. Rodriguez v. Marvin T. Runyon, Jr., Postmaster General, United States Postal Service, (Southern Region)</u>, EEOC Appeal No. 01930110 (December 22, 1992) received after February 14, 1995.[1] EEOC Regulations provide that the Commissioners may, in

---

[1]The certified mail return receipt for the subject decision indicates that appellant signed for it at his address on December 28, 1993. However, appellant contacted the Commission's Office of Federal Operations (OFO) by letter dated January 11, 1995, indicating that he had been waiting for communication from the Commission on his appeal and requesting information on its status. By letter dated February 14, 1995, the Chief of the Intake and Control Branch of OFO's Compliance and Control Division forwarded a new copy of the decision and indicated that it had previously been sent to appellant by certified mail which he received on December 28, 1992.

In his March 13, 1995 request for reconsideration, appellant asserts that the envelope which he signed for on December 28, 1992 contained another appellant's decision and that he placed a telephone call to the OFO and informed a staff member therein that he was returning the document to the Commission. Appellant produces a copy of the caption and signature page of the erroneously mailed decision which reflects the name of another appellant at a different agency and the same date on which his own decision was issued. He also produces a copy of the envelope in which he received the decision which bears notations of his telephone call to OFO. Appellant further submits a copy of an October 19, 1994 letter from the agency's Acting EEO Compliance and
(continued...)

INTERIM COMPLIANCE
DUE 11-12-96
issue acceptance letter

FINAL COMPLIANCE
DUE 3-12-97 file
issue investigative
with appeal rights

EXHIBIT
E

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 29 of 51

2

#05950420
#01930110

their discretion, reconsider any previous Commission decision. 29
C.F.R. §1614.407(a). The party requesting reconsideration must
submit written argument or evidence that tends to establish one or
more of the following three criteria: new and material evidence is
available that was not readily available when the previous decision
was issued, 29 C.F.R. 1614.407(c)(1); the previous decision
involved an erroneous interpretation of law, regulation, or
material fact, or a misapplication of established policy, 29 C.F.R.
§1614.407(c)(2); and the decision is of such exceptional nature as
to have substantial precedential implications, 29 C.F.R.
§1614.407(c)(3). For the reasons set forth herein, appellant's
request is GRANTED.

### ISSUE PRESENTED

The issue presented herein is whether the prior appellate decision
correctly affirmed, on mootness grounds, the agency's dismissal of
appellant's complaint.

### BACKGROUND

The pertinent facts were set forth in detail by the previous
decision and are incorporated by reference herein. On April 28,
1992, appellant contacted an EEO Counselor alleging that, based on
his age (59), sex (male) and in reprisal for his prior EEO
activity, he received a notice of proposed removal from the
agency.[2] In his request for EEO Counseling, appellant requested to
be made whole, to have his disciplinary actions expunged, to have
his previous assignment restored, and for unspecified "necessary
and exemplary damages plus reasonable attorneys fees." The EEO
Counselor's Report indicated that appellant sought as resolution,

---

[1](...continued)
Appeals Coordinator which informed appellant, in response to his
September 1994 inquiry, that the case was presently before the
Commission. The agency also has not disputed the timeliness of
appellant's request for reconsideration before the Commission.
Based on the foregoing, we exercise our discretion to consider
appellant's request on its merits.

[2]The record indicates that on March 20, 1992, appellant was
placed on emergency suspension after allegedly making threatening
statements concerning agency officials. On April 10, 1992, the
agency issued a notice of proposed removal and on May 14, 1992
appellant was issued a letter of decision removing him effective
May 15, 1992.

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 30 of 51

3

#05950420
#01930110

inter alia, that the discipline be expunged, that he be "made
whole, including overtime," and that he be returned to his bid
assignment. The report further indicated that through the grievance
process, appellant would be made whole as soon as his back pay and
benefit award was processed. Appended to the report is a copy of a
partially completed Back Pay Decision/Settlement Worksheet.[3]

After receiving a Notice of Final Interview, appellant filed a
formal EEO complaint dated August 15, 1992 in which he alleged that
based on his age, sex and in reprisal for his prior EEO activity,
he was terminated from the agency. Appellant did not incorporate
his placement on emergency suspension into his complaint. As
corrective action on his complaint, appellant again requested
expungement of the removal action, restoration of pay with
interest, a return to his bid assignment and legal expenses.
Appellant designated a representative in his complaint.[4]

The record indicates that appellant filed a union grievance
challenging his removal. A July 9, 1992 letter to the National
Business Agent for the employee's union, signed by the agency's
Labor Relations Specialist and the union representative, indicated
that the grievance was settled at step 3 and that appellant would
be "returned to duty with full back pay." There is no other
official indication of the terms of this grievance settlement
provided in the record.

Thereafter, the agency issued its final agency decision (FAD)
rejecting appellant's complaint for failure to state a claim in
that the matter was resolved through the grievance arbitration
procedure. The agency found that the relief granted through that
procedure was equivalent to that obtainable under Title VII if
discrimination had been found.

---

[3]The EEO Counselor's report indicated that the award included
full back pay for the time period appellant was out of work,
overtime he would have worked, retroactive reinstatement of his
health insurance, thrift savings plan, life insurance coverage,
full leave benefits and Cost of Living Adjustment, and that it
would be processed when appellant signed and returned the
Worksheet.

