7 6

United States District Court
Southern District of Texas
FILED

FEB 2 4 1999

Michael N. Milby
Clerk of Court

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ     *
Plaintiff,     *
    *
vs.     *     CIVIL ACTION № B-95-150
    *
UNITED STATES POSTAL     *
SERVICE, ET AL     *
Defendants.     *

### DEFENDANTS' MOTION TO DISMISS
### COMMON LAW TORT ALLEGATIONS
### AND SUPPORTING MEMORANDUM

TO THE HONORABLE JUDGE OF SAID COURT:

      The Defendants herein move to dismiss the common law tort allegations raised

by the Plaintiff pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil

Procedure. In support of this motion, the Defendants submit the following for

consideration by this Court:

      1.     In the Plaintiff's Third Amended Complaint, he asserts a number of

common law tort allegations against the Defendants. These allegations include: (1)

wrongful discharge at paragraph XIX; (2) emotional distress & anxiety at paragraph XX;

(3) defamation of character at paragraph XXI; and (4) interference with protected

property interests at paragraph XXII.

      2.     The merits of these claims need not be addressed by this Court as they

fail on jurisdictional grounds. The United States, as a sovereign, "is immune from suit

save as it consents to be sued...and the terms of its content to be sued in any court

define that court's jurisdiction to entertain the suit." United States v. Testan, 424 U S

392, 399 (1976) (citing <u>United States v. Sherwood</u>, 312 U.S. 584, 586 [1941]). This waiver cannot be implied, but must be unequivocally expressed. <u>Id.</u>

3. The Federal Tort Claims Act (FTCA) provides a limited waiver of immunity against the United States for certain tort actions. In this case, the plaintiff's most glaring problem in asserting tort claims against the government, is that he has failed to submit an administrative tort claim as required under the FTCA. See 28 U.S.C. 2675. See also, Exhibit 1.

4. Without such a claim, and an exhaustion of the administrative process, Plaintiff cannot pursue such a course of action in this Court. <u>Id</u>. Therefore, this Court lacks subject matter jurisdiction over any tort claims herein and the case should be dismissed pursuant to Rule 12(b)(1) of the F.R.C.P..

5. Further, it should be noted that the only proper party for suit under the FTCA is the United States of America. The United States Postal Service is not a proper defendant in this case. 28 U.S.C. 2679 states:

> **The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under 1346(b) of this title, and the remedies under this title shall be exclusive.**

6. Defendant Marvin T. Runyon has been sued in his official capacity as the Postmaster General. An agency of the United States may not be sued *eo nominee* unless a statute specifically waives immunity with respect to that agency. <u>Blackmar v. Guerre</u>, 342 U.S. 512, 514-15 (1951). Congress has not authorized the Treasury Department or any of its agencies to be sued *eo nominee* for actions sounding in tort. <u>Castleberry v. Alcohol, Tobacco & Firearms Div.</u>, 530 F.2d 672, 673 n. 3 (5th Cir. 1976).

7.     Accordingly, plaintiff's claims sounding in tort are procedurally defective and should be dismissed for want of jurisdiction and failure to state a claim upon which relief can be granted.

8.     To the extent that Plaintiff urges common law tort claims against the defendants named in their individual capacities, the Defendants respectfully request this Court to issue an order substituting the United States of America as the defendant in the above-entitled and numbered cause regarding the common law tort claims.  It is the position of the United States that each of these defendants--Mary Martinez, Romeo Rocha, Roberto Pantoja, Gilberto Galvan, Arturo Cortez, Eddie M. Perez, Louie Bazaldua, Manuel Hernandez, Felix Figueroa, and George Lopez--were acting within the course and scope of their employment with the United States Postal Service during the time complained of by the plaintiff.  (See Certifications of Scope of Employment attached as Exhibits 2-11).

9.     Any remedy available to plaintiff must be exclusively against the United States of America pursuant to *28 U.S.C. §2674* and *28 U.S.C. §2679(b)*

10.     The attached certifications by the United States Attorney for the Southern District of Texas[1], were executed pursuant to the provisions of *28 U.S.C. §2679(d)(1)*, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 (FTCA), *Public Law 100-694*, and of *28 C.F.R. §§15.3* and *50.15*.  These certifications certify that each of the individually named defendants  was, at all times relevant to this lawsuit, acting within the course and scope of their employment as an employee of the United States at the time of the alleged conduct made by subject

---

[1]The certifications were signed by Acting United States Attorney Greg Seres.

