United States District Court
Southern District of Texas
FILED

MAR 0 8 1999

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ, )
          Plaintiff )
                    )  Cause No. B-95-150
VS. )  Civil
                    )
UNITED STATES POSTAL SERVICE-ET AL,)
          Defendants)

## PLAINTIFF'S RESPONSES TO (1) DEFENDANTS' AMENDED MOTION TO DISMISS & ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT WITH MEMORANDUM OF LAW & BRIEF; AND (2) DEFENDANTS' MOTION TO DISMISS COMMON LAW TORT CLAIMS WITH MEMORANDUM OF LAW & BRIEF

TO THE HON. U. S. MAGISTRATE JUDGE BLACK:

COMES NOW, FRANCISCO R. RODRIGUEZ, plaintiff in the above numbered and entitled cause and for his responses to (1) defendants' amended motion to dismiss/partial summary judgment with brief (2/20/99) and (2) defendants' motion to dismiss the plaintiff's tort claims against the individual defendants (2/23/98) and in support therefor respectfully shows the Court as follows:

I. - **RESPONSE TO DEFENDANTS' AMENDED MOTION TO DISMISS/PARTIAL SUMMARY JUDGMENT AND BRIEF** (Following Defendants Outline)

A. Request for Dismissal of Claims Against Individual Defendants. (See II. below)

B. Employment Discrimination Claims Against Postmaster General were not Exhausted.

Defendants fail to properly distinguish between EEOC complaints and USPS grievances (noting their Factual Background lists the EEOC complaints with selective, intermittent references to the USPS grievances), as well as to note the interrelationship between the complaints themselves, in addition with the grievances in order to deny the <u>continuing</u> nature of the

- 1 -

CPDF - www.fenko.com

misconduct of individual defendants

Defendants admit that plaintiff exhausted some of his administrative remedies, while claiming plaintiff failed to exhaust other administrative remedies, but fail to say that the ADEA does not require exhaustion of administrative remedies and all 5 of the EEOC complaints included **age** discrimination.

Plaintiff points out deficiencies in the USPS theories:

1.  #3-U-1169-92 (7-day suspension).  Defendants claim it was settled on 4/12/93 (6 months after plaintiff's retirement), with the EEOC discouraging challenge to USPS compliance with the settlement on the basis of plaintiff no longer being employed, not being eligible to challenge the non-compliance, see Px-1, filed earlier-incorporated by reference.  Plaintiff did complain administratively about USPS' non-compliance by not totally expunging the 7-day suspension, making numerous references to same, as subsequent/continuing harassment. The plaintiff has previously shown defendants' bad faith in settling the grievance before June 1993, a month before the case was to be heard by an E.E.O.C. ALJ (July 14, 1993).

2.  #3-U-1244-92 (sign-in/sign-out log).  Plaintiff has previously pointed out that after his retirement the log was discontinued-as an **unrebutted proof** it was directed at him alone. Plaintiff would argue for **equitable tolling** of the statute of limitations, since he filed a USPS grievance on the sign-in/sign-out log only being applied to him out of all of the clerk craft employees at Harlingen (Local Griev. #05-2403), that actually was following a 2-stream course 1) June 11, 1991 infor-

CNxPDF - www.fastio.com

mal EEOC Complaint; 2) USPS Griev. #05-2403, being appealed
by plaintiff to Step 3 June 24, 1991, such that the Step 3
Grievance had <u>not</u> been resolved at the date of final inter-
view of August 13, 1991, ergo, the equitable tolling.  Plain-
tiff would show the same attitude on the eliminated coffee
break, which was settled to save face (#05-2402).

3.   <u>#3-U-1376-92 (Letter of Removal)</u>.  Highest hypocrisy since
USPS back-pay settlement of the grievance was on their terms
and did not give plaintiff "full relief" but was used by the
EEOC to avoid properly investigating and pursuing the USPS.
In 1995, plaintiff was advised by Mrs. Watson of the EEOC,
that the EEOC was experiencing an excessive back-log of dis-
crimination cases, and they would not be able to address his
request for reconsideration, and plaintiff should go ahead
and file his lawsuit.  Plaintiff was similarly advised in late
1995, by an EEOC representative, as well as a Valley attorney
that he should file his lawsuit to avoid statute of limitation
problems.  See Px-19A March 20, 1995 instructing plaintiff to
file his civil suit, even though his EEOC case was ongoing.

4.   <u>#3-U-1604-92 (Change of Assignment)</u>.  Plaintiff claimed he
didn't receive full relief under #3-U-1376-92 by not being re-
instated to his former assignment, thus the 2 EEOC complaints
are <u>continuous</u> and <u>interrelated</u>.

Plaintiff's notice of intent to sue was dated February 23
1993 (not February 25, 1993), and 180 days before 2/23/93 was
August 17, 1992, which would have included his 8/27/92 request
for EEO counseling after he was return to work on July 28,

1992, but his duty assignment was verbally abolished-but after he retired, a P.T.F. clerk was given the **same assignment.**

5.  #4-G-780-1194-95 (Noncompliance on Other).  Not only mixes grievance action with EEOC complaint, but this EEOC complaint specifically refers back to #3-U-1169-92 & #3-U-1376-92 showing the interrelated/continuing discrimination (from harassment/intimidation from 1988; to the May, 1991 sign-in/sign-out log; to the 7-day suspension; to the overturned removal action of April, 1992; to the failure to pay all of back pay). The arbitrator only partly denied the grievance on January 25, 1995, since complainant was awarded 40 hours plus entitlements less overtime, but the award was **not** satisfactory, Px-18.

