1

105

United States District Court
Southern District of Texas
FILED

APR 0 4 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO R. RODRIGUEZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | CIVIL ACTION NO. B-95-150 |
| | * | |
| UNITED STATES POSTAL SERVICE, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST TO CONTINUE PRETRIAL SCHEDULE

On April 3, 2001 Plaintiff Francisco Rodriguez filed a letter pleading with the Court requesting continuance of the April 5, 2001 pretrial conference because of medical complications which developed following the March 28 replacement of his pacemaker. Mr. Rodriguez states his doctor advises against his attending the April 5 proceeding. Although not mentioned in his request, defendant presumes Mr. Rodriguez will not be medically fit to attend jury selection on April 6. All this renders a trial on April 23, 2001 problematic.

Defendant Postal Service does not wish to put Mr. Rodriguez's health at risk. However, defendant does not feel it is appropriate to grant Mr. Rodriguez an unrestricted continuance. This would not serve any of the participants, including the Court, well.

On or about March 21, 2001 Magistrate Judge Black held telephonic conference with Plaintiff Francisco Rodriguez and Assistant United States Attorney Nancy Masso. The purpose of this conference was to discuss the impact of Mr. Rodriguez's health on the trial of his case, currently

scheduled for the week of April 23, 2001. After noting the age of this 1995 case, Magistrate Judge Black advised he would reschedule the final pretrial conference from March 23 until April 5 to allow Mr. Rodriguez to receive the desired medical treatment. Magistrate Judge Black also indicated if, on April 5, Mr. Rodriguez was not prepared to proceed to trial, he would then proceed to dismiss Mr. Rodriguez's lawsuit without prejudice.

    Defendant believes a dismissal without prejudice is neither the best nor the most equitable manner of resolving this matter. If the case were dismissed without prejudice, a complaint could then be refiled, and the six year litigation process begun anew. This would raise a very real problem of laches. Rather than litigating 1986 events in 2001, the parties would likely find themselves litigating these same 1986 events in 2003 or later, nearly twenty years after the fact. Witnesses will continue to become unavailable, through relocation, infirmity or even death. Further, even for those witnesses who are still available, their memories will continue to fade. This may disadvantage both parties in any future litigation. However, it holds the potential of greater harm for defendant. Mr. Rodriguez would presumably be present to testify, whereas defendant's witnesses may not be available.

    The Postal Service also objects to a dismissal without prejudice because a new lawsuit would subject the Postal Service to the entire discovery process for a second time. Defendant asserts the discovery process in the instant action has been extremely burdensome, and has included duplicative and even abusive requests from Mr. Rodriguez. If Mr. Rodriguez were permitted to file a new lawsuit, this discovery process would likely be repeated and even made more difficult.

    Defendant suggests the Court should consider only one of two alternatives, each of which, barring appellate reversal would result in the final resolution of this litigation. These alternatives are trial and judgment or dismissal with prejudice. Clearly, a trial and resulting judgment is more desirable of these choices. Defendant believes dismissal with prejudice for failure to prosecute at this point would be unduly severe. Additionally, without firm notice to Mr. Rodriguez of the specific consequences of his failure or inability to comply with the Court's schedule, a dismissal with prejudice might be susceptible to appellate challenge.

    Rather defendant suggests the Court establish a new pretrial schedule, and clearly advise

Mr. Rodriguez his failure or inability to comply with this schedule will result in the dismissal of his lawsuit with prejudice.

In this regard, defendant Postal Service would urge the Court to establish a new date at the earliest practicable time. Notwithstanding this request, defendant Postal Service asks it not be penalized by the necessity of setting new dates, particularly the trial date. After all, this current situation was not cause by defendant Postal Service or its counsel. In this regard defendant wishes to advise the Court, postal attorney Philip Eglsaer has previous commitments for virtually the entire month of May:

- April 30 - May 4    Mediations and Depositions, Knoxville, TN
  *Fuller v. PMG,* Civil Action No. 3:99CV-530, E.D. Tenn.
  *Billings v. PMG,* Civil Action No. 3:00CV-016, E.D. Tenn.

- May 7 - 17    Trial, Tuscaloosa, AL
  *Clemmons v. PMG,* Civil Action No. CV-99-C-2206-W, N.D.Ala.
- May 23 - 30    Son's Wedding, Milwaukee, WI

WHEREFORE, PREMISES CONSIDERED, defendant prays that should this Court reset this matter for another date, that it put plaintiff on notice that should the case fail to forward, that it will be dismissed with prejudice.

Respectfully submitted,

MERVYN M. MOSEBACKER
United States Attorney

NANCY L. MASSO
Asst. United States Attorney
Texas State Bar No. 00800490
Federal I.D. No. 10263
600 East Harrison Street, No. 201
Brownsville, Texas 78520
Tel. 956-548-2554
Fax. 956-548-2549

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Response to Plaintiff's Request to Continue Pretrial Schedule was placed in the United States mail, First Class, postage prepaid on this <u>4th</u> day of April 2001, for service on:

    David Fast
    Attorney for Plaintiff
    13122 I.H. 37, Suite 103
    Corpus Christi, Texas 78410

                                        */s/ Nancy L. Masso*
                                      NANCY L. MASSO
                                      Assistant United States Attorney

ClibPDF - www.fastio.com