United States District Court
Southern District of Texas
FILED

AUG 0 2 2001

Michael N. Milby
Clerk of Court

117

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

FRANCISCO R. RDRIGUEZ,           )
                 Plaintiff       )
                                 )        Cause No. B-95-150
        VS.                      )        Civil
                                 )
UNITED STATES POSTAL SERVICE ET AL.)
                 Defendant )

## PLAINTIFF'S PRETRIAL STATEMENT, EXCLUDING EXHIBIT AND WITNESS LISTS AND OTHER MATTERS

TO THE HON. U. S. MAGISTRATE, BLACK:

COMES NOW, FRANCISCO R. RODRIGUEZ, plaintiff in the above entitled and numbered cause and for his pretrial statement, excluding exhibit and witness lists, to be included in a separate cover, but including other matters, except for the jury charge, and also reporting to the Court substantial discord on plaintiff's side, and in support therefor would respectfully show the Court as follows:

### PRE-TRIAL STATEMENT

1. Plaintiff would show the Court that both parties have attempted to have the dispute mediated, and plaintiff's attorney, having become aware of the Pollard v. Du Pont decision by the U.S. Supreme Court, June 4, 2001, whereby damages for "front pay" are not subject to the cap, as had been previously interpreted by the mediator, which caused the mediation to be unfruitful, believes that mediation would be helpful at this stage; however, plaintiff opposes mediation on the basis of the change in the law from Pollard, under any circumstance.

2. Plaintiff would show the Court that the scheduling

-1-

order/trial schedule was extended on plaintiffs heart problem and treatment, which extension was not opposed or objected to by defendants. Plaintiff's counsel was fired by plaintiff, but plaintiff has failed to hire other counsel, causing the plaintiff and his counsel to be stuck in this case, with conflicts/disagreements on how the case should be prosecuted.

3. Plaintiff and counsel believe disagreements make it very difficult for further prosecution of this case, and thus, are advising the Court of same through this means.

## I. - APPEARANCE OF COUNSEL

DAVID E. FAST
TBA #068450500, S.D. Adm. #2129
11217 Leopard St., Ste. "G"
Corpus Christi, Tx 78410
361/241-4495
Attorney for Plaintiff/Francisco R. Rodriguez

NANCY MASSO
Asst. U. S. Attorney
ROBERT MOSBACKER
U. S. Attorney for S.D. Texas
TBA #        , S.D. Adm. #
600 E. Harrison, Ste. 201
Brownsville, Tx  78520
956/548-2554
Attorney for Defendants

## II. - STATEMENT OF THE CASE

Plaintiff's case alleges age/sex discrimination and retaliation by defendant U.S.P.S. and its defendants personnel against plaintiff while plaintiff was serving as A.P.W.U. local president and employed at the Harlingen Post Office, from 1988, up to and through his retirement of October 2, 1992, in violation of Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. Sec. 2000e, and the A.D.E.A.

(law against age discrimination) noting that this cause of
action was filed at or during the pendency of a series of
E.E.O.C. actions and U.S.P.S. grievances filed by the APWU
on behalf of plaintiff, that reflected a continuous adversar-
ial attitude and activity against plaintiff by U.S.P.S. man-
agement and defendants at the Harlingen Post Office and upper
regional/district management of the U.S.P.S. in South Texas.
Because of the **continuous** nature of the discrimination and
retaliation against plaintiff, plaintiff maintains that he
sufficiently exhausted any administrative remedies and that
his petition in September, 1995 was timely.  The specific
instances of discrimination are wrongful disciplinary actions
taken against plaintiff because of his active representation
of the A.P.W.U. employee-members and for having taken APWU
action against Mary Martinez receiving favorable treatment in
1974, which is not only discrimination against him for his
age and gender, but also is retaliation for his legitimate
APWU actions and exemplary work record with USPS since 1966.
There are back pay, emotional distress & other torts as well.

### III. - JURISDICTION

This Court has jurisdiction under Federal Question bas-
ed on plaintiff's allegation of defendant's discrimination a-
gainst him in violation of 42 U.S.C. Sec. 2000e and A.D.E.A.
(age discrimination statute).

