119

United States District Court
Southern District of Texas
FILED

AUG 0 2 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,          )
                    Plaintiff   )
                                 )    Cause No. B-95-150
         VS.                     )    Civil
                                 )
UNITED STATES POSTAL SERVICE-ET AL.,)
                    Defendant(s) )

## PLAINTIFF'S PROPOSED JURY CHARGE

LADIES AND GENTLEMEN OF THE JURY:

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1. Do not let bias, prejudice, or sympathy play any part in your deliberations.

2. In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the Court; that is, what you have seen and heard in this courtroom, together with the law as given you by the Court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

-1-

3. Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4. You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5. You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6. You may render your verdict upon the vote of 10 or more members of the jury. The same 10 of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than 10 jurors. If the verdict and all the answers therein are reached by unanimous agreement, the foreman shall sign the verdict for the entire jury. If any juror disagrees as to an answer made by the verdict, those jurors who agree to all the findings shall each sign the verdict.

These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties,

attorneys, and the judge.  If it should be found that you
have disregarded any of these instructions, it will be jury
misconduct and it may require another trial by another jury;
then all of our time will have been wasted.

The presiding juror or any other juror who observes a
violation of the Court's instructions shall immediately warn
the one who is violating the same and caution the juror not
to do so again.

When words are used in this charge in a sense that var-
ies from the commonly understood meaning, your are given a
proper legal definition, which you are bound to accept in
place of any other meaning.

Answer only the questions which you are specifically
instructed to answer.  Your answers should be in the form as
indicated the parentheses "(   )" following each question.
When the question asks for a sum of money, state your answer
in dollars and cents, or "None".  Questions to be answered
"Yes" or "No" should be answered as follows:  A "Yes" answer
is to be based on the preponderance of the evidence.  If the
preponderance of the evidence does not support a "Yes" an-
swer, then you must answer "No".  If the question directs you
to give an answer other than "Yes" or "No", you must still
base your answers on a preponderance of the evidence with
respect to each matter inquired about in the question.

As used in this charge, **"preponderance of the evidence"**
means the greater weight and degree of credible evidence,
including testimony, introduced and admitted in this case.

-3-

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

**QUESTION NO. ONE:**

Did the U.S. Postal Service or any of its employee defendants, retaliate against plaintiff, while acting in his capacity as President of the Harlingen A.P.W.U.?

**ANSWER TO NO. ONE:**

Answer "Yes" or "No" for each of the following:

a.   United States Postal Service Management   _____.

b.   Mary Martinez   _____.

c.   Arturo J. Cortez   _____.

d.   Louis Bazaldua   _____.

e.   Felix Figuroa   _____.

f.   George Lopez   _____.

g.   Eddie Perez   _____.

Answer Question No. Two only if you have found in your answer to Question No. One that one or more of the defendants

-4-

retaliated against plaintiff for acting in his capacity as President of the Harlingen A.P.W.U. Otherwise, do not answer the following question.

**QUESTION NO. TWO:**

What percentage of the total retaliation against plaintiff for acting in his capacity as President of the Harlingen A.P.W.U. by the defendants, do your find to be attributable to each of those found by you, in your answer to Question No. One, to have retaliated against plaintiff?

The percentages you find must total 100 percent. The retaliation attributable to a person named below is not necessarily measured by the number of acts or omissions found, and that percentage by a person need not be the same percentage attributed to that person in answering another question.

**ANSWER TO NO. TWO:**

Answer by stating the total percentage, if any, opposite each name:

Defendants:

a. United States Postal Service Management _____%.

b. Mary Martinez _____%.

c. Arturo J. Cortez _____%.

d. Louis Bazaldua _____%.

e. Felix Figuroa _____%.

f. George Lopez _____%.

g. Eddie Perez _____%.

TOTAL: ___100___ %

If, in answer to Question No. One, you have found that one or more of defendants retaliated against plaintiff for acting in his capacity as President of the Harlingen A.P.W.U. then answer Question No. Three, whether such retaliation was within the course and scope of each defendant's employment with the U.S. Postal Service. Otherwise, do not answer the following question.

**QUESTION NO. THREE:**

Was the retaliation by defendants within the course and scope of each defendant's employment with the U.S. Postal Service?

**ANSWER TO NO. THREE:**

Answer "Yes" or "No" for each defendant:

a.  United States Postal Service Management    _____.

b.  Mary Martinez    _____.

c.  Arturo J. Cortez    _____.

d.  Louis Bazaldua    _____.

e.  Felix Figuroa    _____.

f.  George Lopez    _____.

g.  Eddie Perez    _____.

Answer Question No. Four regardless of how you have answered the three previous questions:

**QUESTION NO. FOUR:**

Do you find from the preponderance of the evidence that one or more of the defendants violated the civil rights of plaintiff Francisco R. Rodriguez?

