United States District Court
Southern District of Texas
FILED

AUG 0 2 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO R. RODRIGUEZ | § | |
| Plaintiff | § | |
| | § | Cause No. B-95-150 |
| VS. | § | Civil |
| | § | |
| UNITED STATES POSTAL SERVICE-ET AL | § | |
| Defendants. | § | |

### PLAINTIFF'S SECOND MOTION TO DISMISS DAVID E. FAST TO APPEAR AS ATTORNEY-IN-CHARGE FOR FRANCISCO R. RODRIGUEZ AND EMMA MENDEZ RODRIGUEZ

TO THE HONORABLE MAGISTRATE JUDGE JOHN W. BLACK:

COMES NOW FRANCISCO R. RODRIGUEZ, plaintiff in the above-styled and numbered cause and files his motion under the provisions of the Local Rules for alternative counsel representation, in the alternative he reurges to joinder/interplead the American Postal Workers Union, AFL-CIO (APWU), and in support would shows the Court as follows:

**DUE PROCESS OF LAW.**

Plaintiff argues that has been deprived, and wants to preserve and protect, of the full due process under the United States Constitution, by showing that he has provided the defendants with sufficient evidence of material fact for a prima facie case, and the defendants have failed to controvert by proof, every material fact which bears on his case. Plaintiff argues that he filed this action on 9-6-95, and plaintiff was subsequently denied a court appointed counsel, by showing that the defendants had sufficient time to request representation, if they felt they were entitled to it; and plaintiff points to pertinent part(s) of the Employee Labor Relations Manual (ELM),

1

### 667.221 Employee Representation

An employee who believes he or she is entitled to representation by the Department of Justice (DOJ) in a proceeding..... .must promptly submit a written request for that representation. Failure to submit a request promptly may prevent ...to obtain approval of the employees request.

### 667.23 Criteria for Granting Representation

The DOJ provides representation at its discretion and only after determining that the employee acted within the scope of ... authority and that such representation would be in the best interest of the United States.

by showing that that several years later the Government's defense counsel on its own volition determined that the defendants were entitled to DOJ representation, and the Court concurred. Plaintiff points to his allegations of postal regulation violations in the delivery of mail, with specificity registered letter No. R 563 404 954 addressed to him Px-71A which was defaced, opened, destroyed, deprived to plaintiff; and letter from defendant Martinez dated 1-16-97 to plaintiff Px-71B1, by showing that Government defense counsel in viewing Px-71A and Px-71B1, is reasonable person would discern the improper handling of Px-71A, by showing that defense counsel is patently aware of the penal culpability of such acts. Plaintiff points to pertinent parts of the Administrative Support Manual (ASM),

### 274.21 Mail sealed against Inspection

No person may open mail sealed against inspection; or search, inspect, read, .... Form the mail or its contents; or surrender all or part of such mail, whether or not such is believed to contain criminal or other...matter....

**080.010 134.** Theft of Mail Matter by Officer or Employee. Prohibits theft or unauthorized possession of mail before delivery by Postal Service employee (Title 18, United States Code, Section 1709), in prior pleadings/Briefss, and in the Court's file, incorporated by reference the same as if fully copied and set forth at length herein.

2

by showing that those violations remain unabated, and the Government turns the other way with a deaf-ear. Plaintiff points to Docket No. 94, dated 9-6-2000, **ORDER GRANTING DEFENDATS' MOTION FOR CONTINUANCE**, due to government counsel's …emergency, by showing that the motion was misleading and ambiguous, noting that it was not for government counsel, but for Mr. Philip W. Eglsaer; thereafter, plaintiff points to Docket No. 99, dated 10-30-2000, the Court Ordered that Mr. Eglsaer practice before this Court in this particular action, by showing that the defendants have been graciously accommodated by the Court. Plaintiff points to his Discovery of the case, which was stayed by a Protective Order by the Court, by showing that Mr. Eglsaer, is an agent, employee party to the defendant-USPS and an Operative of the defendant-USPS; plaintiff points to his many grievances/EEO complaint appeals, in the Court's file and prior pleadings/Briefs, by showing that the PS Forms 2240 (2240) Px-0020 through Px-0025 in discussion in this lawsuit and one of the critical documents being requested by plaintiff, since day-one of his removal, were provided by defendants Martinez and Cortez at their November 1999 depositions, with the legal skills and conflict of interest, of Mr. Eglsaer having the ability to produce the remainder of the 2240's and the same could be said about registered letter R 563 404 954 which are at his immediate disposal at Southern Region, Memphis, TN, his law department office of domicile, citing ASM

**USPS 030.010   System Name**

>  Equal Employment Opportunity – EEO Administrative Litigation Case Files, 030.010.

