126

United States District Court
Southern District of Texas
FILED

AUG 0 3 2001

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,           *
    Plaintiff,                    *
                      *
vs.                                *
                      *
                      *       CIVIL ACTION Nº. B-95-150
                      *
                      *
UNITED STATES POSTAL SERVICE,      *
    Defendant.                    *

## DEFENDANT'S PROPOSED JURY INSTRUCTION

### NO. 1
### PRELIMINARY INSTRUCTIONS

**MEMBERS OF THE JURY:**

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. You will need to rely on your

memories. Even though the Court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case - the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

**Preliminary Instructions 1.1, <u>Pattern Jury Instruction (civil cases), U.S. 5th Circuit, District Judges Association, 1992 Edition, West Publishing Company</u>.**

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

## CAUTIONARY INSTRUCTION:

### FIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**Cautionary Instructions 2.2, Pattern Jury Instructions (civil cases, U.S. 5th Circuit, District Judges Association, 1992 Edition, West Publishing Company, UNITED STATES PROPOSED JURY**

## DEFENDANT'S PROPOSED INSTRUCTION NO. 3

## COURT'S CHARGE TO JURY

**MEMBERS OF THE JURY:**

Now that you have heard the evidence and the argument of counsel, it becomes my duty to give you the instruction of the Court as to the law applicable to this case.

In arriving at your verdict, and in your deliberations, it is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law here given to you and to find the facts of this case from the evidence introduced at the trial and in accordance with these rules of law.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are the sole and exclusive judges of the facts. You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial. Do not speculate on matters which are not in evidence, and you should never discuss this case with anyone until such time as you are discharged, except among yourselves when you have been retired to deliberate your verdict. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in this case.

You are not bound by any opinion which you might think the Court has concerning the facts in this case, and if I have in any way said or done anything which leads you to believe that I have any opinions about the facts in this case, you are instructed to disregard them. Further, nothing in these instructions to you is made for the purpose of suggesting or conveying to you what verdict I think you should find.

**Devitt & Blackmar § 71.02**

- 4 -

You are instructed that the statements and arguments of counsel are not evidence. They are only intended to assist the jury in understanding the evidence and the position and contentions of the parties to this suit. The jury should not consider or be influenced by the fact that during the trial of this case, counsel have made objections to the testimony, as it is their duty to do so, and it is the duty of the court to rule on them in accordance with the law.

Certain things that happen during a trial do not constitute evidence. I will list them for you:

1. Arguments and statements by lawyers are not evidence. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence. If testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4. Anything you may have seen or heard when the court was not in session is not evidence.

You have been chosen and sworn as jurors to try the issues of fact presented in this case. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. All of the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict.

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar stations in life. A

- 5 -

government is entitled to the same fair trial at your hands as a private individual.  All persons and organizations, including governments, stand equal before the law, and are to be dealt with as equals in a court of justice.

**Devitt & Blackmar § 71.05**

CM/PDF - www.fastio.com

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

## CONSIDERATION OF THE EVIDENCE

You, as jurors, are the sole judges of the credibility of the witnesses and of the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence, which tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure to recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

**Devitt & Blackmar § 73.01**

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statement of the witnesses. In other words, you are not

CVisPDF - www.fox/ox.com

limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

**Devitt & Blackmar § 72.03**

ChilPDF - www.fastio.com

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

## GOVERNMENT AGENCY

Do not let bias, prejudice or sympathy play any part in your deliberations.  A government agency and all other persons are equal before the law and must be treated as equals in a court of justice.

**Cautionary Instruction 2.13,  <u>Pattern Jury Instructions, (Civil Cases)</u>, U.S. Fifth Circuit, District Judges Association, 1994 Edition, West Publishing Company.**

CVisPDF – www.fesko.com

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

## STIPULATIONS OF FACT

The parties have agreed, or stipulated to the following facts.  This means that both sides

agree that is a fact.  You must therefore treat this fact as having been proved.


