*127*

United States District Court
Southern District of Texas
FILED

AUG 0 3 2001

Michael N. Milby
Clerk of Court

Francisco Rodriguez v. USPS

Defendant's Comments on Plaintiff's Proposed Pretrial Order & Submissions

OPENING SECTION (Unnumbered)

Delete all three sections.  Argument of this type is inappropriate in a pretrial order.

SECTION I - Statement of the Case

Delete - Much to slanted.  This is not for argument, but rather neutral statement.

Suggest the following statement:

Plaintiff was originally appointed as a window/distribution clerk at the Harlingen Post Office in April 1966.  In approximately 1987 Mary Martinez was appointed postmaster in Harlingen.  In this lawsuit Plaintiff seeks to challenge virtually every aspect of his employment at the Harlingen Post Office after the arrival of Postmaster Mary Martinez.

Plaintiff alleges he was discriminated against because of his sex and his age, over 60.  Plaintiff also alleges he was subject to retaliation or reprisal for his activities as a union official.

In ~~April~~ 1992 Plaintiff was removed from postal employment for allegedly threatening another postal employee.  Plaintiff challenged his removal by filing a grievance pursuant to the collective bargaining agreement.  This grievance was settled and plaintiff was returned to work with full back pay.  The Postal Service did compute Plaintiff's back pay entitlement.  However, Plaintiff asserts he did not receive the full amount of back pay to which he was entitled.  He alleges these actions were the result of sex, age and union reprisal discrimination.

On October 2, 1992 Plaintiff retired from postal employment.  The Postal Service contends this retirement was voluntary, *and continuing discrimination afterwards alleged* Plaintiff asserts he was forced to retire.

## SECTION II - Counsel

Include Bar Numbers for Nancy Masso:
Texas State Bar No. 00800490
Federal ID No. 1000263

Include Co-counsel:
Philip W. Eglsaer
United States Postal Service
Law Department
225 North Humphreys Boulevard
Memphis, Tennessee 38166-0170
901-747-7351
Fax 901-747-7371

## SECTION III - Jurisdiction

OK

## SECTION IV - Pending Motions

Delete - Much too long.  At most only the title of the motions should be listed.

## SECTION IV - Contentions of the Parties

OK, but add the following to Defendants Contentions:

Defendant contends the court has jurisdiction to hear only those claims of sex and age discrimination related to his 1992 removal and return to duty. Defendant contends the court does not have jurisdiction to hear Plaintiff's claims of retaliation for union activity.

Finally, Defendant contends Plaintiff's retirement was voluntary.

## SECTION V - Admissions of Fact

Defendant objects to all 6 stipulations of fact, and asks they be moved to contested issues of fact.

ClibPDF - www.fastio.com

## SECTION VI - Defendant's Contested Issues of Fact[1]

Please add the following additional contested issues of fact:

1. Whether the Postal Service properly computed and paid to Plaintiff the back pay awarded by the arbitrator, following his return to work.

2. Whether postal officials were motivated by discriminatory animus in their computation and payment of Plaintiff back pay.

3. Whether postal managers forced Plaintiff to retire or whether Plaintiff voluntarily chose to retire.

4. Whether postal mangers were motivated by retaliatory or age bias in their treatment of Plaintiff or was Plaintiff's treatment explained by other non-discriminatory reasons.

5. Whether Plaintiff suffered physical, mental and/or emotional injury as a result of his treatment by postal managers.

## SECTION VIII - Agreed Issues of Law

Defendant objects to issues 1 & 5, and asks these two be moved to contested issues of law.

Issues 2, 3 & 4 are acceptable.

## SECTION IX - Defendant's Contested Issues of Law

Please include the following contested issues of law:

1. Whether Plaintiff has standing to prosecute his claims for alleged breach of the pretrial bargaining agreement.

2. Whether the union breached its duty of fair representation with respect to the matters, which Plaintiff seeks to assert his claims of breach of the collective bargaining agreement.

3. Whether Plaintiff timely filed his civil action which asserted claims of breach of the collective bargaining agreement.

---

[1] Additionally, Defendant contends many of the facts asserted by Plaintiff are irrelevant, immaterial; and therefore inadmissible.

4.  Whether the court has jurisdiction over Plaintiff's claims of breach of the collective bargaining agreement.

5.  Whether Plaintiff properly exhausted his administrative remedies with respect to his claims of breach of the collective bargaining agreement.

6.  Except with respect to the single incident involving the computation and payment of back pay implementing the grievance settlement returning him to work, whether Plaintiff properly exhausted his administrative remedies with respect to his claims of sex and age discrimination.

7.  Except with respect to the single incident involving the computation and payment of back pay implementing the grievance settlement returning him to work, whether Plaintiff timely filed his civil action with respect to his claims of sex and age discrimination.

8.  Whether the court has jurisdiction over any of Plaintiff's claims of prohibited discrimination, except his claims of sex and age discrimination as it relates to the single incident involving the computation and payment of back pay implementing the grievance settlement returning him to work.

9.  Whether this court has jurisdiction over Plaintiff's claims of retaliation or reprisal for union activity.

10.  Whether Plaintiff's apparently voluntary retirement was really a constructive discharge.

## SECTION XII - Settlement

Defendant objects to any statement except: The parties did mediate, without success.

## SECTION XIII - Trial Length

Please include the following statement:

Defendant believes trial will last 4 days.

# SECTION XIV - Attachments

Defendant opposes Plaintiff's the mention of documents, which are included by reference.  Defendant also objects to the inclusion of motions in this section.

Defendant's attachments:

Defendant's Witness List

Defendant's Exhibit List  (will be filed not later than August 21, 2001)

# PRAYER FOR RELIEF

Defendant objects, as it is inappropriate for the pretrial order.  Defendant requests it be deleted.

# SIGNATURE BLOCKS

Signature block for the judge is needed.

ClibPDF - www.fastio.com