133

United States District Court
Southern District of Texas
FILED

AUG 2 8 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,       )
          Plaintiff           )
                              )   Cause No. B-95-150
VS.                           )   Civil
                              )
UNITED STATES POSTAL SERVICE-ET AL,)
          Defendants          )

**PLAINTIFF'S MOTION FOR DISQUALIFICATION ON ATTORNEY EAGLSAER
BEING A WITNESS AND CUSTODIAN OF RECORDS FOR DEFENDANT**

TO THE HON. MAGISTRATE BLACK OF U.S DISTRICT COURT:

COMES NOW, FRANCISCO R. RODRIGUEZ, plaintiff in the above numbered and entitled cause, and for his motion for disqualification of Phillip Eaglsaer as co-counsel for defendants, and in support therefor would respectfully show the Court as follows:

1. Plaintiff has made several previous complaints about attorney Eaglsaer's representation of defendants in this case without any one taking any action on those complaints.

2. Said attorney is a defendant by virtue of his employment with the USPS, and as such is a party to this lawsuit.

3. Said attorney has been listed as a witness by plaintiff (see amended witness list), being named as such because of his testimony on defendant's response to discovery and his role as custodian of postal service regional documents (see ASM, USPS Sec. 150.025 "Privacy Act: Systems of Records" and ASM, USPS Sec. 030.030 Uses of Records Maintained in the System, showing the role of USPS Law Department).

4. Said attorney is described as a primary cause of de-

-1-

fendants' failure/refusal to comply with plaintiff's numerous discovery requests, that had been filed early in this cause, although prematurely stayed by the Court. An example is the production/non-production of documents related to the VOMA duties for the Harlingen USPS installation; said attorney provided a copy of the documentation for previous incumbent's position as VOMA employee from the 1970's, but did not provide documentation regarding plaintiff's bidding and winning the VOMA position in 1983, which he held until improper removal in 1992, as part of defendants' continuing campaign against him as President of the local APWU (said attorney representing that the limited and irrelevant documents on the prior incumbent was all that they had). This duplicity may be sanctionable under 18 U.S.C. Sec. 1001.

5. Plaintiff would also argue that said attorney is a "covered entity", noting in <u>Bloom v. Bexar County, Texas</u>, No. 97-50027 (5th Cir. 1997), the conflict between the Circuit Courts of Appeals, although the 5th Circuit did find against Bloom, it showed that the 5th Circuit uses the hybrid economic realities/common law control test. Plaintiff would extrapolate from Bloom in his motion to disqualify Eaglsaer.

6. Plaintiff believes that the attorney in charge in this case being Nancy Masso, Assistant U. S. Attorney, is sufficient to represent defendants in this case.

WHEREFORE-PREMISES CONSIDERED, FRANCISCO R. RODRIGUEZ plaintiff, prays the Court grant his motion for disqualification of attorney Phillip Eaglsaer commensurate with the above

-2-

pleadings, and that the Court may grant any other and further relief to which plaintiff may be justly entitled.

Dated: August 22, 2001.

Respectfully submitted,

*David Fast*
DAVID E. FAST
TBA #068450500, S.D. Adm. #2129
11217 Leopard St., #"G"
Corpus Christi, TX 78410
361/241-4495
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of The Motion for Disqualification of P. Eaglsaer, was delivered to the opposing attorneys, by FAX, hand delivery or certified mail, return receipt requested, by depositing same in a depository of the U. S. Postal Service in a wrapper properly addressed, postage prepaid, to the said attorney, on aug 22, 2001.

*David Fast*
DAVID E. FAST

## CERTIFICATE OF CONSULTATION

This is to certify that on the 22nd day of Aug., 2001, I consulted by telephone with the office of Nancy Masso, to inquire if the USPS/defendants had opposition to plaintiff's motion for disqualification, without obtaining permission or opposition.

*David Fast*
DAVID E. FAST

```
            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF TEXAS
                BROWNSVILLE DIVISION
```

FRANCISCO R. RODRIGUEZ,         )
        Plaintiff         )
                          )   Cause No. B-95-150
VS.                             )   Civil
                          )
UNITED STATES POSTAL SERVICE-ET AL,)
        Defendants)

## ORDER

On the _____ day of _____, 2001, came on to be heard Plaintiff's Motion for Disqualification of Attorney Phillip Eaglsaer, and if appears appropriate notice has been given to all interested parties/defendants and after opportunity for a hearing if necessary, or requested;

IT IS THEREFORE HEREBY ORDERED that Plaintiff's Motion for Disqualification of attorney Phillip Eaglsaer is granted, and the record shall show him as a witness for plaintiff.

SIGNED this _____ day of _____, 2001.

                                        _____
                                        JUDGE PRESIDING

ClibPDF - www.fastio.com