[4]Appellant did not indicate that this individual was an
attorney. The named individual is listed in other documentation in
the record as a union representative.

Case 1:95-cv-00150  Document 73  Filed in TXSD on 02/22/1999  Page 31 of 51

4

#05950420
#01930110

On appeal to the Commission, appellant asserted that he had not
been made whole by the step 3 grievance decision in that he was
entitled to, but not provided with, disputed overtime, interest
payments on his backpay, attorney's fees, expungement of his
records, and restoration of certain leave expended. Appellant also
appeared to be claiming entitlement to backpay and benefits for the
time period covered by his emergency suspension. Appellant attached
numerous documents relative to the back pay award he obtained in
the grievance settlement.

The previous decision found that appellant's complaint stated a
claim pursuant to the Commission's regulations, but held that since
appellant was awarded his position and all backpay through the
grievance process, there was no longer a live controversy involved
in the case under the criteria enunciated in County of Los Angeles
v. Davis, 440 U.S. 625 (1979).

In his request for reconsideration, appellant asserts that his
submission of "material evidence" rebuts the agency's rejection of
his complaint on the grounds that he was awarded his position and
all backpay through the grievance process. Appellant asserts that
he has still not received his full backpay award from the agency
pursuant to the grievance decision. Appellant provides a lengthy
background discussion of the facts which preceded his removal from
the agency and of his treatment leading up to his removal.
Appellant further asserts that this harassment caused him to incur
medical and other expenses, for which he appends copies of
statements from various physicians. Appellant further alleges that
the agency has failed to fully implement the backpay award in
several respects including the amount of overtime and higher level
pay and the provision of interest on that backpay award. Appellant
also requests an award of compensatory damages, costs and
reasonable attorney's fees.

The agency has responded to appellant's request for reconsideration
by asserting that appellant has failed to meet the criteria
required to grant reconsideration.

### ANALYSIS AND FINDINGS

After a careful review of the record, the Commission finds that
appellant's request for reconsideration meets the regulatory
criteria of 29 C.F.R. §1614.407(c)(2). Accordingly, it is the
decision of the Commission to grant his request.

Specifically, the Commission finds, upon review, that the record
indicates that the previous decision erroneously failed to consider

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 32 of 51

5

#05950420
#01930110

appellant's allegation that his grievance settlement failed to
provide him with the full panoply of relief he would be entitled to
if he prevailed on his discrimination complaint. While appellant
clearly requested during EEO Counseling, in his formal complaint,
and on appeal that his records be expunged of the disciplinary
action at issue, his removal, there is no indication that appellant
has achieved this result through the grievance process.[5] Moreover,
in his request for reconsideration, appellant requests compensatory
damages and appears to be alleging that his removal was the
culmination of earlier harassment by the agency which allegedly
caused and/or aggravated physical illness.    When viewed in
combination with appellant's early request for EEO Counseling, in
which he requested, inter alia, that he be "made whole," and be
provided with unspecified "necessary and exemplary damages," these
documents suggest a potential award of compensatory damages in the
event appellant were to prevail in the EEO forum thereby further
precluding a finding that appellant has received all the relief he
would be entitled to if he prevailed on his EEO complaint in the
grievance forum. Thus, we cannot say, based on the record herein,
that any effect of the removal has been completely and irrevocably
eradicated by appellant's reinstatement with back pay through the
grievance process.[6]

---

[5]In this regard, we note that the record of relief achieved by
appellant through the step 3 grievance process is sketchy at best.
We further note that there is no copy of any agreement in the
record which would indicate an intent by appellant to waive his
right to pursue an EEO complaint on his removal in exchange for his
reinstatement with backpay.

[6]However, we also note that while appellant has repeatedly
requested reasonable attorney's fees in his request for counseling,
formal complaint, and in his appeal statement and request for
reconsideration before the Commission, there is no indication from
the present record that appellant has yet incurred such fees in the
EEO process. It is also unclear from the documentation submitted by
appellant to the Commission, whether the agency has yet provided
appellant with the full backpay and benefit award for his removal
which he could secure through the EEO process if there were a
finding of discrimination. Appellant's repeated arguments
concerning the agency's alleged failure to provide him with the
complete backpay and benefit award, including interest, allegedly
mandated by the grievance settlement, are best addressed as
compliance matters in that forum.

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 33 of 51

6

#05950420
#01930110

## CONCLUSION

After a review of appellant's request for reconsideration, the
agency's response thereto, the previous decision, and the entire
record, the Commission finds that the appellant's request meets the
criteria of 29 C.F.R. §1614.407(c)(2), and it is the decision of
the Commission to GRANT the request. The agency's FAD and the
decision in EEOC Appeal No. 01930110 (December 22, 1992) are
REVERSED and the appellant's complaint is REMANDED for continued
processing in accordance with the Commission's Order set forth
below. There is no further right of administrative appeal on a
decision of the Commission on a Request for Reconsideration.

## ORDER (E1092)

The agency is ORDERED to process the remanded complaint in
accordance with 29 C.F.R. §1614.108. The agency shall acknowledge
to the appellant that it has received the remanded complaint within
thirty (30) calendar days of the date this decision becomes final.
The agency shall issue to appellant a copy of the investigative
file and also shall notify appellant of the appropriate rights
within one hundred fifty (150) calendar days of the date this
decision becomes final, unless the matter is otherwise resolved
prior to that time.  If the appellant requests a final decision
without a hearing, the agency shall issue a final decision within
sixty (60) days of receipt of appellant's request.