CutePDF - www.tesisx.com

matter of the above-captioned and numbered civil action.

11.    The purpose of this Act is to provide federal employees with absolute immunity from personal liability for money damages for common law or state law torts or other violations of state law when the employees are acting within the scope of their employment. An action against the United States under the FTCA for such claims is "exclusive of any other civil action or proceeding for money damages by reasons of the same subject matter against the employee." *28 U.S.C. §2679(b)(1)*.

12.    Title *28 U.S.C. §2679(d)* implements the exclusive remedy provision by authorizing the Attorney General to issue a scope of employment certification. Upon proper certification by the Attorney General or his designee that the federal employee was acting within the scope of his/her employment, the action shall be deemed to be an action against the United States under the FTCA and substitution of the United States is mandated. *28 U.S.C. §2679(d)*. The Attorney General has delegated the authority to make such certification to the United States Attorneys *28 C.F.R. 15.3*.

13.    As previously indicated, attached hereto as Government's Exhibit 2-11 are the certifications of the U. S. Attorney that each of the individually named defendants were acting within the scope of their employment with respect to the actions alleged by the plaintiff. The Government's certification is *prima facie* evidence that the challenged conduct of the employee is within the scope of employment. *Brown v. Armstrong*, 949 F.2d 1007 (8th Cir. 1991).

14.    Accordingly, the United States should be substituted for the individually named defendants on any common law tort allegations and they should be dismissed from this action as to all common law tort allegations set forth in plaintiff's complaint.

_Mitchell v. Carlson_, 896 F.2d 128, 133-36 (5th Cir. 1990).

15.    Again, however, defendants would refer this court to its earlier assertions (at paragraphs 2 through 6 herein) that any tort action against the United States fails on the basis of lack of subject matter jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court dismiss all common law tort allegations raised by the Plaintiff herein for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully Submitted,

JAMES H. DeATLEY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant U. S. Attorney
P.O. Box 1671
Brownsville, Texas 78522
Tel:   (956) 548-2554
Fax:   (956) 548-2549
Texas State Bar No. 00800490

## CERTIFICATE OF SERVICE

I certify that on **February 24, 1999**, I forwarded a copy of the Defendant's' Motion to Dismiss Common Law Tort Claims and Supporting Memorandum to Plaintiff's counsel, David Fast, 12950 Leopard, Corpus Christi, Texas 78410, by Certified Mail, Return Receipt Requested.

NANCY L. MASSO
Assistant U. S  Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO R. RODRIGUEZ and | * | |
| EMMA MENDEZ RODRIGUEZ, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. B-95150 |
| | * | |
| UNITED STATES POSTAL SERVICE, | * | |
| ET AL., | * | |
| | * | |
| Defendants. | * | |

## DECLARATION OF SHIRLEY B. EAVES

I, Shirley B. Eaves, make the following declaration in lieu of an affidavit, as permitted by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed with the United States District Court for the Southern District of Texas, Brownsville Division, and that it is the legal equivalent of a statement under oath.

1. I am employed by the United States Postal Service, an independent establishment of the executive branch of the Government of the United States, and have been so employed since April, 1974. I presently serve as Paralegal Specialist in the Law Department - Memphis Office, United States Postal Service, Memphis, TN 38166-0170.



2. During the time period in which plaintiff alleges tortious conduct, the Rio Grande District received investigative reports and adjudicated tort claims filed with the United States Postal Service for accidents occurring in the Rio Grande District, which includes Harlingen, Texas, pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. Sections 2671-2680, and the implementing regulations which govern the Postal Service at 39 C.F.R. §912.

3. I have caused the Rio Grande District to conduct a careful search of the records of administrative tort claims filed with the Postal Service and I have searched the administrative national tracking system for tort claims which includes the state of Texas.

4. My review of the Rio Grande District's accident file search and the administrative national tracking system records reveals that no claims were submitted by Francisco R. Rodriguez and/or Emma R. Rodriguez.

I, Shirley B. Eaves, declare under penalty of perjury that the foregoing Declaration is true and correct. Executed in the City of Memphis, State of Tennessee, on this _17th_ day of February, 1999.