Plaintiff reminds the Court that since he no longer worked for the USPS, that he was advised that he was limited as to grievance/complaint procedures--also note that this involved age discrimination, where plaintiff was allowed to file his lawsuit with district court, without exhausting the remedies.

Defendants are mistaken on dates on Griev.#2-9101-1/25/95 was the date of grievance arbitration (not July 9, 1992-the date of Griev.#[SOC-3U-D 9411])---plaintiff had 180 days from 1/25/95 to file his notice of lawsuit, which he did on June 9, 1995.  Also in March 7, 1995 plaintiff requested EEOC counseling and filed PS Form 2564-A on Precomplaint Counseling on April 3, 1995, referring to many continuing discriminations. (Note: on Local Griev. #2-9101, Step 1 9/10/92, not resolved; Step 2 9/18/92 USPS not participating; Step 3 9/30/92 denied but referred to arbitration; arbitrated on January 25, 1995).

-4-

## Collective Bargaining Violations.

Defendants' claim that plaintiff lacks standing to allege violations of the collective bargaining agreement/contract arbitration awards, without having first shown that the union had breached its duty of fair representation, is misplaced because plaintiff has shown that the APWU did represent him in his alleged claims, but for the misconduct of USPS management by citing Px-76/76A-letters by Vigilante, APWU representative. In the same paragraph, defendants claim plaintiff did not file his claims of retaliation with the NLRB, claiming exclusive jurisdiction, by citing a 1959 case that is pre-Title VII and ADEA. Plaintiff attaches Px-62D, exhibits showing that he presented sufficient claims before the NLRB, especially given the continuing nature of the retaliation, as well as age and sex discrimination.

Plaintiff complains about very unsatisfactory relief on his efforts before the NLRB to obtain vindication/compensation for the grievances that were referred to the NLRB, since the NLRB put pressure on plaintiff to withdraw his complaints in March, 1995, with the only rationale being that he was retired and they didn't like him cluttering up their docket, see Px-94B, previously referenced in prior pleadings.

Defendants' retaliation was very pernicious and insidious against plaintiff, as exemplified by the treatment of when plaintiff filed worker's compensation claims in 1991 and 1994 because of the devastation to his health from the retaliation----defendants opposed his claims before the O.W.C.P.

<u>Back Pay Issues.</u>

Plaintiff attaches his analysis of the back pay deficiency from that which was supposed to be awarded him, during 1992, but was not because of defendants' discrimination and ill will towards him, attached hereto as Exhibit 'BB' and incorporated by reference the same as if fully copied herein.

In his previous brief he showed that defendants deprived him of significant Overtime, throughout 1989, 1990, 1991 and 1992 (through September 30, 1992), despite him requesting to have his name on the overtime desired list (ODL). Being the second most senior of the clerk craft, he should have received at least the average of the top three employees for overtime. Plaintiff would show the Court by incorporating his prior pleadings that he has complained about the severe and dis-criminatory but totally unjustified reduction of his overtime (earned because of continuous service from 1966) for 1989, 1990, 1991 and the first 3 quarters of 1992. In his prior brief, plaintiff indicated a conservative estimate of the overtime deficiency was $45,200.00, see discussion which is incorporated by reference herein as if fully set forth.

C. (**No C.** on defendants' outline)

D. <u>Plaintiff's Alleged Breach of Contract of Employment.</u> De-fendants assert that clerks are appointed rather than contract for employment with the USPS, but the Collective Bargaining Agreement refers to persons employed or hired or have protec-ted status that suggests contractual aspects of employment that are not consistent with an appointment. Plaintiff has

alleged that the USPS allotment deduction was an underlying agreement whereby part of plaintiff's compensation would be assigned for his monthly real estate obligation, showing that USPS were aware of his economic dependence on compensation for his investment as well as livelihood.

E. Plaintiff's Standing to Prosecute Federal Crimes. Plaintiff is claiming civil damages flowing from defendants' criminal offenses (analogous to environmentalists acting as "private attorney generals").   Plaintiff calls the Court's attention to the USPS' Domestic Mail Manual (D.M.M.), Sec. 115.1 that refers to administrative or criminal liability.   Defendants fail to show how they have remained free from prosecution by the U.S. Attorney for criminal activity that should have been caught by independent postal investigators and prosecuted by the U.S. Attorney.

F. Emotional Distress & Anxiety Covered by Worker's Comp. Plaintiff filed his claim for worker's compensation in 1991, that was unjustly opposed by defendants, despite defendants having caused the emotional distress and anxiety by their misconduct and retaliation upon plaintiff as union president. This is somewhat analogous to the boy who murdered his parents and then sought mercy from the Court as an orphan.   He filed his recurrence in 1994, which were denied by the OWCP, allowing plaintiff to include this cause in the lawsuit.   Note that plaintiff has 2 kinds of retaliation, 1) for his union activity, and 2) for filing the worker's compensation claims.