### IV. - PENDING MOTIONS/PLEADINGS

Plaintiff filed his motion for joinder of the American
Postal Worker's Union (APWU) because everything that happened

CSUPDF - www.tesio.com

to him was directly attributable to his position and consci-
entious performance of his duties as local President of the
APWU for more than 20 years, rather than as a simple employee
in the Harlingen clerk-craft.  Despite the Court announcing
that it was rejecting the joinder/impleader of the A.P.W.U.,
plaintiff has reurged his position with caselaw in support of
the joinder/impleader.  Almost every document/record in this
case identifies plaintiff as local APWU President, and plain-
tiff would show that the real party in interest in this case
is the APWU.  Plaintiff would also show the Court that both
he and his counsel do not have sufficient resources to con-
test with defendants, and as such there is very little level
playing field, for plaintiff to be made whole, without im-
pleader/joinder of the APWU.

Plaintiff has filed briefs/pleadings to overturn the mo-
tions for summary judgment dismissing all individual defen-
dants but Mary Martinez, that the Court appears not to have
acted upon.  Plaintiff has filed recent briefs with motions
for leave of the Court, supplementing and partially amending
portions of his Third Amended Complaint/Petition.  Plaintiff
has also challenged the certifications by the U.S. Attorney
General's Office as to the dismissed individual defendants as
being untimely/too late, especially after plaintiff called
the Court's attention to none of the individual defendants
having filed any certification.  Defendant U.S.P.S. has ob-
jections to plaintiff's recent brief, for being untimely.
Defendants objections to plaintiff filing a criminal action

-4-

and alleging non-compliance with the Federal Tort Claims
Act, are pending.  Defendants' objections to some of plain-
tiff's exhibits, would still be pending.  The parties have
attempted to stipulate to a certain number of categories,
but because of the sheer volume of exhibits, is an ongoing
enterprise.

## V. - CONTENTIONS OF THE PARTIES

Plaintiff alleges discrimination by defendant USPS, and
its personnel, when plaintiff was acting in his official ca-
pacity as local A.P.W.U. President, a position that he held
for more than 20 years, and as a USPS employee in the Harlin-
gen, Texas Post Office (to a lesser extent), also back pay.

Defendant denies that there was any discrimination a-
gainst plaintiff, and that any disciplinary action against
him was because of plaintiff.  Also, defendants deny that
plaintiff had been singled out for discrimination for his
activity as local APWU President.

## VI. - ADMISSIONS OF FACT

1.  Any activity between the parties occurred at the
Harlingen, Texas Post Office, except for alleged miscommuni-
cations between USPS management involving Corpus Christi MSC
San Antonio District Office, Memphis Regional Office, Minne-
sota P.D.C., etc.

2.  Defendant is an employer, as defined by Title VII
(Civil Rights Act, as amended) with more than 300 employees,
defendant is also a semi-governmental agency under the Postal
Reorganization Act of 1970.

3.   All of the conduct affecting this case by U.S.P.S. personnel, was made in the course and scope of their employment with defendant, except where shown to be outside the limits of conduct as specified by the National Bargaining Agreement (also known as, the C.B.A.) and USPS manuals and procedures.

4.   Plaintiff as a Hispanic citizen of the United States was about age 60 when the alleged discrimination occurred, and is male, adverse to Mary Martinez, being female, and is a member of a protected class as local President of the APWU. Plaintiff was the subject of defendants' retaliation for his conduct and activity in representing his APWU members in work disputes with Harlingen and USPS management.

5.   Plaintiff as a long-term member of the clerk-craft since 1966, and President of the local APWU union for more than 20 years, was very well qualified for the work he performed as an employee, and in representing his APWU members.

6.   Plaintiff was the subject of unjustified disciplinary actions by defendants out of discrimination against him for his age and sex, and in retaliation for his representation of his APWU members, that resulted in health problems and financial damage to him and his family, and eventually resulted in early retirement.

### VII. - CONTESTED ISSUES OF FACT

1.   Did defendant's personnel discriminate against the plaintiff in unilaterally taking away his VOMA duties, with higher pay?

-6-

2.   Did defendant's personnel discriminate against the plaintiff in making the 7-day suspension, that was not justified (that was later overturned in plaintiff's subsequent grievances/EEOC complaints), but was also used by defendants to begin a systematic attack on plaintiff's financial standing with his creditors and his economic well-being?

3.   Did plaintiff show qualified for his clerk-craft and VOMA duties, as well as well-qualified to represent the APWU in labor-management relations and disputes involving local APWU members, including himself?