A violation of civil rights may be a violation of con-

- 6 -

stitutionally protected rights, such as right to life, liberty and pursuit of happiness, or may be a violation of statutorily protected rights, such as those under Title Seven of the Civil Rights Act of 1991; an example would be discrimination on the basis of race, gender or age.

**ANSWER TO NO. FOUR:**

Answer "Yes" or "No" for each defendant:

a.   United States Postal Service Management   _____.

b.   Mary Martinez   _____.

c.   Arturo J. Cortez   _____.

d.   Louis Bazaldua   _____.

e.   Felix Figuroa   _____.

f.   George Lopez   _____.

g.   Eddie Perez   _____.

If you answer "Yes" to any of the preceding questions regarding harm to plaintiff Francisco R. Rodriguez, made the basis of this suit for any one of the defendants, regarding retaliation or violation of plaintiff's civil rights by discrimination by race, gender or age, regardless of whether it is attributed to less than a majority of defendants, or if in your answer to the preceding questions you found that only one but not both harmful acts were done by one or more of the defendants causing injury to plaintiff Francisco R. Rodriguez then answer Question No. Five.  Otherwise, do not answer the following question.

**QUESTION NO. FIVE:**

What sum of money, if paid now in cash, would fairly and reasonably compensate plaintiff Francisco R. Rodriguez for

his actual damages, if any, that resulted from the occurrence
in question?

Answer in dollars and cents for damages, if any, sus-
tained by plaintiff.

**ANSWER TO NO. FIVE:**

Consider the elements of damages listed below and no
others.  Consider each element separately.  Do not include
damages for one element in any other element.  Do not in-
clude interest on any amount of damages you find.  Do not
include any amount of any condition not resulting from the
occurrence in question.  Do not include any amount for any
pre-existing condition before the occurrence in question,
except to the extent, if any that such pre-existing condition
was aggravated by any injuries that resulted from the occur-
rence in question.

   a.  Physical pain and mental anguish  $_____.

   b.  Loss of earning capacity  $_____.

   c.  Physical impairment  $_____.

   d.  Medical Expenses  $_____.

   e.  Financial losses directly attributable to defendants
       conduct  $_____.

If you have answered "Yes" to Question Nos. One or Three
Answer Question No. Six. Otherwise, do not answer the follow-
ing question.

**QUESTION NO. SIX:**

What sum of money, if any, should be assessed against
one or more of the defendants and awarded to plaintiff Fran-

cisco R. Rodriguez as exemplary damages for the conduct found in response to Question Nos. One and/or Three?

"**Exemplary damages**" means an amount that you may in your discretion award as an example to others, and as a penalty, or by way of punishment, in addition to any amount that you may have found as actual damages.

Answer in dollars and cents for exemplary damages, if any.

### ANSWER TO NO. SIX:

Do not include any amount of any condition not resulting from the occurrence in question. Do not include any amount for any pre-existing condition before the occurrence in question, except to the extent, if any that such pre-existing condition was aggravated by any injuries that resulted from the occurrence in question.

Answer:  $_____.


If you found by the preponderance of the evidence that one or more of the defendants violated plaintiff Francisco R. Rodriguez' civil rights by violating his civil rights by violating a constitutionally protected right, such as right to life, liberty and pursuit of happiness, or may be a violation by discrimination against him for race, gender or age-Title Seven of the Civil Rights Act of 1991, answer Question No. Seven. Otherwise do not answer the following question.

### QUESTION NO. SEVEN:

What sum of money, if any, should be assessed against one or more of the defendants and awarded to plaintiff Fran-

CMPDF - www.fastio.com

cisco R. Rodriguez as damages for the violation of plaintiff Francisco R. Rodriguez' civil rights as found in your response to Question No. Four?

Answer in dollars and cents for violations of his civil rights, if any.

**ANSWER TO NO. SEVEN:**

Answer:   $_____.

Answer Question No. Eight regardless of any previous answers to prior questions.

**QUESTION NO. EIGHT:**

Do you find from the preponderance of the evidence that one or more of the defendants conspired with other defendants to inflict injury or harm on plaintiff Francisco R. Rodriguez during the time period covered by this lawsuit, from 1988 to 1992?

**ANSWER TO NO. EIGHT**

Answer "Yes" or "No" for each of the following:

a.  United States Postal Service Management   _____.

b.  Mary Martinez   _____.

c.  Arturo J. Cortez   _____.

d.  Louis Bazaldua   _____.

e.  Felix Figuroa   _____.

f.  George Lopez   _____.

g.  Eddie Perez   _____.