>  **System Location**   Law Department, Postal Service Headquarters, **and** field offices; area offices and districts,

3

by showing that Mr. Eglsaer as a defendant-USPS defendant/operative continues to violate plaintiff's rights under the United States Constitution, as such plaintiff strongly objects, and urges the Court to remove and refrain, Mr. Eglsaer to participate in part, or an any form, in this action, other than as a witness.

PREMISES CONSIDERED, Francisco R. Rodriguez, prays that he be granted leave to retain other Counsel to represent him, joinder/interplead APWU, or in the alternative for him to proceed Pro Se in this case, and grant any other/further relief to which the Plaintiff may be entitled.

*David Fast*
*S.D. #2125*
*TOA #06850500*
*Atty. for Plaintiff*
*1217 Loop #6*
*CC, TX 78410*
*361/241-44??*

Respectfully submitted,

_____
FRANCISCO R. RODRIGUEZ
719 Citrus Terrace
Harlingen, TX 78550
Plaintiff/Pro se
(956) 423-8632
(FAX) 956-423-8632

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Motion was delivered to the opposing partys' attorney of record, by Certified Mail-Return Receipt Requested, to the said attorney on the ___02___ day of ~~February~~ August, 2001.

_____
FRANCISCO R. RODRIGUEZ
Plaintiff/Pro se

## CERTIFICATE OF CONSULTATION

This is to certify that on the ___1st___ day of August 1, 2001 plaintiff attempted, and was unable to confer by telephone with counsel for the defendants, regarding his motion in this case.

_____
FRANCISCO R. RODRIGUEZ

4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above motion plaintiff's attorney-in-charge, David E. Fast, on the _____ day of August 2001.

_____
FRANCISCO R. RODRIGUEZ

UNITED STATES DISTRICT COURT
SOUTJERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO R. RODRIGUEZ | § | |
|     Plaintiff, | § | |
| | § | Cause No. B-95-150 |
| VS. | § | Civil |
| | § | |
| UNUITED STATES POSTAL SERVICE, ET AL | § | |
|     Defendants. | § | |

### ORDER GRANTING SECOND MOTION OF PLAINTIFF FRANCISCO R. RODRIGUEZ TO DISMISS DAVID E. FAST TO APPEAR AS ATTORNEY-IN-CHARGE FOR PLAINTIFF

On this date came on to be considered the Motion of Francisco R. Rodriguez, Plaintiff, to Dismiss David E. Fast to appear as Attorney-in-Charge for Plaintiff, and for Francisco R. Rodriguez to retain other Counsel, joinder/interplead APWU to represent Plaintiff, or in the alternative for him to proceed Pro Se, and the Court, having considered the Motion and the undersigned judge before whom this case is pending, having given his permission for such Motion, and it appearing to the Court, appropriate notice has been given to defendants;

It is ordered that Francisco R. Rodriguez, Plaintiff, is granted leave and permission to retain other Counsel to represent him, or in the alternative to proceed Pro Se, and the case be continued on to the Court's Docket.

SIGNED this _____ day of _____, 2001

 

_____
JOHN W. BLACK
U.S. MAGISTRATE JUDGE

security procedures cannot consult a supervisor and when the procedures are not clearly and specifically answered by postal regulations or by written direction of the Postal Inspection Service or General Counsel, the employee must resolve the question by protecting the mail in all respects and moving it, or letting it move, without interruption, to its destination.

### 274.2 Opening, Searching, and Reading Mail Generally Prohibited

#### 274.21 Mail Sealed Against Inspection

No person may open mail sealed against inspection; or search, inspect, read, or disclose information obtained from the mail or its contents; or surrender all or any part of such mail, whether or not such is believed to contain criminal or other nonmailable matter; except to the extent one or more of these actions is permitted because the person is:

a.   A postal employee in a mail recovery center acting under the dead mail regulations in *Postal Operations Manual* (POM) 69.

b.   A postal employee acting with the consent of the addressee or sender.

c.   A person executing a search warrant under 274.6.

d.   An authorized U.S. Customs Service or U.S. Department of Agriculture employee acting under 274.91 or 274.92.

e.   A postal inspector acting under 274.91d.

f.   A postal employee disclosing information under 274.5.

g.   An agricultural inspector of a state or territory of the United States, acting under the Terminal Inspection Act (7 U.S.C. 166) and in strict accordance with pertinent procedures in Publication 14, *Restrictions and Prohibitions on Mailing Animals, Plants, and Related Matter.*

h.   Acting as otherwise expressly permitted by federal statutes or postal regulations.