**Cautionary Instruction 2.3,  <u>Pattern Jury Instructions, (Civil Cases)</u>, U.S. Fifth Circuit, District Judges Association, 1994 Edition, West Publishing Company.**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

## BURDEN OF PROOF

The burden is on the Plaintiff in civil action such as this to prove every essential element of his or her claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

**Cautionary Instructions 2.20, <u>Pattern Jury Instructions (Civil Cases)</u>, U.S. 5th Circuit, District Judges Association, 1994 Edition, West Publishing Company.**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8**

**DISCRIMINATION IN EMPLOYMENT--PURPOSE OF STATUTE**

Federal law prohibits an employer from discrimination against an employee on the bases of race, color, religion, reprisal, sex, national origin, and mental and physical handicap and reprisal for engaging EEO activity. For the purposes of this case, the law entitled Plaintiff to equal opportunity and treatment in employment. 42 U.S.C. §2000e et seq.

CMPDF - www.fasiso.com

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

### ELEMENTS OF PROOF

Plaintiff, Francisco Rodriguez, brings this lawsuit against defendant, the Postmaster General of the United states Postal Service, under the civil rights laws of the United States, to recover damages allegedly sustained by him.

Plaintiff has alleged that he was subjected to sex, age and reprisal discrimination as a result of his treatment by Harlingen Postmaster Mary Martinez, Supervisor Arturo Cortez, as well as several other postal managers and supervisors. In order for plaintiff to recover on his claims against defendant, plaintiff must prove the essential elements of his claims, by a preponderance of the evidence.

As to his claims of SEX DISCRIMINATION, Mr. Rodriguez must prove, by a preponderance of the evidence, each of the following four elements:

First: He was subjected to adverse employment actions.

Second: Under similar circumstances, similarly situated female employees received treatment, which was more favorable than the treatment Mr. Rodriguez received.

Third: Mr. Rodriguez was treated less favorably than the female employees were treated because he is a man.

Fourth: As a result of the alleged discrimination, Mr. Rodriguez sustained specific injuries or damages.

As to his claims of AGE DISCRIMINATION, Mr. Rodriguez must prove, by a preponderance of the evidence, each of the following five elements:

First:   He was subjected to adverse employment actions.

Second:  He was over 40 years of age at the time he was subjected to these adverse actions.

Third:   Under similar circumstances, similarly situated younger received treatment, which was more favorable than the treatment Mr. Rodriguez received.

Fourth:  Because of his age Mr. Rodriguez was treated less favorably than these younger employees were treated.

Fifth:   As a result of the alleged discrimination, Mr. Rodriguez sustained specific injuries or damages.

As to his claims of REPRISAL DISCRIMINATION, Mr. Rodriguez must prove, by a preponderance of the evidence, each of the following four elements:

First:   He engaged in activity protected by federal employment anti-discrimination laws.

Second:  He was subjected to an adverse employment.

Third:   The adverse employment action was taken against him because he had engaged in protected activity.

Fourth:  As a result of the alleged discrimination, plaintiff sustained damages.

The mere fact that Mr. Rodriguez is a man, is over 40 years of age and/or engaged in protected EEO activity and he was subsequently subjected to an adverse employment actions is not sufficient to prove discrimination. As to his claims of sex and age discrimination Mr. Rodriguez must prove there is a causal connection between his sex and/or age and the adverse actions. As to his claims of reprisal discrimination Mr. Rodriguez's burden is even higher. He must prove that "but for" his having engaged in protected activity he would not have been

- 14 -

subjected to the adverse employment action.[1]

If the plaintiff fails to prove each of these elements by a preponderance of the evidence, you need go no further in your deliberations because you must find for defendant.

---

[1]   <u>Jack v. Texaco Research Center</u>, 743 F.2d 1129, 1131 (5th Cir. 1984).

<u>Collins v. Baptist Memorial Geriatric Center</u>, 937 F.2d 190 (5th Cir.), <u>cert. denied</u>,, 112 S.Ct. 968 (1991)

<u>Moham v. Sreego Corp.</u>, 3 F.3d 873 (5th Cir. 1993).