A copy of the agency's letter of acknowledgement to appellant and
a copy of the notice that transmits the investigative file and
notice of rights must be sent to the Compliance Officer as
referenced below.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0595)

Compliance with the Commission's corrective action is mandatory.
The agency shall submit its compliance report within thirty (30)
calendar days of the completion of all ordered corrective action.
The report shall be submitted to the Compliance Officer, Office of
Federal Operations, Equal Employment Opportunity Commission, P.O.
Box 19848, Washington, D.C. 20036.  The agency's report must
contain supporting documentation, and the agency must send a copy
of all submissions to the appellant. If the agency does not comply
with the Commission's order, the appellant may petition the
Commission for enforcement of the order. 29 C.F.R. §1614.503 (a).
The appellant also has the right to file a civil action to enforce

Case 1:95-cv-00150  Document 73  Filed in TXSD on 02/22/1999  Page 34 of 51

7

#05950420
#01930110

compliance with the Commission's order prior to or following an administrative petition for enforcement. **See** 29 C.F.R. §§ 1614.408, 1614.409, and 1614.503 (g). Alternatively, the appellant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.408 and 1614.409. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. §2000e-16(c) (Supp. V 1993). If the appellant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. **See** 29 C.F.R. §1614.410.

## RIGHT TO FILE A CIVIL ACTION (R0993)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court. It is the position of the Commission that you have the right to file a civil action in an appropriate United States District Court **WITHIN NINETY (90) CALENDAR DAYS** from the date that you receive this decision. You should be aware, however, that courts in some jurisdictions have interpreted the Civil Rights Act of 1991 in a manner suggesting that a civil action must be filed **WITHIN THIRTY (30) CALENDAR DAYS** from the date that you receive this decision. To ensure that your civil action is considered timely, you are advised to file it **WITHIN THIRTY (30) CALENDAR DAYS** from the date that you receive this decision or to consult an attorney concerning the applicable time period in the jurisdiction in which your action would be filed. In the alternative, you may file a civil action **AFTER ONE HUNDRED AND EIGHTY (180) CALENDAR DAYS** of the date you filed your complaint with the agency or filed your appeal with the Commission. If you file a civil action, **YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE.** Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate** the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1092)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court

Case 1:95-cv-00150    Document 73    Filed in TXSD on 02/22/1999    Page 35 of 51

8                              #05950420
                               #01930110


permit you to file the action without payment of fees, costs, or
other security.  See Title VII of the Civil Rights Act of 1964, as
amended, 42 U.S.C. §2000e et seq.; the Rehabilitation Act of 1973,
as amended, 29 U.S.C. §§791, 794(c).  The grant or denial of the
request is within the sole discretion of the Court.  Filing a
request for an attorney does not extend your time in which to file
a civil action.  Both the request and the civil action must be
filed within the time limits as stated in the paragraph above
("Right to File A Civil Action").


                              FOR THE COMMISSION:


9/13/96                       Frances M. Hart/sr
Date
                              Frances M. Hart
                              Executive Officer
                              Executive Secretariat

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 36 of 51

APPEALS PROCESSING CENTER



**UNITED STATES**
**POSTAL SERVICE**

JAN 29 1997

Mr. Francisco Rodriguez
719 Citrus Terrace
Harlingen, TX 78550-5169

CERTIFIED MAIL NO. P 591 233 589
RETURN RECEIPT REQUESTED

RE:   Francisco Rodriguez v. Marvin T.
      Runyon, Postmaster General
      Agency No. 3-U-1376-92
      OFO Docket No. 01930110
      OFO Request No. 05950420

Dear Mr. Rodriguez:

This will be the Postal Service's final agency decision on the above-referenced
complaint filed with the Senior EEO Complaints Processing Specialist, San
Antonio District, on August 16, 1992. In the complaint, you alleged
discrimination on the bases of sex (male), age (59), and retaliation (prior EEO
activity) when you were issued a Notice of Removal resulting in your
termination from the Postal Service.

Equal Employment Opportunity Commission (EEOC) Regulations at Title
29 C.F.R. § 1614.107(c) provide for the agency to dismiss a complaint or a
portion of a complaint that is the basis of a pending civil action in a United
States District Court in which the complainant is a party provided that at least
180 days have passed since the filing of the administrative complaint, or that
was the basis of a civil action decided by a United States District Court in
which the complainant was a party.

A review of the record reflects that on October 25, 1995, you filed a civil action
(B-95-150) in the United States District Court, Southern District of Texas,
Brownsville Division, concerning your removal from the Postal Service. As the
basis of your civil action and this issue are the same, your allegation pertaining
to this matter is dismissed in accordance with the above regulation.