SHIRLEY B. EAVES
Paralegal Specialist
Law Department
United States Postal Service
225 N. Humphreys Boulevard
Memphis, TN 38166-0170
(901) 747-7304

- 2 -

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,      *
                               *

v.                               *     CIVIL ACTION No. B-95-150
                               *

UNITED STATES POSTAL SERVICE,  *
ET AL.                        *

## CERTIFICATION

The undersigned James H. DeAtley, United States Attorney for the Southern District of Texas, pursuant to the provisions of *29 U.S.C. §2679(d)(1)*, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, *Public Law 100-694*, and by virtue of the authority vested under *28 C.F.R. §§15.3* and *50.15* hereby certifies as follows:

Upon the basis of information now available with respect to the circumstances of the incidents upon which plaintiff's claims are based, I am of the opinion that Mary Rodriguez was acting within the scope of her employment as an employee of the United States Government at the time of the conduct alleged by plaintiff.

Dated this 23 day of _____February_____, 1999.

_____
JAMES H. DeATLEY
United States Attorney



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,     *
    *
v.     *      CIVIL ACTION No. B-95-150
    *
UNITED STATES POSTAL SERVICE,   *
ET AL.     *

## CERTIFICATION

The undersigned James H. DeAtley, United States Attorney for the Southern District of Texas, pursuant to the provisions of *29 U.S.C. §2679(d)(1)*, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, *Public Law 100-694*, and by virtue of the authority vested under *28 C.F.R. §§15.3* and *50.15* hereby certifies as follows:

Upon the basis of information now available with respect to the circumstances of the incidents upon which plaintiff's claims are based, I am of the opinion that Romeo Rocha was acting within the scope of his employment as an employee of the United States Government at the time of the conduct alleged by plaintiff.

Dated this 23 day of _____February_____, 1999.

_____
JAMES H. DeATLEY
United States Attorney



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,        \*
                                     \*

v.                             \*     CIVIL ACTION No. B-95-150
                                     \*

UNITED STATES POSTAL SERVICE,  \*
ET AL.                            \*

## CERTIFICATION

The undersigned James H. DeAtley, United States Attorney for the Southern District of Texas, pursuant to the provisions of *29 U.S.C. §2679(d)(1)*, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, *Public Law 100-694*, and by virtue of the authority vested under *28 C.F.R. §§15.3* and *50.15* hereby certifies as follows:

Upon the basis of information now available with respect to the circumstances of the incidents upon which plaintiff's claims are based, I am of the opinion that Roberto Pantoja was acting within the scope of his employment as an employee of the United States Government at the time of the conduct alleged by plaintiff.

Dated this 23 day of ____February____, 1999.

_____
JAMES H. DeATLEY
United States Attorney



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,    *

                                      *

v.                                *     CIVIL ACTION No. B-95-150

                                      *

UNITED STATES POSTAL SERVICE,  *
ET AL.                           *

## CERTIFICATION

The undersigned James H. DeAtley, United States Attorney for the Southern District

of Texas, pursuant to the provisions of *29 U.S.C. §2679(d)(1)*, as amended by the Federal

Employees Liability Reform and Tort Compensation Act of 1988, *Public Law 100-694*, and

by virtue of the authority vested under *28 C.F.R. §§15.3* and *50.15* hereby certifies as

follows:

Upon the basis of information now available with respect to the circumstances of

the incidents upon which plaintiff's claims are based, I am of the opinion that Gilbert G.

Galvan was acting within the scope of his employment as an employee of the United

States Government at the time of the conduct alleged by plaintiff.

Dated this 23 day of ___Febracy___, 1999.

_____

JAMES H. DeATLEY
United States Attorney



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,     *
                                  *

v.                             *     CIVIL ACTION No. B-95-150
                                  *

UNITED STATES POSTAL SERVICE,  *
ET AL.                           *

## <u>CERTIFICATION</u>

The undersigned James H. DeAtley, United States Attorney for the Southern District

of Texas, pursuant to the provisions of *29 U.S.C. §2679(d)(1)*, as amended by the Federal

Employees Liability Reform and Tort Compensation Act of 1988, *Public Law 100-694*, and

by virtue of the authority vested under *28 C.F.R. §§15.3* and *50.15* hereby certifies as

follows:

Upon the basis of information now available with respect to the circumstances of

the incidents upon which plaintiff's claims are based, I am of the opinion that Arturo J.

Cortez was acting within the scope of his employment as an employee of the United States

Government at the time of the conduct alleged by plaintiff.

Dated this 23 day of ___February___, 1999.