G. Oppose Jurisdiction on Defamation Claim.

Plaintiff notes that defendants **cannot** deny that he was defamed, because he was defamed by defendants. Plaintiff says the references to exhausting his administrative remedies under the FECA (worker's compensation) and FTCA (Tort Claims Act) is a smokescreen, because defamation is not actionable under the FECA, but because it was related to the prior grounds of age, gender and retaliation discrimination, it is part of those claims as well as should be considered as ancillary jurisdiction. Plaintiff would cite state law that indicates that defamation is included in any wrongful termination claim, which plaintiff would show is essentially what happened to him.

H. Oppose Sec. 1983 Claims being Applied to Federal Officers.

Plaintiff would show he was unfairly deprived of his Federal constitutional rights and privileges in connection with abuse of his employment with USPS, but disputes defendants' contention that "None of the factual allegations against defendants lead to the inference that they acted under color of state law," because of the responsibility plaintiff had as VOMA officer to comply with state and local law.

I. Challenges to Plaintiff's Constitutional Tort Claims. We would argue that retaliation is both statutory and common law. Plaintiff takes exception to defendants' dissembling on this issue--defendants have consistently violated, abused or ignored numerous provisions of the collective bargaining agreement (CBA) in their misconduct and persecution of plaintiff, but then restrict plaintiff to grievance procedures of the CBA for which they have shown so little respect and such great

disdain.  They not only disrespected and ignored the CBA, but
also the other manuals referenced by Article 19 of CBA, such
as the E.L.M., D.M.M, and Handbook F-21, Px-83, plus running
rough-shod over their own rules and regulations.

## II. - RESPONSE TO DEFENDANTS' MOTION TO DISMISS TORT CLAIMS AGAINST U.S.P.S. & INDIVIDUAL DEFENDANTS AND BRIEF

### A. Motion to Dismiss for Compliance with the Federal Tort Claims Act.

Plaintiff claims his EEOC complaints and USPS grievances
are the **substantial equivalent** of the notices required to be
given to the U.S.P.S. under the Federal Tort Claims Act, since
they contain the equivalent information required to be given
to the USPS, showing the common law and statutory violations
by the defendants.

Plaintiff would show the Court that the common law torts
are ancillary jurisdiction under State law, but are joined in
this cause because of their relationship to the discrimination
causes of action under Title VII and ADEA; plaintiff was for-
ced to retire because of the unhealthy environment created by
defendants bringing their wrongful letter of removal, after
wrongful 7-day suspension (which were covered by a number of
EEOC complaints and USPS grievances); plaintiff had no his-
tory of health problems prior to 1991, witness the amount of
accumulated sick leave until then, when he filed his worker's
compensation for heart problems due to emotional distress from
the adversarial environment created by defendants; plaintiff's
spotless work history from 1966 to 1988 was besmirched by de-
fendants defamatory allegations of threats of violence and

alleged failure to perform his duties.

Plaintiff argues that defendants misstate the current state of the U.S.P.S. being a semi-governmental agency and being subject to certain litigation as set forth in plaintiff's previous brief, which is incorporated by reference in pertinent part applicable to the reorganization of the U.S.P.S.; see the Mitzi Baker case previously cited in a prior pleading.

B. <u>Motion to Dismiss Individual Defendants based on Attorney General Certifications.</u>

Plaintiff complains that the Attorney General/U. S. Attorney certifications are <u>not</u> timely, especially after plaintiff called the Court's attention in its pleadings and brief to the certifications <u>not</u> having been done by defendants, since September, <u>1995</u>, which is repugnant because defendants accuse the plaintiff of "laying behind a log" in pursuing his administrative remedies, which is nothing compared to 3-1/2 years of delay, which is sanctionable.

Plaintiff would cite the Employee & Labor Relations Manual (ELM) for instructing any Postal Service employee or management that becomes aware of any claim that results in a proceeding, to notify the installation head **promptly**, who shall forward the request to Chief Field Counsel **without delay** in order to allow a determination by the Attorney General that they were acting within the scope of their employment with the Postal Service.  Sec. 667.23 provides that the DOJ will represent the defendant, "at its **discretion** and **only** after it determines that the employee acted within the scope of her or his author-

ity and that such representation would be in the best interest
of the United States." Plaintiff would argue from the USPS'
own manual, that is a veritable admission, that the timeliness
of certification is critical, which was not done by defendants
through this U.S. Attorney's Office.

Plaintiff contests the certifications because of the nature
of the misconduct being outside the scope of defendants' em-
ployment with the U.S.P.S., including but not limited to mis-
delivery of restricted mail (a criminal offense), opening and
delaying delivery of mail addressed to plaintiff, fraudulent
practices with regard to money accountability for shortages,
and mishandling of restricted mail. The certifications are
defective because they do not specify what conduct is alleged
by plaintiff with regard to each individual defendant, and
do not address what information with respect to the cir-
cumstances of the incidents were reviewed by the affiant.

WHEREFORE-PREMISES CONSIDERED, FRANCISCO R. RODRIGUEZ
plaintiff, pray that the Magistrate overrule the Postal Ser-
vice motions to dismiss, awarding plaintiff his back pay and
overtime pay, in addition to further proceedings on his other
causes of action/remedies for discrimination, and grant any
other and further relief to which appellant may be justly
entitled.

                    Respectfully submitted,

                    David Fast
                    DAVID E. FAST
                    TBA #068450500, S.D. Adm. #2129
                    12950 Leopard St.
                    Corpus Christi, Tx 78410
                    512/241-4495
                    Attorney for Plaintiff

CMPDF - www.fastio.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Plaintiff's Response to Defendants-has been delivered to the opposing attorney, by FAX, hand delivery or certified mail, return receipt requested, by depositing same in a depository of the U. S. Postal Service in a wrapper properly addressed, postage prepaid, to the said attorney, on the 5th day of March, 1999.