4.   Was the disparate treatment on age and sex against plaintiff, if any, intentional by defendants' personnel?

5.   Was the disparate treatment in the Emergency Suspension and Removal Action in March-May, 1992, based on the plaintiff's age and gender, against plaintiff, if any, intentional by defendants' personnel?

6.   Was the disparate treatment on age and sex against plaintiff in the Seven-Day Suspension, if any, retaliation by defendants' personnel?

7.   Was the disparate treatment in the Emergency Suspension and Removal Action in March-May, 1992, against plaintiff if any, retaliation by defendants' personnel?

8.   Was being removed from USPS employment and then being reinstated, an "adverse" employment action by defendants, with USPS claiming that adverse employment actions could only include discharge, demotion, refusal to promote or suspension?

-7-

9. Was plaintiff damaged by being suspended/removed from his employment, as part of defendants' discrimination and harassment of plaintiff, as local APWU President, despite his qualifications for employment with defendant and for being the president of a local union?

10. What errors, if any, did defendants make with regard to plaintiff's pay in 1992, and what additional money is the plaintiff owed as part of his back pay/front pay, as a result of the positive result of the Step 3 USPS grievance?

11. Were the errors in Number 10., intentional and did any of the defendants intend that plaintiff and his family would suffer financially, and other ways, as a result of the problems with his pay, compounded by refusal and delay in not paying him all of his back pay/front pay.

## VIII. - AGREED PROPOSITIONS OF LAW

1. Plaintiff is entitled to Title VII relief if he establishes by a preponderance of the evidence that his age/sex was a motivating factor in the Defendant's allegedly discriminatory employment practices resulting in disciplinary detriment/alteration of the terms and conditions of employment; St. Mary's; Burdine; McDonnell-Douglas, U. S. Supreme Court; Vought, 5th Circuit (citations omitted).

2. A plaintiff asserting discriminatory termination claim under Title VII must first make a prima facie case by showing that (1) he was a member of a protected class, (2) that he was qualified for the job or would have been qualified for the achievement or position, (3) there was an ad-

-8-

verse job action unjustified by situation, and (4) the ad-
verse action was because of his age or gender.

3.   Once a plaintiff has made out a prima facie case of
employment discrimination, the burden of production (but not
the ultimate burden of persuasion, which remains throughout
with the plaintiff) shifts to the defendants.  Defendants
must articulate, but need not prove, a legitimate, nondiscri-
minatory reason for the adverse employment action taken a-
gainst the plaintiff.  If the defendant succeeds, the burden
of production shifts back to the plaintiff to prove by a pre-
ponderance of the evidence and with a "heightened level of
specificity" that the proffered reason is mere pretext and
the employer's actual intent was discriminatory.  Mere dis-
belief of the employer's proffered reason for its action is
not enough, there must be proof of intentional discrimina-
tion.  A plaintiff's subjective belief that he was discrimi-
nated against because of age/sex-without more-is insufficient
to establish a prima facie case.

4.   A Title VII plaintiff cannot succeed by proving only
that the defendants' proffered reason for an adverse person-
nel decision is pretextual, but only by showing both that the
reason was false and that age/sex discrimination was the real
reason.

5.   Plaintiff would show that defendants retaliated a-
gainst him because of his conduct/activity as local A.P.W.U.
President had resulted in numerous adverse employment deci-
sions against U.S.P.S. management, with defendants concocting

-9-

CutePDF - www.tevisa.com

fictitous grounds of misconduct and disciplinary problems a-
gainst plaintiff as multiple pretexts to remove him from his
position as local APWU President, noting that from 1966 to
1988, when the harassment began, plaintiff had a pristine
disciplinary and attendance record at the local USPS install-
ation.   The retaliation was particularly reprehensible be-
cause it extended beyond the local worksite, into upper USPS
management.

## IX. - CONTESTED ISSUES OF LAW

Plaintiff challenges the issue of alleged failure to ex-
haust administrative remedies in EEOC proceedings and USPS
grievances, since the discrimination/harassment/retaliation
was continuous from 1988 until plaintiff was forced to retire
in October 2, 1992 (noting also that the EEOC proceedings and
USPS grievances extended beyond the date of retirement.

Plaintiff also challenges defendants' position that he
had received all of his back pay, as ordered by the Step 3
USPS grievance of 7/9/92, with the contested issue being how
the back pay (and "front pay") should have been calculated
with plaintiff alleging defendants misused the Form 2240's
to deprive him of his earned pay and benefits, as well as
improperly adjusting his pay, pre-removal and post-removal,
in order to intentionally do plaintiff financial harm, as
well the other damages and harm inflicted on plaintiff.