In order to answer "Yes" you must find that one or more of the defendants' conduct met each of the elements of con-

spiracy, which are set forth as follows:

If your answer to Question No. Eight was "Yes" that more than one of the defendants, conspired together in order to cause harm/injury to plaintiff Francisco R. Rodriguez, then answer Question No. Nine.  Otherwise, do not answer the following question.

**QUESTION NO. NINE:**

What sum of money, if paid now in cash, would fairly and reasonably compensate plaintiff Francisco R. Rodriguez, for his harm/injuries, if any, that resulted from the occurrence of any conspiracy by more than one of the defendants?

Answer in dollars and cents for damages, if any, sustained by plaintiff Francisco R. Rodriguez.

**ANSWER TO NO. NINE:**

Consider the elements of damages listed below and no others.  Consider each element separately.  Do not include damages for one element in any other element.  Do not include interest on any amount of damages you find.  Do not include any amount of any condition not resulting from the occurrence in question.  Do not include any amount for any pre-existing condition before the occurrence in question, except to the extent, if any that such pre-existing condition was aggravated by any injuries that resulted from the occurrence in question.

~11~

a.  Physical pain and mental anguish  $_____.

b.  Loss of earning capacity  $_____.

c.  Physical impairment  $_____.

d.  Medical Expenses  $_____.

e.  Financial losses directly attributable  $_____.

If you have answered "Yes" to Question No. Nine, answer Question No. Ten.  Otherwise, do not answer the following question.

## QUESTION NO. TEN:

What sum of money, if any, should be assessed against one or more of the defendants and awarded to plaintiff Fran- Cisco R. Rodriguez, as exemplary damages for the conduct found in your response to Question No. Nine?

"**Exemplary damages**" means an amount that you may in your discretion award as an example to others, and as a penalty, or by way of punishment, in addition to any amount that you may have found as actual damages.

Answer in dollars and cents for exemplary damages, if any.

## ANSWER TO NO. TEN:

Do not include any amount of any condition not resulting from the occurrence in question.  Do not include any amount for any pre-existing condition before the occurrence in question, except to the extent, if any that such pre-existing condition was aggravated by any injuries that resulted from the occurrence in question.

Answer:  $_____.

-12-

## QUESTION NO. ELEVEN:

Do you find from a preponderance of the evidence that one or more of the defendants illegally removed plaintiff, Francisco R. Rodriguez, from his Vehicle Operation and Maintenance Assistant (VOMA) duties, for which he was the successful bidder in 1983, and had remained as incumbent until unilateral removal at the Harlingen Post Office in early 1992 and gave the VOMA duties to another employee without bidding for the assignment?

## ANSWER TO NO. ELEVEN:

Answer "Yes" or "No" for each of the following:

a.  United States Postal Service Management   _____ .

b.  Mary Martinez   _____ .

c.  Arturo J. Cortez   _____ .

d.  Louis Bazaldua   _____ .

e.  Felix Figuroa   _____ .

f.  George Lopez   _____ .

g.  Eddie Perez   _____ .

If your answer to Question No. Eleven was "Yes" that one or more of the defendants was responsible for plaintiff Francisco R. Rodriguez being illegally removed from his VOMA duties, as successful bidder and incumbent of the assignment, then answer Question No. Twelve.  Otherwise, do not answer the following question.

## QUESTION NO. TWELVE:

What sum of money, if paid now in cash, would fairly and reasonably compensate plaintiff Francisco R. Rodriguez, for his damages or harm/financial injuries, if any, that resulted

CISPDF - www.fenhe.com

from plaintiff Francisco R. Rodriguez being illegally removed from his VOMA duties as successful bidder and incumbent of that assignment?

Answer in dollars and cents for damages, if any, sustained by plaintiff Francisco R. Rodriguez.

**ANSWER TO NO. TWELVE:**

Do not include any amount for any damages or exemplary damages that duplicates damages that have already been awarded to plaintiff.  Do include the amount of money that represents the difference between Level 6 (VOMA pay level) and Level 5 (plaintiff's non-VOMA pay level), for both regular hours and overtime hours, subsequent to the illegal removal of plaintiff.

Answer:  $_____.

Answer Question No. Thirteen, regardless of how you may have answered any of the preceding questions.

**QUESTION NO. THIRTEEN:**

What sum of money, if any, should be assessed against the U.S. Postal Service and awarded to plaintiff Francisco R. Rodriguez, as back pay (including Overtime and Regular Pay illegally removed by defendants) and benefits (already earned and accruing during the time he was removed from employment) resulting from the grievance restoring him to his normal employment on July 7, 1992?

Answer in dollars and cents for the amount of back pay, if any.

**ANSWER TO NO. THIRTEEN:**

-14-

Answer:   $ ____ ____.