#### 274.22 Mail Not Sealed Against Inspection

Mail not sealed against inspection may be opened, and its contents searched, inspected, and read, all or any part of it surrendered, and information obtained from it released, but only to the extent a person is permitted to take one or more of these actions under the following conditions:

a.   Under any of the conditions that qualify for an exception under 274.21.

b.   By a postal employee, when authorized to make a determination about the mailability of the contents or the applicable postage for unsealed mail.

c.   As otherwise expressly permitted by federal statutes or postal regulations.

#### 274.23 Definitions

##### 274.231 Mail Sealed Against Inspection

The following terms and definitions apply:

a.   For purposes of this part, the terms "mail sealed against inspection" and "sealed mail" mean mail on which appropriate postage is paid, and



667.12

scope of their employment while operating a motor vehicle are absolutely immune from personal liability.

667.12 **Employee Responsibilities**

The employee, immediately upon being served, will promptly deliver all process and pleadings received to the employee's immediate supervisor for routing to the installation head.

667.13 **Installation Head Responsibilities**

The installation head or designee will promptly forward all process and pleadings to the Postal Inspection Service office for the district where the proceeding is brought, together with all available information concerning the accident, for referral to the United States Attorney.

667.2 **Representation of USPS Employees by the Department of Justice in Non-Motor Vehicle Cases**

667.21 **General**

The procedures in this section pertain to all cases not covered in 667.1. Under the procedures explained below, an employee (hereby defined to include present and former employees or their estates) may be provided representation in civil proceedings and in state criminal proceedings in which they are sued, subpoenaed, or charged in their official capacity, when the actions for which representation is requested reasonably appear to have been performed within the scope of their employment, and providing representation would be in the interest of the United States. See 667.1 if the proceeding involves a motor vehicle accident.

667.22 **Procedure for Requesting Legal Representation by the Department of Justice**

667.221 **Employee Responsibilities**

An employee who believes he or she is entitled to representation by the Department of Justice in a proceeding, he or she must promptly submit a written request for that representation, together with all process and pleadings served, to the employee's installation head. Failure to submit a request promptly may prevent the processing necessary to obtain approval of the employee's request. In order to give a request proper consideration, it must contain a detailed statement from the employee of his or her knowledge of the subject matter of the proceeding and be accompanied by all pertinent documents. The Department of Justice asks that the letter requesting representation be addressed to the

ASST ATTORNEY GENERAL CIVIL DIVISION
DEPT OF JUSTICE
CONSTITUTION AVE & 10TH ST NW
WASHINGTON DC  20530-0001,

but that the request letter not be sent directly to the Assistant General. The request is to be sent directly to the employee's installation head who will, in



Employee Relations
Conduct                                                                                                         667.41

turn, forward the request in accordance with 667.222. The Department of Justice requires that the request contain:

a.  The date the employee was served.

b.  The date on which the employee must respond or appear at a proceeding.

c.  A statement that the employee has read the complaint; that all conduct related to the allegations in the complaint occurred within the scope of the employee's official duties; and that such conduct was done in the good faith belief that it was proper.

d.  A statement describing in detail the employee's knowledge of the subject matter of the complaint. Failure to provide a detailed statement of the facts may prevent the processing necessary to obtain approval of the request.

667.222  **Installation Head or Higher Level Official Responsibilities**

a.  The installation head or next higher level official or other designated official should forward the request without delay to the Chief Field Counsel for the region in which the proceeding arose.

b.  The installation head or designee must submit a covering transmittal memorandum to the Chief Field Counsel containing a recommendation as to whether providing the employee representation would be in the best interest of the United States Postal Service and a statement detailing the installation head's or designee's knowledge of the subject matter of the case.

667.223  **Postal Inspection Service**

Postal Inspection Service personnel should follow procedures established by the Chief Postal Inspector to request representation by the Department of Justice rather than the procedures set forth in this section.