- 15 -

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

## BURDEN OF PROOF AND ORDER OF PRESENTATION

Plaintiff has the burden to show that defendant intentionally discriminated against him because of his **sex**, because of his **age**, and/or because he engaged in activity protected by Title VII. In deciding whether defendant intentionally discriminated against plaintiff because of his sex, age and/or participation in EEO activity, your job is to determine what motivated the Postal Service managers in their decisions affecting Mr. Rodriguez.

If plaintiff meets the initial burden of showing: (1) similarly situated female and younger employees received more favorable treatment; (2) he engaged in an activity protected by Title VII; (3) he was subject to an unfavorable employment decision; and (4) there is a causal connection between his sex, age, and/or EEO activity and the adverse action, defendant may show that it had a reason other than his sex, age and/or prior protected activity reprisal for the actions of which plaintiff complains. Defendant does not have the burden of proving that its articulated reason for its actions is true, instead, Defendant need only provide evidence of a non-discriminatory reason for its actions.

Once Defendant has come forward with legitimate, non-discriminatory business reasons for its actions, Plaintiff then must prove by a preponderance of the evidence that Defendant's stated reasons are really no more than a pretext for reprisal discrimination and the true reason for the action of which he complains is his sex, age and/or prior involvement in activity protected by Title VII. Plaintiff must prove that "but for" the protected activity he would not have been subjected to the action which he claims. In evaluating Defendant's reasons, you cannot simply second-guess or substitute your own business judgment for that of the Defendant. If Plaintiff has failed to show by a preponderance of the evidence that "but for" the protected activity these actions would not have been taken against him, you must find for Defendant.[2]

---

[2] <u>St. Mary's Honor Center v. Hicks</u>, ___ U.S. ___, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

CMxPDF - www.fetina.com

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

## SIMILARLY SITUATED EMPLOYEES

Plaintiff may attempt to prove that he was discriminated by providing evidence that employees who did not engage in activity protected by Title VII engaged in similar misconduct but were treated differently. It is Plaintiff's burden to prove that the companion employees were in fact similarly situated. If the difference in treatment of the employees can be explained by differences in conduct, or in locations, or in supervisors, or in time periods, or other factors which would explain the differences in treatment without regard to whether the employee engaged in activity protected by Title VII, then an inference of discrimination does not arise.[3]

---

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Johnston v. Harris County Flood Control District, 869 F.2d 1565, 1571 (5th Cir. 1989).

McDaniel v. Temple Independent School District, 770 F.2d 1340, (5th Cir. 1985).

Jack v. Texaco Research Center, 743 F.2d 1129, 1131 (5th Cir. 1984).

Whatley v. Metropolitan Atlanta Rapid Transit Authority, 632 F.2d 1325 (5th Cir. 1980).

[3] Mitchell v. Toledo Hospital, 964 F.2d 577 (6th Cir. 1992).

Johnson v. Bunny Bread Co., 646 F.2d 1250 (8th Cir. 1981).

Mazella v. RCA Global Communications, Inc., 642 F.Supp. 1531 (S.D. N.Y. 1986), aff'd without opinion, 814 F.2d 653 (2nd Cir. 1987).

Talley v. U. S. Postal Service, 33 F.E.P. Cases 233 (E.D. Mo. 1982), aff'd 720 F.2d 505 (8th Cir. 1983), cert. denied, 446 U.S. 952 (1984).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

## NO SUBSTITUION OF JUDGMENT

You may not find for Plaintiff merely because you may feel that Defendant made a poor management decision or that a different management official may have made a different decision.  Defendant need not show that it conducted its business in an optimum manner.  In order to recover, Plaintiff must demonstrate that intentional discrimination was a substantive and determinative cause for any adverse decision affecting Francisco Rodriguez's employment.  Even a showing of a poor management decision, made without the intent to discrimination, does not entitle Plaintiff to recover.[4/]

---

[4/]     <u>Furnco Construction Corp. v. Waters</u>, 438 U.S. 567 (1970).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

## NO PRESUMPTION OF ENTITLEMENT TO DAMAGES

If plaintiff has proven his claim against defendant by a preponderance of the evidence, you must determine the amount of damages to which plaintiff is entitled. You should not interpret the fact that I have given you instructions about the plaintiff's damages as an indication in any way I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