225 N HUMPHREYS BOULEVARD
MEMPHIS TN 38166-0978
FAX: 901-747-7239



EXHIBIT

F

Case 1:95-cv-00150  Document 73   Filed in TXSD on 02/22/1999  Page 37 of 51

Mr. Francisco Rodriguez                                              2

### Appeal To The EEOC

In lieu of filing a civil action, you may appeal to the Equal Employment
Opportunity Commission within 30 calendar days of the date of your receipt of
this decision. The appeal must be in writing and filed with the Office of Federal
Operations, Equal Employment Opportunity Commission, P.O. Box 19848,
Washington, DC 20036-0848, utilizing the enclosed Form 573, Notice of
Appeal/Petition to the Equal Employment Opportunity Commission, Office of
Federal Operations. Any supporting statement or brief must be submitted, in
duplicate, to the EEOC within 30 calendar days of filing the appeal. A copy of
the appeal and any supporting documentation must also be submitted to the
EEO Compliance and Appeals Coordinator, Appeals Processing Center, U.S.
Postal Service, Memphis, TN 38166-0978. Failure to file within the 30-day
period could result in the EEOC's rejection of the appeal unless you explain, in
writing, extenuating circumstances which prevented filing within the
prescribed time limit. In this event, extending the time limit and accepting the
appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may
thereafter file a civil action in an appropriate U.S. District Court within 90
calendar days of your receipt of the decision from the Office of Federal
Operations. A civil action may also be filed after 180 calendar days of the
appeal to the EEOC if you have not received a final decision on the appeal.

Sincerely,

*Otis Maclin*

Otis Maclin, Jr.
EEO Compliance and Appeals Coordinator

Enclosure

cc:   Senior EEO CP Specialist, San Antonio District
      Rudy Perez, Jr., Rep., 800 W. Airport Freeway, Lobby Box 6093,
         Ste. 1031, Irving, TX 75062-6384
      Natalie Rochelle, EEOC, OFO
      Rebecca Brown, Appeals Processing Center

HRC42:JJones:etg:38166-0978

CMIPDF - www.fenrir.com

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 38 of 51

```
------------------------------ Top of Document ------------------------------
```
<BIB>                                                       Load date: 13 Feb 1999
Equal Employment Opportunity Commission Federal Sector Case Decisions (EEOC)

```
***********************************************************************
                     Rodriquez, Francisco R. VS USPS
***********************************************************************
```

< Document Number:   01973091

Date:               05 JAN 1998

Subject-term:       Allegation Rejection - Civil Action Filed
Subject-term:       Decision on Procedural Issues
```
-------------------------------------------------------------------------
```
<TEXT>

                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                            Office of Federal Operations
                                  P.O. Box 19848
                              Washington, D.C. 20036

    Francisco R. Rodriguez,
            Appellant,

*              v.                           Appeal No. 01973091
                                            Agency No. 3-U-1376-92

    Marvin T. Runyon, Jr.,
    Postmaster General,
    United States Postal Service,
        Agency.


DECISION

    The record establishes that on September 6, 1995, appellant filed a civil
action, Case No. B-95-150, in the United States District Court for the
Southern District of Texas, Brownsville Division. Therein, appellant alleged
the same claims contained in his EEO complaint regarding the agency's alleged
discriminatory issuance of a Notice of Removal, resulting in appellant's
termination from the agency. Accordingly, the agency's final decision
dismissing appellant's complaint is AFFIRMED.

STATEMENT OF RIGHTS - ON APPEAL

RECONSIDERATION (M0795)

    The Commission may, in its discretion, reconsider the decision in this
case if the appellant or the agency submits a written request containing
arguments or evidence which tend to establish that:

    1. New and material evidence is available that was not readily available
when the previous decision was issued; or

**EXHIBIT**
G

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 39 of 51

2. The previous decision involved an erroneous interpretation of law, regulation or material fact, or misapplication of established policy; or

3. The decision is of such exceptional nature as to have substantial precedential implications.

Requests to reconsider, with supporting arguments or evidence, MUST BE FILED WITHIN THIRTY (30) CALENDAR DAYS of the date you receive this decision, or WITHIN TWENTY (20) CALENDAR DAYS of the date you receive a timely request to reconsider filed by another party. Any argument in opposition to the request to reconsider or cross request to reconsider MUST be submitted to the Commission and to the requesting party WITHIN TWENTY (20) CALENDAR DAYS of the date you receive the request to reconsider. See 29 C.F.R. s1614.407. All requests and arguments must bear proof of postmark and be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed filed on the date it is received by the Commission.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely. If extenuating circumstances have prevented the timely filing of a request for reconsideration, a written statement setting forth the circumstances which caused the delay and any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. s1614.604(c).

RIGHT TO FILE A CIVIL ACTION (S0993)

It is the position of the Commission that you have the right to file a civil action in an appropriate United States District Court WITHIN NINETY (90) CALENDAR DAYS from the date that you receive this decision. You should be aware, however, that courts in some jurisdictions have interpreted the Civil Rights Act of 1991 in a manner suggesting that a civil action must be filed WITHIN THIRTY (30) CALENDAR DAYS from the date that you receive this decision. To ensure that your civil action is considered timely, you are advised to file it WITHIN THIRTY (30) CALENDAR DAYS from the date that you receive this decision or to consult an attorney concerning the applicable time period in the jurisdiction in which your action would be filed. If you file a civil action, YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. Filing a civil action will terminate the administrative processing of your complaint.