_____

JAMES H. DeATLEY
United States Attorney



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,      *

                                *

v.                              *      CIVIL ACTION No. B-95-150

                                *

UNITED STATES POSTAL SERVICE,   *

ET AL.                         *

## <u>CERTIFICATION</u>

        The undersigned James H. DeAtley, United States Attorney for the Southern District

of Texas, pursuant to the provisions of *29 U.S.C. §2679(d)(1)*, as amended by the Federal

Employees Liability Reform and Tort Compensation Act of 1988, *Public Law 100-694*, and

by virtue of the authority vested under *28 C.F.R. §§15.3* and *50.15* hereby certifies as

follows:

        Upon the basis of information now available with respect to the circumstances of

the incidents upon which plaintiff's claims are based, I am of the opinion that Eddie M.

Perez was acting within the scope of his employment as an employee of the United States

Government at the time of the conduct alleged by plaintiff.

        Dated this 23 day of February , 1999.

                                    JAMES H. DeATLEY
                                    United States Attorney



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,     *

                            *

v.                          *      CIVIL ACTION No. B-95-150

                            *

UNITED STATES POSTAL SERVICE,   *
ET AL.                        *

## CERTIFICATION

The undersigned James H. DeAtley, United States Attorney for the Southern District

of Texas, pursuant to the provisions of *29 U.S.C. §2679(d)(1)*, as amended by the Federal

Employees Liability Reform and Tort Compensation Act of 1988, *Public Law 100-694*, and

by virtue of the authority vested under *28 C.F.R. §§15.3* and *50.15* hereby certifies as

follows:

Upon the basis of information now available with respect to the circumstances of

the incidents upon which plaintiff's claims are based, I am of the opinion that Louie

Bazaldua was acting within the scope of his employment as an employee of the United

States Government at the time of the conduct alleged by plaintiff.

Dated this 23 day of ___Febrary___, 1999.

_____
JAMES H. DeATLEY
United States Attorney



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,        *

                                     *

v.                             *     CIVIL ACTION No. B-95-150

                                     *

UNITED STATES POSTAL SERVICE,  *

ET AL.                            *

## CERTIFICATION

The undersigned James H. DeAtley, United States Attorney for the Southern District

of Texas, pursuant to the provisions of *29 U.S.C. §2679(d)(1)*, as amended by the Federal

Employees Liability Reform and Tort Compensation Act of 1988, *Public Law 100-694*, and

by virtue of the authority vested under *28 C.F.R. §§15.3* and *50.15* hereby certifies as

follows:

Upon the basis of information now available with respect to the circumstances of

the incidents upon which plaintiff's claims are based, I am of the opinion that Manuel D.

Hernandez was acting within the scope of his employment as an employee of the United

States Government at the time of the conduct alleged by plaintiff.

Dated this ⅔ day of ___February___, 1999.

_____
JAMES H. DeATLEY
United States Attorney



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,     *
                                   *

v.                              *     CIVIL ACTION No. B-95-150
                                   *

UNITED STATES POSTAL SERVICE,  *
ET AL.                            *

## CERTIFICATION

The undersigned James H. DeAtley, United States Attorney for the Southern District

of Texas, pursuant to the provisions of *29 U.S.C. §2679(d)(1)*, as amended by the Federal

Employees Liability Reform and Tort Compensation Act of 1988, *Public Law 100-694*, and

by virtue of the authority vested under *28 C.F.R. §§15.3* and *50.15* hereby certifies as

follows:

Upon the basis of information now available with respect to the circumstances of

the incidents upon which plaintiff's claims are based, I am of the opinion that Felix R.

Figueroa was acting within the scope of his employment as an employee of the United

States Government at the time of the conduct alleged by plaintiff.

Dated this 23 day of February, 1999.

_____
JAMES H. DeATLEY
United States Attorney



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,        *
                               *
v.                             *        CIVIL ACTION No. B-95-150
                               *
UNITED STATES POSTAL SERVICE,  *
ET AL.                         *

## CERTIFICATION

The undersigned James H. DeAtley, United States Attorney for the Southern District

of Texas, pursuant to the provisions of *29 U.S.C. §2679(d)(1)*, as amended by the Federal

Employees Liability Reform and Tort Compensation Act of 1988, *Public Law 100-694*, and

by virtue of the authority vested under *28 C.F.R. §§15.3* and *50.15* hereby certifies as

follows:

Upon the basis of information now available with respect to the circumstances of

the incidents upon which plaintiff's claims are based, I am of the opinion that Goeorge

Lopez was acting within the scope of his employment as an employee of the United States

Government at the time of the conduct alleged by plaintiff.

Dated this 23 day of ____February____, 1999.

_____
JAMES H. DeATLEY
United States Attorney