David Fast
_____
DAVID E. FAST

## CERTIFICATE OF CONSULTATION

This is to certify that on 5th day of March, 1999, I attempted to telephone opposing counsel, but was not able to speak with her for whatever reason to consult about plaintiff's response to her 2 motons to dismiss.

David Fast
_____
DAVID E. FAST

-12-



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036


Mar 20, 1995


REQUEST FOR RECONSIDERATION


Francisco R Rodriguez                    Docket # : 05950420
719 Citrus Terrace                                  01930110
Harlingen, TX  78550-5169                Recd Date: 031795


Dear Mr. Rodriguez:

Your request for reconsideration has been docketed and assigned the docket
number  listed above.  Please  refer to the  docket number on  all
correspondence to this office.

Parties may request  reconsideration  provided that  such request  is made
within thirty (30) calendar  days of receipt of a decision issued persuant
to Section  1614.407.  The opposing  party has twenty  (20) calendar  days
from receipt of the request to reconsider to submit comments or opposition
brief.  Requests for reconsideration shall be  submitted to the  Office of
Federal Operations.  Copies of all documents submitted to this office must
also be submitted to the opposing party since  this office will not do so.
Please be advised that late submissions will not be considered.

NOTE TO APPELLANT:

        If  your appeal includes an  allegation of  AGE  DISCRIMINATION, the
        statute  of limitations  begins on  the date of  the violation.
        Filing  this  appeal will  not stop that  time from  running.  If the
        time limit  is close  to expiring, you  should consider  whether or
        not you wish to file a civil suit.  You may be barred from filing
        such a suit, should you allow the time limit to expire, EVEN IF YOU
        HAVE AN APPEAL IN PROCESS WITH THIS OFFICE.

                        Sincerely,

                        William J. Bartlett
                        Director
                        Compliance and Control Division


cc: USPS - S.E./S.W.
    Appeals Coordinator
    225 N. Humphreys Blvd.
    Memphis, TN  38166-0978



PLAINTIFF'S EXHIBIT
Px-19A

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**OFFICE OF FEDERAL OPERATIONS**
**P.O. BOX 19848**
**WASHINGTON, D.C. 20036**

OFFICIAL BUSINESS
Penalty for private use $300

Reference #: 05950420
Francisco R Rodriguez
719 Citrus Terrace
Harlingen, TX 78550-5169





United States Government

# NATIONAL LABOR RELATIONS BOARD

Region 16

819 Taylor Street - Room 8A24

Fort Worth, TX   76102-6178

August 6, 1992

United States Postal Service
Attn: Thomas H. Pigford
1407 Union Avenue 15th Floor
Memphis, Tennessee 38166-0170

**Re:**   UNITED STATES POSTAL SERVICE
Case 16-CA-15687(P)

**Examiner Assigned:**   Javier R. Gonzalez
615 East Houston Street, Room 565
San Antonio, Texas   78205-2040

**Phone:**   (512) 229-6120

Dear  Mr. Pigford:

This is to inform you that a charge, a true copy of which is enclosed, was filed in the above-entitled matter.

This case has been assigned to the Board agent shown above in our San Antonio Resident Office. When the Board agent solicits relevant evidence from you or your counsel, I request and strongly urge that you or your counsel to promptly present to the Board agent shown above at the San Antonio Resident Office any and all evidence relevant to the investigation. It is my view that refusal to fully cooperate during the investigation might cause a case to be litigated unnecessarily. Full and complete cooperation includes, where relevant, timely providing all material witnesses under your control to a Board agent so that witnesses' statements can be reduced to affidavit form, and providing all relevant documentary evidence requested by the Board agent. The submission of a position letter or memorandum, or the submission of affidavits not taken by a Board agent does not constitute full and complete cooperation.

Attention is called to your right, and to the right of any party, to be represented by counsel or other representative in any proceeding before the National Labor Relations Board and the courts. If you choose to have a representative appear on your behalf, please complete Form NLRB-4813 which may be used if you choose to have your agent receive exclusive service of all documents and communications except those expressly excluded. Please note that Form NLRB-4701 may be executed by your designated representative, but that Form NLRB-4813 will not be honored unless it is signed by you as a party.

Please be advised that under the Freedom of Information Act, unfair labor practice charges and representation petitions are subject to prompt disclosure to members of the public upon request. In this regard, you may have received a solicitation by organizations or persons who have obtained public information concerning this matter and who seek to represent you before our Agency. You may be assured that no



PLAINTIFF'S
EXHIBIT
PX-620

Re:  Case 16-CA-15687(P)                 - 2 -

organization or person seeking your business has any "inside knowledge" or favored
relationship with the National Labor Relations Board; their information regarding this
matter is only that which must be made available to any member of the public.

I would appreciate receiving from you promptly a full and complete written account of
the facts and a statement of your position in respect to the allegations set forth in
the charge. This should also be sent to the Board Agent shown above in the San
Antonio Resident Office. Attached is a statement (Form NLRB-4541) briefly setting
forth procedures followed in the processing of unfair labor practice charges, which we
trust will be helpful to you.