Plaintiff also challenges defendants' position that he
is required to prove that defendant USPS, as employer either
knew or should have known of any misconduct by its personnel

CAMPDF - www.iwiss.com

with regard to plaintiff (be put on notice) and failed to
take prompt remedial action, if any.

Plaintiff challenges defendants' claim that he is re-
stricted to damages only for lost wages, since there are many
foreseeable damages/injuries intended by defendants, flowing
from defendants' discrimination/retaliation/harassment and
manipulation of his pay and benefits.

For the same reason plaintiff challenges defendants'
legal theory that mitigation of damages, is restricted to mi-
tigation of lost wages, since there are other damages besides
lost wages, over which plaintiff had no control once defen-
dants prematurely eliminated his allotments for payments for
long term financial obligations.

Plaintiff points out that he still seeks damages for in-
fliction of emotional distress and anxiety, and defamation
to his character.

## X. - EXHIBITS

Plaintiff has prepared a list of exhibits, because of
the sheer volume of same, under separate cover.

## XI. - WITNESSES

Plaintiff has prepared a list of witnesses, because of
the large number of same, under separate cover.

## XII. - SETTLEMENT

Settlement has been attempted; Mediation was attempted.
Plaintiff would advise the Court that the mediator was help-
ful, but the mediation was based on pre-Pollard claim by the
defendants of a cap on plaintiff's damages from any alleged

-11-

CM/PDF - www.fesio.com

discrimination.  With Pollard v. Du Pont, holding that there
is no longer a cap on "front pay" (included in plaintiff's
petition for damages), the mediation may have been derailed
because of defendants' misplaced reliance on there being a
cap that the Pollard case has refuted.

## XIII. - TRIAL

The parties disagree on the length of time required for
a jury trial of this cause. No logistical problems are known.

## XIV. - ATTACHMENTS

Plaintiff produces his voire dire questions and jury
questions/instructions under separate cover. Plaintiff incor-
porates by reference any previous, Joint Pre-Trial Confer-
ence Report, filed herein by both parties, as well as plain-
tiff's (3) most recent briefs filed since the Court's sched-
uling order went into effect, with the last two briefs filed
with plaintiff's Motion for Leave of the Court.

WHEREFORE, PREMISES CONSIDERED, FRANCISCO R. RODRIGUEZ,
plaintiff, prays that the District Court grant plaintiff's
pre-trial statement and deny defendant's motions, and allow
alteration of scheduling order and added proceedings on his
cause of action and remedies for discrimination, and grant
any other and further relief to which plaintiff may be justly
entitled.
                Dated:  8/2/01.

                              Respectfully submitted,

                              _____
                              DAVID E. FAST
                              TBA #068450500, S.D. Adm. #2129
                              11217 Leopard St., Ste. "G"
                              Corpus Christi, Tx 78410
                              361/241-4495
                              Attorney for Plaintiff

-12-

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Plaintiff's Pre-Trial Information, was delivered to the opposing attorney, by FAX, hand delivery or certified mail, return receipt requested, by depositing same in a depository of the U. S. Postal Service in a wrapper properly addressed, postage prepaid, to the said attorney, on the ___ day of Aug., 2001.

_____
DAVID E. FAST

## CERTIFICATE OF CONSULTATION

This is to certify that on ___ day of Aug., 2001, I attempted to telephone opposing counsel, but was not able to speak with her for whatever reason to consult about plaintiff's pre-trial information and other matters before Court.

_____
DAVID E. FAST

-13-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

FRANCISCO R. RDRIGUEZ,                     )
                    Plaintiff             )
                                          )       Cause No. B-95-150
        VS.                               )       Civil
                                          )
UNITED STATES POSTAL SERVICE ET AL.)
                    Defendant  )

## ORDER

On the _____ day of _____, 2001, came on to be heard

Plaintiff's Pre-Trial Statement without Exhibit/Witness Lists

and it appearing to the Court, appropriate notice has been

given to defendant, and after opportunity for a hearing, if

necessary, or requested;

IT IS THEREFORE HEREBY ORDERED that Plaintiff's Pre-Trial

Statement be admitted, and other relief be granted with the

scheduling order amended with the case to be continued on the

Court's docket as previously scheduled.

SIGNED this _____ day of _____, 2001.


_____
JUDGE PRESIDING