Do not include any amount of money that plaintiff has already received from the U.S. Postal Service. Do include money that he should have received based on his normal overtime that was historically determinable before the retaliation/harassment by defendants began in 1988. Restore his accrued benefits that defendants illegally removed using the improper Form 2240's, as well as other benefits that would have accrued if he had not been removed by defendants.

Answer Question No. Fourteen, regardless of how you may have answered any of the preceding questions.

## QUESTION NO. FOURTEEN:

What sum of money, if any, should be assessed against the U.S. Postal Service and awarded to plaintiff Francisco F. Rodriguez, as front pay (including Overtime and Regular Pay) and benefits (that would have accrued if plaintiff had not been forced, albeit indirectly due to injury to his health, into early retirement), accruing up to the time that plaintiff would have normally retired(noting he was in good health prior to the onset of defendants' harassment/retaliation).

Answer in dollars and cents for the amount of front pay, if any.

## ANSWER TO NO. FOURTEEN:

Answer:   $ ____ ____.

Do not include any amount for any damages or exemplary damages that duplicates damages that have already been awarded to plaintiff. Do include money that he would have received based on his normal overtime that was historically

~15~

determinable before the retaliation/harassment by defendants began in 1988 (including COLA's), if he had not been forced into early retirement.

Answer Question No. Fifteen, regardless of how you may have answered any of the preceding questions.

**QUESTION NO. FIFTEEN:**

Do you find from the preponderance of the evidence that one or more of the defendants directly or indirectly prevented Restricted Delivery Registered Letter #R 563 404 954, from being delivered to its addressee, Francisco R. Rodriguez, on or about March 27, 1992, in violation of the U.S. Postal Service regulations and the U.S. criminal statutes"

**ANSWER TO NO. FIFTEEN:**

Answer "Yes" or "No" for each of the following:

a. United States Postal Service Management _____.

b. Mary Martinez _____.

c. Arturo J. Cortez _____.

d. Louis Bazaldua _____.

e. Felix Figuroa _____.

f. George Lopez _____.

g. Eddie Perez _____.

In order to answer "Yes" you must find that one or more of the defendants' acted directly or indirectly to prevent the Registered Letter/Restricted Delivery from being delivered to plaintiff Francisco R. Rodriguez on or about March 27, 1992, and all subsequent times afterward, since the letter has never been produced or accounted for, regardless of whe-

CVISPDF - www.texisi.com

ther any defendant was acting in concert with any other de-
fendant.

If you answered "Yes" to Question No. Fifteen, answer
Question No. Sixteen.  Otherwise, do not answer the following
question.

**QUESTION NO. SIXTEEN:**

What sum of money, if any, should be assessed against
the U.S. Postal Service and any one of the defendants for
which you answered "Yes" to Question No. Fifteen, and a-
warded to plaintiff Francisco R. Rodriguez, for the harm/
injury to him and his employment and his health, plus ex-
penses in his efforts to receive/retrieve said Restricted
Delivery Registered Letter, that was never delivered or ac-
counted for by the U.S. Postal Service and defendants, in
violations of the U.S. Postal Service regulations and the
U.S. criminal statutes?

Answer in dollars and cents for the amount of back pay,
if any.

**ANSWER TO NO. SIXTEEN:**

Answer:  $_____.

Combine any actual damages and exemplary damages in your
answer, keeping in mind the importance of sending a message
to all such defendants, that such egregious conduct should
not be tolerated.

After you retire to the jury room, you will select your
own presiding juror.  The first thing the presiding juror
will do is to have this complete charge read aloud and then
you will deliberate upon your answers to the questions asked.

-17-

It is the duty of the presiding juror to:

1.  Preside during your deliberations.

2.  See that your deliberations are conducted in an or-
derly manner and in accordance with the instructions in
this charge.

3.  Write out and hand to the bailiff any communication
concerning the case which you desire to have delivered
to the judge.

4.  Vote on the questions.

5.  Write your answers to the questions in the spaces
provided.

6.  Certify to your verdict in the space provided for
the presiding juror's signature or to obtain the signa-
tures of all the jurors who agree with the verdict if
your verdict is less than unanimous.

Once you have retired to begin your deliberations, you
should not discuss this case with anyone, not even with other
members of the jury, unless you are all present in the jury
room.  Should anyone try to talk with you about this case be-
fore you return your verdict, please tell the judge of this
fact.

When you have answered all of the questions submitted to
you, and the certificate that follows has been completed,
tell the bailiff, who will be outside the door of the jury
room, that you have reached a verdict.

_____
JUDGE PRESIDING

-18.-

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as indicated, and return same into Court as our verdict.

(To be signed by the presiding juror if unanimous)


Date: _____          _____
                                        Presiding Juror

(To be signed by those rendering the verdict only if it is not unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____