667.23  **Criteria for Granting Representation**

The Department of Justice provides representation at its discretion and only after it determines that the employee acted within the scope of her or his authority and that such representation would be in the best interest of the United States.

667.3  **Department of Justice Representation**

Upon determination by the Department of Justice that an attorney will represent an employee, the employee will be so notified and will be provided information about the nature of Department of Justice representation.

667.4  **Reimbursement of Employees for Legal Fees, Judgments, and Settlements**

667.41  **Legal Fees**

An employee whose request under 667.22 has been denied for any reason may request, through the appropriate Chief Field Counsel, reimbursement for legal fees incurred by the use of private counsel.

### Notification Procedure

Inquiries must be addressed to the head of the facility where application was made. Inquiries must contain full name, position applied for, the date the Promotion Board met, and Social Security number.

### Record Access Procedures

Requests for access must be made in accordance with the notification procedure above and the Postal Service Privacy Act regulations regarding access to records and verification of identity under 39 CFR 266.6.

### Contesting Record Procedures

See Notification and Record Access Procedures above.

### Record Source Categories

Employee and employee personnel data.

# USPS 030.030

### System Name

Equal Employment Opportunity — EEO Administrative Litigation Case Files, 030.030.

### System Location

Law Department, Postal Service Headquarters, and field offices; area offices and districts.

### Categories of Individuals Covered by the System

Employees and applicants for employment involved in EEO litigation.

### Categories of Records in the System

a. Formal pleadings and memoranda of law.
b. Other relevant documents may contain names, work locations, dates, Social Security numbers, and other information included on affidavits, interviews, investigative forms, counselor reports, exhibits, discovery, withdrawal notices, briefs, appeals, copies of decisions, records of hearings and meetings, and other records related to complaints.
c. Miscellaneous notes and case analyses prepared by Postal Service advocates and other personnel.
d. Correspondence and telephone records.

### Authority for Maintenance of the System

39 U.S.C. 401, 409(d).

Privacy Act Systems of Records    USPS 080.010

131. *Injury to Mail Bags.* Prohibits breaking into mail bags with intent to steal or render insecure (Title 18, United States Code, Section 1706).

132. *Theft of Property Used by the Postal Service.* Prohibits theft or appropriation of Postal Service property (Title 18, United States Code, Section 1707).

133. *Theft or Receipt of Stolen Mail Matter Generally.* Prohibits theft or unauthorized possession of mail before delivery (Title 18, United States Code, Section 1708).

134. *Theft of Mail Matter by Officer or Employee.* Prohibits theft or unauthorized possession of mail before delivery by Postal Service employees (Title 18, United States Code, Section 1709).

135. *Theft of Newspapers.* Prohibits theft of newspapers from mail by Postal Service employees (Title 18, United States Code, Section 1710).

136. *Misappropriation of Postal Funds.* Prohibits unauthorized use or theft of funds by Postal Service employees (Title 18, United States Code, Section 1711).

137. *Falsification of Postal Returns to Increase Compensation.* Prohibits Postal Service employees from making false entries to increase their compensation (Title 18, United States Code, Section 1712).

138. *Issuance of Money Orders Without Payment.* Prohibits Postal Service employees from issuing money orders without having previously received payment therefor (Title 18, United States Code, Section 1713).

139. *Foreign Divorce Information as Nonmailable.* Prohibits the mailing of foreign divorce information (Title 18, United States Code, Section 1714).

140. *Firearms as Nonmailable.* Prohibits mailing of concealable firearms except between certain individuals (Title 18, United States Code, Section 1715).

141. *Injurious Articles as Nonmailable.* Prohibits a wide variety of articles from being mailed (Title 18, United States Code, Section 1716).

142. *Nonmailable Motor Vehicle Master Keys.* Prohibits mailing of any article declared nonmailable under 39 U.S.C. 3002 (Title 18, United States Code, Section 1716A).

143. *Nonmailable Plants.* Self-explanatory (Title 18, United States Code, Section 1716B).

144. *Forged Agricultural Certifications.* Prohibits forging or counterfeiting agricultural certifications (Title 18, United States Code, Section 1716C).

145. *Letters and Writings as Nonmailable; Opening Letters.* Prohibits the mailing of certain types of letters (Title 18, United States Code, Section 1717).