**Cautionary Instruction 15.1, <u>Pattern Jury Instructions, (Civil Cases)</u>, U.S. Fifth Circuit, District Judges Association, 1994 Edition, West Publishing Company.**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

For each claim on which Defendant is liable, Plaintiff is entitled to recover an amount which will reasonably compensate her for the loss and damage he suffered as a result of Defendant's alleged unlawful conduct which occurred after November 21, 1991. Conduct by Defendant that does not cause harm does not entitle Plaintiff to damages. By the same token, harm to the Plaintiff which is not the result of unlawful discriminatory conduct by Defendant does not entitle Plaintiff to damages.

Equitable relief consists of those remedies which will "make whole" Plaintiff, including lost wages. If liability is found you may award "make whole" relief, including interest on lost wages, to be computed in accordance with postal regulation. In this regard the only monetary relief which could be awarded the Plaintiff for this suspension are the wages lost by the Plaintiff and interest on lost wages.[5/]

---

[5/] Section 706(g) of the Civil Rights Act of 1964 authorized only equitable relief, including backpay, for violations of the Act. Section 102(a)(1) of the Civil Rights Act of 1991 authorized the award of compensatory damages. However, since the Civil Rights Act of 1991 was held not to be retroactive, only equitable relief may be awarded for causes of action accruing prior to November 21, 1991, the effective date of the 1991 Act. Accordingly, compensatory damages may not be adjudged for claims which arose prior to November 21, 1991. Landgraf v. USI Film Product, et al., 511 U.S. ____, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

You may award the Plaintiff reasonable compensation for the following:

(1)    pain, suffering, and physical or emotional distress;

(2)    embarrassment and humiliation;

which occurred after November 21, 1991.  Compensatory damages do not include lost wages or interest on lost wages.[6/]

You may consider the testimony and the demeanor of the Plaintiff in considering and determining a fair allowance for any damages for emotional distress and humiliation.  Any award must fairly compensate the Plaintiff for his injury but must have a basis in the evidence and be reasonable in light of that evidence.  You may not award damages based simply on speculation or guesswork.[7/]  You may not award punitive damages.

---

[6/] Section of 102(b)(2) of the Civil Rights Act of 11991 excludes from compensatory damages "backpay, interest on backpay or any other type of relief authorized under section 706(g) of the civil Rights Act of 1964."

[7/]  Adapted from Devitt, Blackmar, and Wolff Federal Jury Practice and Instructions § 104.06 (1987).

- 21 -

CRAPDF - www.texisi.com

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15

Upon retiring to the jury room, you will select one of your number to act as your foreperson, to preside over your deliberations and to be your spokesperson here in court. A form of verdict has been prepared for your convenience. You will take this form to the jury room and write on it your answers to the questions. Your foreperson will write the unanimous answer in the space provided after each question. You will note that some of the questions may or may not be applicable, depending on your response to one or more of the preceding questions. You will not answer any question that is not applicable.

When your verdict is completed, the foreperson will sign and date it as so completed; and the jury will then return with it to the courtroom.

See **Devitt & Blackmar,** § 74.05.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

You are further instructed that while you are deliberating upon this charge that has been submitted to you, you will not mention or refer to, nor take into consideration any matter, fact or circumstance, other than the testimony and evidence that have been admitted before you.

Do not decide who you think should win and then try to answer the questions. You will not decide any issue by lot, by drawing straws, or by the use of any other method of chance. Do not reach your result by adding together each juror's figures and dividing by the number of jurors to get an average. Further, do not do any trading on your answers as your answers and verdict must be unanimous; that is, all of the jurors must agree to each of your answers.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judge--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Cautionary Instructions 2.11, <u>Pattern Jury Instructions (Civil Cases)</u>, U.S. 5th Circuit, District Judges Association, 1992 Edition, West Publishing Company.**

- 23 -

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the bailiff, signed by your foreman.

Bear in mind that you are never to reveal to any person--not even to the Court--how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**See Devitt & Blackmar, § 74.08**

ChfsPDF - www.fastio.com