RIGHT TO REQUEST COUNSEL (Z1092)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. s2000e et seq.; the Rehabilitation

CIMPDF - www.tesisa.com

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 40 of 51

Act of 1973, as amended, 29 U.S.C. ss791, 794(c). The grant or denial of the
request is within the sole discretion the Court. Filing a request for an
attorney does not extend your time in which to file a civil action. Both the
request and the civil action must be filed within the time limits as stated in
the paragraph above ("Right to File A Civil Action").

                         FOR THE COMMISSION:

JAN 5 1998                   _____
   DATE                      Ronnie Blumenthal, Director
                             Office of Federal Operations

------------------------ Bottom of Document ----------------------------



**CERTIFIED MAIL-RETURN RECEIPT REQUESTED P-781 902 278**
February 25, 1993

OFFICE OF FEDERAL OPERATIONS, EEOC
P. O. BOX 19848
WASHINGTON, D.C. 20036-1948

REF: EEO CASE NO. 3-U-1604-92

Dear Sirs:

This is to advise you of my intent to sue the The United States
Postal Service on my EEO Discrimination Complaint Case
No. 3U-1604-92.

Thanking you for all your kind courtesies, I am

                          Very truly yours,

                          FRANCISCO R. RODRIGUEZ
                          719 CITRUS TERRACE
                          HARLINGEN, TEXAS 78550-5169

xc: Ms. Alice A. Orta
    EEO Counselor/Investigator
    P. O. Box 33010
    San Antonio, Texas 78265-3010

enclosure (1)

**EXHIBIT**

**H**





# EEO Request for Counseling

| Ce... )N | or Hand Delivered On |
|---|---|
| By (Initials) | Informal No. |

**rtant: Please Read Carefully.** This is the only notification that you will receive regarding the necessity for you to complete this form. *If not* ...eted and returned to the EEO Office *within 5 calendar days* from the date of your receipt of this form, your request for counseling may be ...eled based upon failure to cooperate. **3-4-1604-92**

On _August 27_____, 19 _92_, you requested an appointment with an EEO Counselor.

## A. Requester Information

| Name (Last, First, MI) | Social Security No. | Home Telephone No. |
|---|---|---|
| RODRIGUEZ, FRANCISCO R. | 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 | (210) 423-8632 |

Mailing Address
719 CITRUS TERRACE , HARLINGEN , TEXAS , 78550

| Postal Facility Where You Work | Position Title | Grade Level | Office Telephone No. |
|---|---|---|---|
| HARLINGEN | DIST/WINDOW CLERK | 5 | (210) 423-1430 |

| Pay Location | Tour | Off Days (If Tour I, Show Nights Off) | Duty Hours |
|---|---|---|---|
| 202 | 2 | Saturday / Sunday | 6:45 - 3:45 |

Employment Status (Check One)

☐ Applicant   ☐ Casual   ☐ TE   ☑ Career

## B. Discrimination Factors

In the Postal Service, prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Handicap, or Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as *factors.*

What Factor(s) of Discrimination Are You Alleging (Be Specific; Describe, i.e., Race-Black, Sex-Female)?
AGE, SEX AND REPRISAL.

**For Retaliation Allegations Only:** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity which you feel caused you to be retaliated against.

1. On _4-16-92_____, 19 ___, I engaged in EEO activity. Case No. _3-4-1376-92_

2. On _12-11-91_____, 19 ___, I engaged in EEO activity. Case No. _3-4-1169-92_

## C. Description of Incident/Activity

Please use the space below to briefly describe the incident or activity which prompted you to seek EEO counseling at this time.

On _JULY 28_____, 19 _92_ the following occurred:
I WAS PUT BACK TO WORK AFTER BEING WRONGFULLY
TERMINATED. UPON MY RETURN MY DUTY ASSIGNMENT WAS VERBALLY
ABOLISHED. I WAS ASSIGNED DUTIES AT WILL. SUBSEQUENTLY MS MARY
CORKILL WAS REASSIGNED TO HARLINGEN AS A PTF CLERK AND GIVEN A
WINDOW FLEXIBLE CREDIT AND ASSIGNED TO THE WINDOW. A PREFERRED
DUTY ASSIGNMENT CONSIDERED BY ME. EDNA CORTEZ, EDDIE PEREZ
JUAN VALDEZ AND ROY ELIZONDO HAVE DETAILED TO
PERFORM BID ASSIGNMENT DUTIES. ALL JUNIOR TO ME.

PS Form **2564-A,** September 1992 (Page 1 of 3)

CSMPDF — www.fdsto.com

## G. Anonymity

You have the right to remain anonymous at the Counseling stage of EEO Complaint Processing.

Do you desire anonymity?   ☐ Yes   ☒ No

## H. Representation

You have the right to retain representation of your choice. *(Check One)*

☐   I authorize the person listed below to represent me.

*ANTONIO CHAVARRIA*
(Name of Representative)

*WINDOW CLERK*
(Title)

(Organization)

*MERCEDES TEXAS POST OFFICE*
(Mailing Address)

*MERCEDES TX 78570*
(City/State/ZIP + 4)

(    )
(Telephone Number)

☐   I waive the right to representation at this time.