                            Sincerely,

                            Michael Dunn
                            Michael Dunn
                            Regional Director

Enclosures

CERTIFIED MAIL
RETURN RECEIPT REQUESTED


cc:  United States Postal Service
     Mr. Stephen E. Alpern
     Associate General Counsel
     Office of Labor Law
     Washington, D.C.  20260

     United States Postal Service
     Attn: Mary Martinez
     221 East Van Buren
     Harlingen, Texas 78550-9998

     Francisco Rodriguez, Local President
     American Postal Workers Union, AFL-CIO
        Harlingen Local
     P. O. Box 2421
     Harlingen, Texas 78550

     Francisco Rodriguez, Local President
     APWU, Harlingen Local
     719 Citrus Terrace
     Harlingen, Texas 78550

FORM EXEMPT UNDER 44 U.S.C. 3512

FORM NLRB-501
(8-83)

UNITE: ATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|---|---|
| 16-CA-15687 (P) | August 6, 1992 |

**INSTRUCTIONS:** File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Number of workers employed |
|---|---|---|
| UNITED STATES POSTAL SERVICE | | 90 |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone No. |
|---|---|---|
| 221 East Van Buren Harlingen, Texas 78550-9998 | Mary Martinez | (210) 423-1430 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Post Office | mail |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a). subsections (1) and (list subsections) _____(5)_____ of the National Labor Relations Act,
within the meaning of the Postal Reorganization Act.
~~and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.~~

**2. Basis of the Charge** (be specific as to facts, names, addresses, plants involved, dates, places, etc.)

Since on or about February 5, 1992 and February 20, 1992, it, by its officers, agents and representatives, has refused to bargain collectively with the American Postal Workers Union, AFL-CIO, Harlingen Local, a labor organization chosen by a majority of its employees in an appropriate unit, for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment, and other terms and conditions of employment, by failing to supply said labor organization with information relevant to its perfoemance as a bargaining agent.

By the acts set forth in the paragraph above and by other acts and conduct, it, by its officers, agents, and representatives, has interfered with, restrained, and coerced and is interfering with, restraining, and coercing its employees in the exercise of their rights guaranteed in Section 7 of the said Act.

Local grievance No. 12-001 currently at step 3 of the grievance procedure. Documentation necessary for the processing of this grievance. Documents are necessary and very crucial in this grievance intended to show the disparity of treatment on offenses and discipline for ~~for~~ 204-B (Manuel Uribe) and (Rene Contreras) bargaing unit employees on the management register Versus Francisco Rodriguez, union president.

(Attachments enclosed)

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED  P 679 426 199**

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the ~~xxx~~ National Labor Relations Act.

**3. Full name of party filing charge** (if labor organization, give full name, including local name and number)
AMERICAN POSTAL WORKERS UNION, AFL-CIO, HARLINGEN LOCAL

| 4a. Address (street and number, city, state, and ZIP code) | 4b. Telephone No. |
|---|---|
| P. O. Box 2421 Harlingen, Texas 78550 | (210)423-1430 |

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** (to be filled in when charge is filed by a labor organization)

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _Francisco Rodriguez_
(signature of representative or person making charge)

Francisco Rodriguez, Local President
(title if any)

Address 719 Citrus Terrace, Harlingen, Texas 78550 _____ (Telephone No.) _____ August 3, 1992 (date)

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT
(U. S. CODE, TITLE 18, SECTION 1001)**



United States     vernment

## NATIONAL LABOR RELATIONS BOARD

Region 16

819 Taylor Street - Room 8A24

Fort Worth, TX    76102-6178

August 25, 1992

United States Postal Service
Thomas H. Pigford, Regional Labor Counsel
1407 Union Avenue, 15th Floor
Memphis, Tennessee  38166-0170      **Re:**   UNITED STATES POSTAL SERVICE
                                           Case 16-CA-15726-1(P)

                     **Examiner Assigned:**   Javier R. Gonzalez
                                          615 East Houston Street, Room 565
                                          San Antonio, Texas   78205-2040
                               **Phone:**   (512) 229-6120

Dear Mr. Pigford:

This is to inform you that a charge, a true copy of which is enclosed, was filed in the above-entitled matter.

This case has been assigned to the Board agent shown above in our San Antonio Resident Office. When the Board agent solicits relevant evidence from you or your counsel, I request and strongly urge that you or your counsel to promptly present to the Board agent shown above at the San Antonio Resident Office any and all evidence relevant to the investigation. It is my view that refusal to fully cooperate during the investigation might cause a case to be litigated unnecessarily. Full and complete cooperation includes, where relevant, timely providing all material witnesses under your control to a Board agent so that witnesses' statements can be reduced to affidavit form, and providing all relevant documentary evidence requested by the Board agent. The submission of a position letter or memorandum, or the submission of affidavits not taken by a Board agent does not constitute full and complete cooperation.

Attention is called to your right, and to the right of any party, to be represented by counsel or other representative in any proceeding before the National Labor Relations Board and the courts. If you choose to have a representative appear on your behalf, please complete Form NLRB-4813 which may be used if you choose to have your agent receive exclusive service of all documents and communications except those expressly excluded. Please note that Form NLRB-4701 may be executed by your designated representative, but that Form NLRB-4813 will not be honored unless it is signed by you as a party.