## I. Privacy Act Statement

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972, 29 U.S.C., sections 621 et seq and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits, to a government agency upon its request when relevant to its decision concerning employment, security clearances, or suitability investigations, contracts, licenses, grants or other benefits; to a personal office at your request; to an expert, consultant, or other person under contract with .5 to fulfill an agency function; to the Federal Records Center for storage; to the Office of

Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for complaints of a formal EEO complaint under 29 CFR 1614, to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Provision of the information requested is mandatory for the complainant, and for Postal Service and other federal employee witnesses. Failure of the complainant to provide requested information could result in the complaint being dismissed. Failure of Postal Service and other Federal employees to provide requested information could result in disciplinary action. Provision of the information requested by other persons is voluntary and failure to provide such information will result in no adverse effect.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) which caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical handicap, you MUST submit medical documentation of your handicap(s) at this time or during counseling.

## K. Authorization

| Your Signature | Date |
|---|---|
| *Francisco R. Rodriguez* | *11-5-92* |

Return To:

*FRANCISCO R. RODRIGUEZ*
*719 CITRUS TERRACE*
*HARLINGEN, TX 78550*

---

**NOTICE: COMPLETE THIS SECTION ONLY IF YOU NO LONGER SEEK EEO COUNSELING**

hereby request that you close this file from processing. I fully understand that this complaint file will not be reopened ~~ce closed, and I waive my right to any further EEO Appeal on this matter. I stipulate that my decision not to pursue seling is voluntary and did not result from threat, coercion, intimidation, promise or inducement.

| our Signature | Date |
|---|---|
| *Francisco R. Rodriguez* | *11-5-92* |

# Representation/Anonymity

Informal Case No.

## Representation

T⟋ ⟍O Counselor has informed me that I am entitled to representation of my choice.

    (✓)  I authorize to represent me:

        *ANTONIO CHAJARRIA CLERK*
        Name and Title of Representative

        *TO MERCEDES POST OFFICE*
        Street Address

        *MERCEDES, TEXAS 78570*
        City/State/ZIP + 4

        (    )
        Area Code and Telephone Number

    (  )  I waive representation at this time.

I understand that I must immediately notify the Manager, EEO Complaints Processing, in writing, if at any time during the administrative processing of my complaint, I designate a representative and/or change the representative I have designated above.

## Anonymity

The EEO Counselor has informed me of my right to remain anonymous during the informal counseling process.

    (  )  I elect to remain anonymous.

    (  )  I waive anonymity.

## Privacy Act Statement

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq. and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Provision of the information requested is mandatory for the complainant, and for Postal Service and other federal employee witnesses. Failure of the complainant to provide requested information could result in the complaint being dismissed. Failure of Postal Service and other Federal employees to provide requested information could result in disciplinary action. Provision of the information requested by other persons is voluntary and failure to provide such information will result in no adverse effect.

Complainant's Signature: *Francisco R. Rodriguez*

Date: *11-5-92*

PS Form **2584**, September 1992

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 45 of 51

LI-G-780  74-95

**RECEIVED**

MAR 1 0 1995

March 7, 1995

EEO COMPLAINTS PROCESS::
SAN ANTONIO, TX 78284-94

TO: Manager, EEO Complaint Processing
     San Antonio Division
     P. O. Box 33010
     San Antonio, Texas 78265-3010

COMPLAINANT:   Francisco R. Rodriguez(ret.) SSN 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
               719 Citrus Terrace
               Harlingen, TX 78550
               Phone: (210) 423-8632

WORK FACILITY: Harlingen, TX MPO
               221 E. Van Buren St.
               Harlingen, TX 78550-9998

SPECIFIC INCIDENT AND DATE OF INCIDENT:  January 25, 1995.

     I feel I was discriminated against allegedly because
of the following reasons:   SEX: Male;   AGE: 62;   REPRISAL:
EEO Activity.

     On January 25, 1995 the Postal Service again did not
object and agreed to pay for 40 hours pay and benefits (another
piece-meal payment), but refused to pay entitled overtime
owed to me as a result of unjustified and unwarranted personnel
actions against me that lead to a wrongful discharge and
then being returned back to work on or about August 2, 1992.

     I allege that a pattern of continued violations of
adverse and unilateral actions was establihed early-on in
1988, shortly after Postmaster Mary Martinez became postmaster
of the Harlingen, TX installation in the mid-to-latter part
of 1987, with an alleged and possible intent of vengeance.

     These alleged continued violations, that lead to a
wrongful discharge, loss of pay, benefits and entitlements
until my retirement in October 1992, has subjected-me to
undue stress that still continue due to my painstaking efforts
to recover full compensation and entitlements that remain
outstanding to date.

CERTIFIED MAIL-RETURN RECEIPT
   REQUESTED Z 419 699 254

**EXHIBIT**

I

Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 46 of 51

REQUEST FOR EEO COUNSELING

Page 2

   (1). On or about April 1988 I was issued a letter of warning; (2). On or about December 1988 I was denied two cruise trip tickets; (3). On or about May 1991 I was issued a unilateral work schedule, time log and a rest break reduction; (4). On or about December 1991 I was issued a 7-day suspension; (5). On or about February 1992 my job assignment was abolished; (6). On or about March 1992 I was issued an emergency suspension; (7). On or about March 1992 I was denied a registered letter No. R 563 404 954; (8). On or about April 1992 I was isssed a letter of proposed removal; (9). Finally, on or about May 1992 I was issued a letter of decision to remove me from the Postal Service; (10). After being return to work I was denied my duty assignment and entitled overtime until my retirement; (11). Registered letter No. R 563 404 954, full compensation and entitlements remain outstanding to date.