Please be advised that under the Freedom of Information Act, unfair labor practice charges and representation petitions are subject to prompt disclosure to members of the public upon request. In this regard, you may have received a solicitation by organizations or persons who have obtained public information concerning this matter and who seek to represent you before our Agency. You may be assured that no

- 2 -

organization or person seeking your business has any "inside knowledge" or favored relationship with the National Labor Relations Board; their information regarding this matter is only that which must be made available to any member of the public.

I would appreciate receiving from you promptly a full and complete written account of the facts and a statement of your position in respect to the allegations set forth in the charge. This should also be sent to the Board Agent shown above in the San Antonio Resident Office. Attached is a statement (Form NLRB-4541) briefly setting forth procedures followed in the processing of unfair labor practice charges, which we trust will be helpful to you.

Sincerely,

Michael Dunn
Regional Director

Enclosures

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

cc: United States Postal Service
Mr. Stephen E. Alpern
Associate General Counsel
Office of Labor Law
Washington, D.C. 20260

United States Postal Service
Attn: Mary Martinez
221 East Van Buren
Harlingen, Texas 78550-9998

Francisco Rodriguez, Local President
American Postal Workers Union, AFL-CIO
Harlingen Local
P. O. Box 2421
Harlingen, Texas 78550

Francisco Rodriguez, Local President
APWU, Harlingen Local
719 Citrus Terrace
Harlingen, Texas 78550

FORM NLRB-501
(11-88)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| | |
|---|---|
| **DO NOT WRITE IN THIS SPACE** | |
| Case 16–CA–15726 (P)–1 | Date Filed 8/25/92 |

**INSTRUCTIONS:**
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a Name of Employer<br>UNITED STATES POSTAL SERVICE | b. Number of workers employed<br>90 |

| | | |
|---|---|---|
| c Address (street, city, state, ZIP code)<br>221 E. Van Buren<br>Harlingen, TX 78550-9998 | d. Employer Representative<br>Mary Martinez | e. Telephone No.<br>(210) 423-1430 |

| | |
|---|---|
| f. Type of Establishment (factory, mine, wholesaler, etc.)<br>Post Office | g. Identify principal product or service<br>Mail |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) (3) & (5) of the National Labor Relations Act, within the meaning of the Postal Reorganization Act. XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

2 Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about February 25, 1992, it, by its officers, agents, and representative, changed duties, excluding VOMA duties of Frank Rodriguez an employee, because of his membership and activities in behalf of American Postal Workers Union, AFL–CIO, a labor organization.

On or about February 25, 1992, and at all times thereafter, it, by its officers, agents, and representatives, has refused to bargaining collectively with American Postal Workers Union, AFL–CIO, a labor organization chosen by a majority of its employees in an appropriate unit, for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment, and other terms and conditions of employment, by unilaterally changing Frank Rodriguez job duties without prior notification and bargaining.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act National Labor Relations Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
   AMERICAN POSTAL WORKERS UNION, AFL–CIO, HARLINGEN LOCAL

| | |
|---|---|
| 4a. Address (street and number, city, state, and ZIP code)<br>P. O. Box 2421<br>Harlingen, Texas 78550 | 4b. Telephone No.<br>(210) 423-1430 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _(signature of representative or person making charge)_    title if any) Local President

Address 719 Citrus Terrace, Harlingen, Texas 78550    (Telephone No.)    (date) 8-22-92

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U. S. CODE, TITLE 18, SECTION 1001)



United States  ~~/ernment~~

# NATIONAL LABOR RELATIONS BOARD

Region 16

819 Taylor Street - Room 8A24

Fort Worth, TX   76102-6178

May 4, 1992


United States Postal Service
Thomas H. Pigford, Regional Labor Counsel
Office of Labor Law, Room 1500
Memphis, Tennessee  38166-0170

Re:  UNITED STATES POSTAL SERVICE
Case 16-CA-15558(P)

Examiner Assigned:  Javier R. Gonzalez
615 East Houston Street, Room 565
San Antonio, Texas  78205-2040

Phone:  (512) 229-6120

Dear Mr. Pigford:

This is to inform you that a charge, a true copy of which is enclosed, was filed in the above-entitled matter.

This case has been assigned to the Board agent shown above in our San Antonio Resident Office. When the Board agent solicits relevant evidence from you or your counsel, I request and strongly urge that you or your counsel to promptly present to the Board agent shown above at the San Antonio Resident Office any and all evidence relevant to the investigation. It is my view that refusal to fully cooperate during the investigation might cause a case to be litigated unnecessarily. Full and complete cooperation includes, where relevant, timely providing all material witnesses under your control to a Board agent so that witnesses' statements can be reduced to affidavit form, and providing all relevant documentary evidence requested by the Board agent. The submission of a position letter or memorandum, or the submission of affidavits not taken by a Board agent does not constitute full and complete cooperation.

Attention is called to your right, and to the right of any party, to be represented by counsel or other representative in any proceeding before the National Labor Relations Board and the courts. If you choose to have a representative appear on your behalf, please complete Form NLRB-4813 which may be used if you choose to have your agent receive exclusive service of all documents and communications except those expressly excluded. Please note that Form NLRB-4701 may be executed by your designated representative, but that Form NLRB-4813 will not be honored unless it is signed by you as a party.

Please be advised that under the Freedom of Information Act, unfair labor practice charges and representation petitions are subject to prompt disclosure to members of the public upon request. In this regard, you may have received a solicitation by organizations or persons who have obtained public information concerning this matter and who seek to represent you before our Agency. You may be assured that no

- 2 -

organization or person seeking your business has any "inside knowledge" or favored relationship with the National Labor Relations Board; their information regarding this matter is only that which must be made available to any member of the public.