RESOLUTION REQUESTED:   I request to be made whole including but not limited to the reduction of sick and annual leave hours, higher level 6 (VOMA) pay, retirement, overall clerk craft overtime equity by quarter 1-1-92 to 10-2-92 (high 3 clerks), interest on monetary award applicable from 1-1-92 to 10-1-92, deliver registered letter R 563 404 954 in its entirety. Exemplary damages, reasonable attorney's fees and court costs.

ALLEGED DISCRIMINATING OFFICIAL(S)/PERSON(S):   Postmaster General Marvin T. Runyon, Jr., Mary Martinez, Romeo Rocha, Arturo Cortez, Roberto Pantoja, Louis Bazaidua, Manuel D. Hernandez, Gilbert Galvan, Felix Figueroa, Eddie Perez.

MY REPRESENTATIVE IS:   Mr. Rudy Perez, Jr.
                     P. O. Box 729
                     Burnet, TX 78611

I certify that the information given above is true and correct to the best of my knowledge and belief.

COMPLAINANT SIGNATURE: _Francisco L. Rodriguez_ DATE: 3-7-95

CERTIFIED MAIL-RETURN RECEIPT
   REQUESTED Z 419 699 254

**RECEIVED**



CORPUS CHRISTI TX 78469-9998

MAY 12 1995

EEO COMPLAINTS PROCESSING
SAN ANTONIO, TX 78264-9411

April 25, 1995

FRANCISCO R RODRIGUEZ
719 CITRUS TERRACE
HARLINGEN TX 78550-5169

CERTIFIED NO: Z 253 017 987
RETURN RECEIPT REQUESTED
CASE NO: 4-G-780-1194-95

Dear Mr. Rodriguez:

Reference is made to your complaints of discrimination filed on March 8, 1995 with the San Antonio District Office in which you alleged that because of sex, age, and reprisal, previous EEO activity, on January 25, 1995 the Postal Service agreed to pay you 40 hours plus entitlements less overtime as a result of 03-20-92 unwarranted personnel action. Please be informed that the EEO process in the Postal Service is for Postal employees or applicants for postal employment and not for retirees and this complaint will probably be rejected

Inquiries into your allegations revealed that the agreement to pay you 40 hours plus entitlements less overtime was due to an arbitration that was held on January 25, 1993 as a result of failure to comply with a Step 3 settlement dated July 9, 1992. According to the Arbitrator at the hearing on January 25, 1995 was the first time you alleged that you were entitled to 40 hours pay and accompanying benefits which had been charged by Postal Data Center to "leave without pay" during Pay Period 9 of 1992. At this Arbitration the Postal advocate stipulated that the Grievance was entitled to the pay and benefits if Postal Data Center had erroneously deducted them on the basis of a period of LWOP, and if the error had not subsequently been corrected.

You have given January 25, 1995 as the date of incident which brought about this complaint; however, you received the check on 09-17-92 and did not question the 40 hours plus until January 25, 1995. EEO regulations state that a complainant has 45 days from the date of incident or the date that a personnel action became effective to contact the EEO office on a complaint. Postal Data Center approve the claim for pay pay and issued you a check in the lump sum amount of $5,984 on 09-17-92; therefore, your complaint is untimely and will probably be rejected.

However, you do have the right to file a formal complaint within fifteen (15) calendar days after receipt of this notice. Under the new procedures, the complaint must be in writing, signed by you, on the enclosed PS Form 2565, (EEO Complaint of Discrimination) and mailed to, SR EEO Complaint Processing Specialist, PO Box 33010, San Antonio, Tx 78265-3010. Failure to respond to this notice within the set time frame could result in your complaints being closed for failure to prosecute.

Enclosed is PS Form 2579-A (Notice of Right to File Individual Complaint), which is your Notice of Final Interview and PS Form 2565-C, Agreement to Extend 180-Day Investigative Process. Please read, sign, and date, where it states Signature of Counselle, and return the original forms back to me at the address listed below no later than three (3) days after receipt of this letter. You may keep a copy of Notice of Final Interview and Agreement to Extend 180-Day Investigative Process for your records.

CARMEN CANTU
EEO COUNSELOR INVESTIGATOR
809 NUECES BAY BLVD
CORPUS CHRISTI TX 78469-0402



**EXHIBIT J**

Z 253 017 967

**Receipt for
Certified Mail**

No Insurance Coverage Provided
Do not use for International Mail
(See Reversal)

| | |
|---|---|
| Sent to FRANCISCO R RODRIGUEZ | |
| Street 719 CITRUS TERRACE | |
| P.O., State HARLINGEN TX 78550-5169 | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, and Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form 3800, April 1993

4-25-95

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| FRANCISCO R RODRIGUEZ | Z 253 017 967 |
| 719 CITRUS TERRACE | 4b. Service Type |
| HARLINGEN TX 78550-5169 | ☐ Registered  ☐ Insured |
| | ☒ Certified  ☐ COD |
| | ☐ Express Mail  ☐ Return Receipt for Merchandise |
| | 7. Date of Delivery |
| 5. Signature (Addressee) | 8. Addressee's Address (Only if requested and fee is paid) |
| 6. Signature (Agent) | |