I would appreciate receiving from you promptly a full and complete written account of the facts and a statement of your position in respect to the allegations set forth in the charge. This should also be sent to the Board Agent shown above in the San Antonio Resident Office. Attached is a statement (Form NLRB-4541) briefly setting forth procedures followed in the processing of unfair labor practice charges, which we trust will be helpful to you.

Sincerely,

Michael Dunn
Regional Director

Enclosures

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

cc:  United States Postal Service
     Mr. Stephen E. Alpern
     Associate General Counsel
     Office of Labor Law
     Washington, D.C.  20260

     United States Postal Service
     Attn:  Mary Martinez
     221 E. Van Buren St.
     Harlinge, TX  78550-9998

     APWU, AFL-CIO, Harlingen Local
     P. O. Box 2421
     Harlingen, TX  78550

     Francisco Rodriguez
     719 Citrus Terrace
     Harlingen, Texas  78550

Case 1:95-cv-00150   Document 77   Filed in TXSD on 03/08/1999   Page 23 of 27

FORM NLRB-501
(11-88)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

FORM EXEMPT UNDER 44 U S C 3512

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 16-CA-15558(P) | Date Filed 5/4/92 |

**INSTRUCTIONS:**
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br><br>UNITED STATES POSTAL SERVICE | | b Number of workers employed<br><br>Approx. 75 |
|---|---|---|
| c. Address (street, city, state, ZIP code)<br><br>221 E. Van Buren Street<br>Harlingen, TX 78550-9998 | d. Employer Representative<br><br>Mary Martinez, Postmaster | e. Telephone No<br><br>(512) 423-1430 |
| f. Type of Establishment (factory, mine, wholesaler, etc.)<br><br>Main Post Office | g Identify principal product or service<br><br>United States Mail | |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a). subsections (1)
and (list subsections) _____(3)_____ of the National Labor Relations Act,
and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about December 11, 1991, it, by its officers, agents and representatives, suspended
and on or about April 10, 1992, discharged Francisco Rodriguez, a clerk, because of
his membership and activities in behalf of American Postal Workers Union, a labor
organization, and at all times since such date it has refused and does now refuse
to rescind such action.

By the acts set forth in the paragraph above and by other acts and conduct, it, by
its officers, agents, and representatives has interfered with, restrained and
coerced and is interfering with, restraining and coercing its employees in the
exercise of their rights guaranteed in Section 7 of the said Act.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the
rights guaranteed in Section 7 of the Act National Labor Relations Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)

American Postal Workers Union, AFL-CIO, Harlingen Local

| 4a. Address (street and number, city, state, and ZIP code)<br><br>P. O.  Box 2421, Harlingen, TX 78550 | 4b. Telephone No.<br><br>(512) 423-8632 |
|---|---|

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed
by a labor organization)

National Labor Organization, American Postal Workers Union, AFL-CIO

### 6 DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By _(signature)_  Francisco Rodriguez | Union Steward |
|---|---|
| (signature of representative or person making charge) | (title if any) |

Address 719 Citrus Terrace, Harlingen, TX 78550    (512) 423-8632       4-30-92
_____(Telephone No )_____(date)_____

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U. S. CODE, TITLE 18, SECTION 1001)**

**PLAINTIFF'S FACTUAL ASSERTIONS OF THE PURPORTED BACK PAY (BP) AWARD AND ADMINISTRATIVE LEAVE (ADM) (CODE 0-86) (PX-70) INVOLVING LEAVE WITHOUT PAY (LWOP) (CODE 0-59/0-60) DURING PLAINTIFF'S 3/20/92-8-2-92 SUSPENSION PERIOD (Px-12) AND REMOVAL (Px-13) FROM PAY PERIOD (PP)-EIGHT-(8) THROUGH PP-16 AND PART OF PP-17, AND INCLUDING THE 7-DAY SUSPENSION (PX-11) OF PP-3 OF 1992, INCLUDED IN THE REMOVAL ACTION BY THE DEFENDANTS.**

## UNDISPUTED FACTS

1. The combined and continuing removal action(s) (Px-11), (Px-12) and (Px-13) were not for just cause, would cite parts of the USPS handbooks and manuals and incorporate by reference as if fully copied and set forth at length herein. Plaintiff was returned to duty with full BP (Px-14), (Px-76) & (Px-76A), inconsistent with and in violation of the Employee Labor Relations Manual (ELM) Chapter 4. Px-83A.

**436 Back Pay.** Subpart **436.1 Corrective Entitlement. 436.11.** An employee or former employee is entitled to receive back pay for the period during which an unjustified and unwarranted personnel action was in effect which terminated or reduced the basic compensation, allowances, differentials, and employment benefits which the employee normally would have earned during the period.

**436.12.** For purposes of entitlement to employment benefits, the employee is considered as having rendered service for the period during which the unjustified and unwarranted personnel action was in effect.

**436.24.** Leave which is recredited as a result of the corrective action may not exceed the maximum amount of leave to which the employee was eligible.

**436.3. Corrective Action.** The installation head, or other appropriate authority, determining that a previous decision was unjustified or unwarranted, initiates and directs the corrective action to be taken to assure that appropriate earnings to the employee for the period affected.