PS Form 3811, December 1991    U.S. GPO: 1993-352714    **DOMESTIC RETURN RECEIPT**

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

CERTIFI  MAIL-RETURN RECEIPT
REQUES._D Z 091 017 650

June 9, 1995

FEDERAL SECTOR PROGRAMS
OFFICE OF FEDERAL OPERATIONS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
P.O. Box 19848
WASHINGTON, DC   20036-9848

    Complainant, FRANCISCO R. RODRIGUEZ, has exhausted all
administrative remedies and intends to file a civil action
pursuant to section 15(d) of the Age Discrimination Act of
1967, as amended;

    Employee:   Francisco R. Rodriguez
                719 Citrus Terrace
                Harlingen, Texas 78550
    Phone:      (210) 423-8632

    Representative:  Francisco R. Rodriguez, PRO SE

    Harlingen Texas Installation
    Main Post Office
    Harlingen, Texas 78550-9998

    This action is grounded and alleged on a continued violation
of sex, age, reprisal and discriminatory practice against
Complainant by Postmaster Mary Martinez since her appointment
as postmaster on or about the latter part of 1987.  The latest
incident is dated January 25, 1995.

    1.  This is to place the Postal Service on notice that
all claims by Complainant alleged are on personal knowledge,
information and belief.  Complainant further places the Postal
Service that Complainant is not limited to the articulated
claims, but all claims asserted herein pursuant to the facts
generally asserted herein may be developed in related discovery.

    2. EEO activity by Complainant:

        a. 6-12-89 informal resolved;
        b. 8-13-91 Case No. 3-U-1244-92;
        c. 12-11-91 Case No. 3-U-1169-92;
        d. 4-28-92  Case No. 3-U-1376-92;
        e. Case No. 3-U-1604-92.





Case 1:95-cv-00150   Document 73   Filed in TXSD on 02/22/1999   Page 50 of 51

3. Disparity of treatment:

a.  1-5-88 Postmaster denied Complainant DDC & Instructor Course Level 6 and selected James Santa Ana (+-) 40 year old male for the course.

b.  On or about 4-15-88 the postmaster subjected Complainant to "clock in and out" at every function of his assignment.

c.  On or about 4-26-88 the postmaster fabricated a letter of warning allegedly for not following instructions.

d. On or about 5-4-88 Postmaster Martinez removed Complainant from secretary position on Employee Welfare Committee and on 5-4-88 replaced him with Linda Galindo (+-) 20 year old female;

e. On or about 12-24-88 Postmaster denied Complainant cruise trip prize certificates awarded by the Employee Welfare Committee and then threatened to take them away from Complainant.  28 other employees were awarded certificates from the Employee Welfare Committee and were given to them by the postmaster on the same day (12-2-88).

f.  On or about 5-13-91 Complainant was subjected to sign a time log every time he was out of the office.

g.  On or about 5-16-91 the postmaster reduced Complainant's rest break and devised a rigid work schedule for Complainant.

h.  On or about December 11, 1991 the postmaster fabricated an unjustified 7-day suspension allegedly for not following instructions.

i.  On or about 2-25-92 the postmaster relieved Complainant of his Level-6 V.O.M.A. duties without a reason and assigned them to different employees.

j.  On or about March 20, the postmaster placed Complainant on an emergency suspension without a reason.

k.  On or about 4-16-92 the postmaster issued Complainant a letter of proposed removal.

l. On or about 5-10-92 the postmaster issued a letter of decision removing him from the Postal Service.

4. Each and every act and omission as articulated hereinabove, taken separate or collectively were false, wrongful, willful and Complainant subsequently was returned to duty on or about 8-2-92 with full back pay. The back pay decision was never fully complied.

5. Further disparity treatment involving gross violations of F-1 and F-8 Handbook and other handbooks and manuals.; a. Upon Complainant's return to duty his assignment was abolished and the duties were assigned to different employees.

a. Mary Corkill, a (+-) 40 year old female former postmaster, from information and belief fired for allegedly mis-handling of postal funds, hired by Postmaster Martinez and given a window preferred duty assignment,

b. Baldemar Ramirez, (+-) 40 year old male, flexible credit shortage- no discipline issued.

c. James Santa Ana (+-) 40 year old (204-B) male flexible credit shortages - No discipline issued.

All discriminating officials named herein are aware of the adverse actions taken against Complainant:

MARVIN T. RUNYON, Postmaster General;

MARY MARTINEZ, Postmaster, Harlingen, Texas Installation;

ROMEO ROCHA, Superintendent of Postal Operations;

ROBERTO PANTOJA, Superintendent of Postal Operations;

ARTURO CORTEZ, Acting Superintendent of Postal Operations;

GILBERT G. GALVAN, Supervisor;

FELIX R. FIGUEROA, Postal Inspector;

MANUEL D. HERNANDEZ, MSC Director of Human Resources;

LOUIS BAZALDUA, Labor Relations Specialist;

EDDIE PEREZ, Part-time Flexible Clerk;

Respectfully Submitted:

by:FRANCISCO R. RODRIGUEZ
COMPLAINANT
719 CITRUS TERRACE
HARLINGEN, TEXAS 78550
June 9, 1995

Page 3