**426.41. Statement by Local Official. 436.411.** The local official must provide a tabulation of the number and type of pay hours with which the employee should have been credited during the back pay period, including any annual or holiday leave taken.
   a. Overtime hours and/or night differential, as applicable, are determined by averaging the number of hours that other employees of the office with the same employment status were assigned during the back pay period.

—1—



2. Plaintiff would point to examples of the improper BP award and cites Chapter 7,

Adjustments - of the USPS Handbook F-21 Time and Attendance (Px-83) by showing:

> **710 Overview.** **711.1** This chapter describes the procedures...to adjust an employee's pay ...data to the postal data center (PDC).

> **711.2.** When it appears necessary to make a pay ...adjustment, as result from a condition found by the installation,....for making a preliminary review....The review should include the following:

> **711.5** In most cases ...an adjustment is as follows:.

>> d. .In all cases, the employee's supervisor is required to sign Form 2240.....before sending to....PDC as designated. Examples (Px-84) "We contacted the Harlingen, TX Postmaster and she submitted a 2240...".

3. Plaintiff would further point to examples of improper BP award by showing it was

orchestrated by local USPS-management (Px73C), condoned and conspired by higher

USPS-management (Px-73), (Px-75) and (Px-78) were done intentionally and maliciously

causing injury to plaintiff, and in doing so they were acting outside the scope and

capacity of their official duties as USPS-officials, as follows:

  A. The $7,560.81 BP included **only** deductions of:  a). Federal Tax (F/TAX), b).

  Medicare (MED);  c). Union Dues (UN);  and d) Retirement (RET).  (Px-82A)

  B. **did not** include benefit deductions: of:  a). Health Ins. (HB472) $10.68 Per PP;

  b). payroll deductions (ALOT) $77.00 & $538.00 per PP to pay creditors; c).

  Voluntary Benefits Plan (VPB) $5.00 per PP; d). Life Ins (INS6E) $1.75 per PP;

  e).  Union Dues  (UN)  $10.11; f). Overtime (OT). (Px-82A)

4.  PP-03 **did not** include;  a). RET $43.91;  b).  ALOT  $538.00; (Px-70)

   PP-08/PP-09 Adjustment involving **PP-07** irrelevant and independent from suspension and removal period. (Px-82A)

<u>PP-08 ADM 0-86</u>  $1,273.12   * <u>PP-09 ADM 0-86</u> $ 636.56 **(Px-82A)**

DEDUCTIONS                   DEDUCTIONS
**RET   S - 87.83**          * RET   - 43.92
**MED   - 18.46**            * MED   - 9.23
**F/TAX - 254.62**   - <u>360.91</u>   * F/TAX - 81.38
Subtotal           912.21   * HB472 - 10.68
(PP-08) HB 472   - **10.68**   * UN   - 10.11
(Bal. from PP-09)  - 140.51   * INS6E - 1.75
                            * VBP   - 5.00
                            * **ALOT** - 77.00
                            * **ALOT** -<u>538.00</u>   - 777.07
                            Subtotal      - $ 140.51

(PP-08/PP-09) Adj. Check   <u>$ 761.02</u>

Plaintiff points to PP-09
benefits not deducted for
lack of funds:
UN           10.11
INS6E        1.75
VBP          5.00
A LOT       77.00
A LOT      538.00

<u>(PP-07 paid on 3-24-92. (Px-71C).</u>
 PP-07 funds transfd. to 0-86 ADM...(Px-82A)....& PP-08 for insuff Benef. Ded.

 0-52 Work hours (W)   - $377.96   F/TAX   $254.62
 0-53 OT              -  92.14   RET     87.83
 *0-55  Annual leave (AL)   -  56.81   MED     18.46
 0-56 Sick Leve (SL)   - 201.79   HB472   10.68
 * to 0-86 ADM from AL   56.81

PP-17 Adjust. HB472 4x $10.68 for PP-13, PP-14, PP-15, & PP-16
     and no ded. For VBP $.500 {Px-82A).

Adjustments in PP-20 BP award <u>Compensation</u> PP-12  $ 636.56; PP-13 $1,273.12;  PP-14 $1,273.12;  PP-15 $1,273.12;  PP-16 $1,273.12; and PP-17 $268.15.  <u>Deductions</u> RET. $18.50 for PP-17, MED 109.63, F/TAX $ 1,512.16, RET $87.83 each for PP-14, PP-15, 16,  and $43.92 for PP-12.  UN $10.11 each for PP-13, PP-14,  PP-15, PP-16. (Px-82A)

<u>NO</u>  Benefit deductions for each PP in BP award of $77.00  and $538.00 A LOT; $5.00 VBP;  $1.75 $1.75 INS6E and $10.68 HB472; $127.31 Holiday (HOL) PP-12; $127.31 HOL PP-15. (Px-82A)

CutePDF - www.texie.com

LWOP was used for  BP award pursuant to and in violation of ELM 514.11 Leave
without pay is is an authorized absence on a non-pay status ......granted upon the
employees request (<u>Plaintiff did not request</u>)...for which the employee would normally
would be paid.  514.31.  <u>Installation Head</u> .  Installation heads may approve....not in
excess of 1 year.  LWOP (AL used for BP) was adjusted and plaintiff's AL was paid
exhibits in prior pleadings.

                              Respectfully Submitted:

                              FRANCISCO R. RODRIGUEZ
                              Plaintiff, Pro Se

CVisPDF - www.fxsoft.com