136

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**OCT 3 1 2001**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANCISCO R. RODRIGUEZ | * | |
| | * | |
| vs. | * | CIVIL ACTION Nº. B-95-150 |
| | * | |
| UNITED STATES POSTAL | * | |
| SERVICE, ET AL | * | |

## DEFENDANTS' STATUS REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

The Federal defendants herein wish to advise the Court of the status of settlement in this lawsuit. By way of background, the Federal Defendants submit:

1.    This lawsuit was filed by the Plaintiff in 1995. At the time that suit was filed, Plaintiff was proceeding *pro se*. Plaintiff filed numerous voluminous pleadings in the case containing a large array of exhibits.

2.    In June of 1998, attorney David Fast advised the Court and counsel that he had been retained by the Plaintiff to represent him in this lawsuit. The filing of numerous, duplicative, voluminous pleadings and exhibits continued unabated despite Mr. Fast's participation in the case.

3.    Over the past several months, it became clear that Mr. Fast was not actively preparing the pleadings in this case, but rather, it was his client who was preparing the pleadings. In fact, Mr. Rodriguez, who is not a licensed attorney, was signing the pleadings on behalf of Mr. Fast. When this issue was raised, the Court admonished the Plaintiff and his attorney that Mr. Fast must sign the pleadings and that copies of same must be provided to the Court and counsel in accordance with the local rules.

4.    Mr. Rodriguez filed motions with the Court to have Mr. Fast removed as his attorney. This Court advised the Plaintiff and his counsel on more than one occasion that he would grant the Plaintiff's motion to remove Mr. Fast, if Plaintiff found another attorney who was willing to take over the case without seeking additional extensions of time. No attorney has come forward.

5.      After granting several requests for scheduling order extensions and requests for continuances–made by all parties in the case–the Court's patience began to wear thin.  On May 29, 2001, this Court entered an Order[1] setting this matter for trial on August 28, 2001.  In this Order, it states:

> **ORDERS that this matter be scheduled for trial beginning at 9:00 a.m. on August 28, 2001.** *The parties are admonished that any conduct or action resulting in the further delay of these proceedings will be strictly scrutinized. Further, any party found to have unduly caused such a delay may be subject to an imposition of sanctions from contempt of court up to and including a dismissal with prejudice.*

6.      The parties were unable to submit a traditional Joint Pre-Trial Order.  It is the Federal Defendants position that the failure to submit the Joint Pre-Trial Order lays squarely at the feet of Plaintiff and his counsel.  Despite the absence of a Joint Pre-Trial Order, a jury was selected.

7.      In the days immediately preceding the scheduled trial of this suit, the parties actively sought to settle their dispute.  On the eve of trial, the parties reached an agreement.

8.      On the morning of August 28, 2001, the parties announced their agreement and its terms into the record of the Court.

9.      On October 7, 8, and 9, 2001, Defendants attempted to deliver the settlement documents to Mr. Fast.  On October 10, 2001, the documents were received by Mr. Fast.  See Defendants' Exhibit "A" attached hereto.

10.     On August 22, 2001, Plaintiff unexpectantly appeared at the United States Attorney's Office asking that Defendants' counsel sign a document titled "Settlement Agreement Addendum."  When counsel inquired whether the document had been reviewed by Defendants co-counsel, Philip Eglsaer, Plaintiff became agitated and left the office.  Plaintiff did not, at that time, provide Defendants' counsel a copy of the Settlement Agreement Addendum for further review.

---

[1]This was an "Agreed Order Setting Trial" approved by counsel for all parties.

2

11.     On August 24, 2001, counsel for the Defendants' received via facsimile transmission a copy of a letter written by the Plaintiff to his lawyer. See Defendant's Exhibit "B" attached hereto. This letter and its baseless allegations exemplifies the irrational thinking by the Plaintiff which has plagued this litigation since its inception. This letter, however, makes it perfectly clear that Plaintiff no longer wishes to settle this matter under the terms announce to the Court on August 28, 2001.[2]

12.     The undersigned contacted Mr. Fast regarding his client's actions herein who in turn attempted to further negotiate settlement terms that had already been concluded or not touched upon at all. Given the history of dealing with this Plaintiff and his attorney, the undersigned declined to engage in further negotiations on a matter that had already been settled.

13.     A transcript of this announcement has been ordered by counsel for the Defendants herein; however, its receipt is not expected until the day of hearing. Upon receipt, a copy of this transcript will be provided to the Court; in the unlikely event that the transcript is not received, a certified copy of the tape of the proceedings has been obtained and will be submitted to the Court for review. Defendants also attach for the Court's review a copy of the settlement documents forwarded to the Plaintiff's as well as a copy of the Plaintiff's "Settlement Agreement Addendum." These items are marked as Defendants' Exhibits "C" and "D" respectively.

14.     The Defendants intend to seek enforcement of this settlement at the hearing scheduled on November 1, 2001. If necessary, Defendants' may seek that Plaintiff be sanctioned for his dilatory, bad faith conduct pursuant to Rule 16 (f) of the Federal Rules of Civil Procedure; alternatively, Defendants may ask that the Court sanction Plaintiff for his conduct pursuant to the Court's inherent power to control its docket. See, *Woodson vs. Surgitek, Inc.*, 57 F.3d 1406 (5th Cir. 1995).

---

[2] The parties announced a cash settlement in the amount of $41,250.00 in exchange for a release by Mr. Rodriguez of all claims against the Federal Defendants and a dismissal of this lawsuit, with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendants pray this Court enforce the settlement agreement announced on August 28, 2001.

Respectfully Submitted,

GREGORY A. SERRES
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant U. S. Attorney
600 East Harrison St., No. 201
Brownsville, Texas 78521
Tel: (956) 548-2554
Fax: (956) 548-2549
Texas Bar No.  00800490
Federal I.D. No.  10263

Certificate of Service

On October 31, 2001, a copy of Defendants' Status Report was faxed and mailed to attorney David Fast via certified mail, return receipt requested at the address indicated below:

David Fast
Attorney at Law
13122 I.H. 37, Suite 103
Corpus Christi, Texas 78410.

10/31/01
Date

Nancy L. Masso
Assistant U. S. Attorney

4

10/30/01  17:44  ☎901 747 7371   USPS LEGAL MPHS    ☑003



UNITED STATES
POSTAL SERVICE

Track/Confirm - Intranet Item Inquiry -

Item: EL91 4905 726U S    Date/Time Mailed: 10/05/2001

| Destination | Zip: 78469 | City: CORPUS CHRISTI | State: TX |
| Origin | Zip: 38166 | City: MEMPHIS | | State: TN |

Class: Express Mail - PO to Addressee
Scheduled Delivery: 10/09/2001 12:00
Weight: lb: oz: 10         Postage: $0.00

| Special Services | |
| RETURN RECEIPT | $1.50 |

Federal Agency: 4047-
Delv Rqmt: Normal      Po Box?: N

| Event | Date | Time | Location |
|---|---|---|---|
| DELIVERED | 10/10/2001 | 10:41 | CORPUS CHRISTI TX |
| | Recipient : 'D FAST' | | |
| | ▓▓▓▓▓▓▓▓▓▓ | | |
| | ▓▓▓▓▓▓▓▓▓▓ | | |
| NOTICE LEFT | 10/09/2001 | 12:59 | CORPUS CHRISTI TX |
| ARRIVAL AT UNIT | 10/09/2001 | 06:52 | CORPUS CHRISTI TX |
| NOTICE LEFT | 10/08/2001 | 10:06 | CORPUS CHRISTI TX |
| NOTICE LEFT | 10/07/2001 | 08:58 | CORPUS CHRISTI TX |
| ARRIVAL AT UNIT | 10/06/2001 | 13:00 | CORPUS CHRISTI TX |
| ENROUTE | 10/06/2001 | 06:50 | SAN ANTONIO TX 78246 |
| ENROUTE | 10/05/2001 | 20:54 | MEMPHIS TN 38130 |
| ACCEPT OR | 10/05/2001 | 19:30 | MEMPHIS TN 38166 |

Enter Request Type and Item Number:

Quick Search ⦿    Extensive Search ○

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Item Number:

[          ]   ▓▓▓▓▓

Inquire on multiple items.

Go to the Product Tracking System Home Page.



DEFENDANT'S
EXHIBIT
"A"

http://pts.usps.gov/netdata-cgi/db2www/chd_242.d2w/OUTPUT

Case 1:95-cv-00150   Document 136   Filed in TXSD on 10/31/2001   Page 6 of 28

Direct Query - Intranet



## UNITED STATES POSTAL SERVICE

Track/Confirm - Intranet Item Inquiry
Item Number: EL91 4905 726U S

**This item was delivered on 10/10/2001 at 10:41.**



| | Delivery Section |
|---|---|
| **Signature:** | DAVID E FAT |
| **Address:** | ☒ graphic: address retrieved from database |



Enter Request Type and Item Number:

Quick Search ⦿     Extensive Search ○

Item Number:

**Inquire on multiple items.**

**Go to the Product Tracking System Home Page.**

October 23, 2001

David E. Fast                              Re: Settlement Agreement Addendum
Attorney-at-law                                 Francisco R. Rodriguez vs. USPS
11217 Leopard Street, Suite G                   Civil Action No. B-95-150
Corpus Christi, TX 78510

Dear Mr. Fast:

As the Plaintiff in this lawsuit, it falls my lot to write you this letter regarding, in what appears to Plaintiff, as an ongoing alliance by Nancy L. Masso, Assistant U.S. Attorney (AUSA) counsel in charge litigating the defense of the United States Postal Service (USPS) et al, for alleged undisputed claims asserted by Plaintiff against the USPS et al. Thereafter, many years later, the AUSA appears to have relegated the responsibility to Philip W. Eglsaer, USPS-in-house attorney, and is now apparently in charge of this lawsuit, as more particularized by examples herein below. Plaintiff alleges that the in-house-attorney is an employee/agent of the USPS with an apparent conflict of interest litigating this lawsuit, prejudicial to Plaintiff's due process rights.

This letter also serves to inform you that on October 22, 2001, I took the above referenced Settlement Agreement Addendum document to Nancy L. Masso, Assistant U.S. Attorney, at the U.S. Courthouse in Brownsville, TX, of which she refused to sign and accept, because Philip W. Eglsaer, the in house Postal Service attorney had not received it. Whether the AUSA signed/received it, or not, its still a part of the record, which gives the appearance of lack of the AUSA official responsibility for her inaction, as an officer of the Court, and as attorney-in-charge in this case.

The games played on Plaintiff by the AUSA and USPS-in-house attorney exemplified by their abuse of power and authority, in which their pretrial telephonic communications preparations, resulted in a no-pretrial order, and an out-of-court settlement, and which they expected to achieve, to deprive Plaintiff of a jury trial, placing Plaintiff on an unfair and unequal field, denied Plaintiff's due process rights, as asserted by Plaintiff in his grievances/EEO complaints and claims, and in this lawsuit.

Plaintiff would point out to you that the settling with the Postal Service was frightening to Plaintiff, and which opened the door for the USPS-in-house attorney to prey upon Plaintiff with an initial offer of next-to-nothing at the monetary discussion, and the only issue and no other issue was raised in the Postal Service settlement discussion, by the USPS-in-house attorney, which leaves Plaintiff questioning the validity of this Settlement Agreement.

1

**DEFENDANT'S**
**EXHIBIT**
"B"

I am going to Brownsville tomorrow on other business and am going by the United States Attorney's office, and try again to leave the above referenced document there. I am sending a copy of this letter by FAX to Nancy L. Masso, AUSA, for her records.

Very truly yours,

FRANCISCO R. RODRIGUEZ
Plaintiff, Cause No. B-95-150
719 Citrus Terrace
Harlingen, TX 78550
(956) 423-8632

FAX copy to:

Nancy L. Masso
Assistant United States Attorney
State Bar No. 00800490
600 East Harrison Street, No. 201
Brownsville, TX 78520
FAX No. (956) 548-2549

LAW DEPARTMENT
MEMPHIS OFFICE

 **UNITED STATES POSTAL SERVICE™**

RECEIVED BY
OFFICE OF U.S. ATTORNEY

01 OCT 11 AM 11: 02

SOUTHERN DIST. OF TEXAS
BROWNSVILLE, TX

October 5, 2001

**VIA EXPRESS MAIL, RETURN RECEIPT REQ.**

David E. Fast
Attorney
11217 Leopard Street, Suite G
Corpus Christi, Texas 78410-2636

Re:   *Francisco R. Rodriguez v. United States Postal Service, et al.*
      Civil Action No. B-95-150, U.S.D.C., S.D. Tex., Brownsville Div.

Dear David:

Enclosed please find three (3) originals of the hold harmless agreement, settlement agreement, and stipulation of dismissal. As you will note, I have already signed the settlement agreement. After you and Mr. Rodriguez have signed all three copies of the settlement agreement, Mr. Rodriguez has signed the three hold harmless agreements, and you have signed the stipulations of dismissal, please return the three sets of documents in the enclosed prepaid Express Mail envelope, and I will begin the processing of the documents.

If you have any questions or comments please let me know. Thank you for your cooperation.

Sincerely,

PHILIP W. EGLSAER

Enclosure

cc:   Nancy Masso
      Assistant United States Attorney
      U. S. Courthouse
      600 East Harrison, #201
      Brownsville, Texas 78520-7155

225 N HUMPHREYS BOULEVARD
MEMPHIS TN 38166-0170
901-747-7350
FAX 901-747-7371

DEFENDANT'S
EXHIBIT
"C"

Mr. Fast

2

October 5, 2001

Cindy Wheeler
Manager, Human Resources
Rio Grande District
United States Postal Service
1 Post Office Drive
San Antonio, Texas 78284-9994

CVisPDF – www.faxisx.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **FRANCISCO R. RODRIGUEZ,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION NO. B-95-150** |
| | * | |
| **UNITED STATES POSTAL SERVICE,** | * | |
| | * | |
| **Defendant.** | * | |

## SETTLEMENT AGREEMENT

1. In the above-styled and numbered case Plaintiff FRANCISCO R. RODRIGUEZ initiated suit against the United States Postal Service, the Postmaster General, and numerous postal employees, who were sued in both their official and individual capacity. In his several judicial complaints, Plaintiff asserted claims of employment discrimination, including sex, age and EEO reprisal discrimination. He also asserted claims of breach of contract, reprisal for union activity, and both constitutional and common law torts. These claims arose out of his employment by the United States Postal Service at the Harlingen, Texas Post Office. The claims, which dated back to 1987, alleged an ongoing pattern and practice of unfair treatment, including denial of fringe benefits, harassment, disciplinary suspension, reassignment of duties, disciplinary discharge, denial of full back pay compensation, and constructive discharge.

CutePDF - www.tesisu.com

2.     The Postal Service denies it has discriminated, harassed or reprised against Plaintiff in any fashion or violated any law or regulation with respect to Plaintiff's employment. However, in order to avoid the cost of continuing the litigation of these matters and in order to reach a global resolution of all Plaintiff's complaints, appeals and claims, the parties have reached an agreement for the full and final settlement and compromise of any and all claims set out in the above-captioned and numbered case, as well as all other claims against the Postal Service, its officers, employees or agents, administrative or otherwise, and any other cause of action, including claims for attorney's fees, back pay, compensation for absences or any other claim for damages, either administrative or judicial, arising out of or otherwise connected to Plaintiff's postal employment, EEO activities, or union activities up to and including the date on which Plaintiff executes this Settlement Agreement, whether or not these claims have yet matured. This includes, but is not limited to all complaints of discrimination, harassment, reprisal, any and all grievances, and any other administrative appeals, except injury compensation claims.

3.     In consideration of the mutual acts, covenants and promises stated herein, it is agreed as follows:

A.     To settle all claims, including claims for compensatory and economic damages, Defendant will pay to Plaintiff the lump sum of FORTY-ONE THOUSAND TWO HUNDRED AND FIFTY DOLLARS ($41,250). Plaintiff waives all monetary and other claims (including costs and attorney's fees) which Plaintiff makes or could make, as outlined in paragraphs 1 and 2.

2

There will be no withholding from this payment. Plaintiff understands that this entire amount will be reported to the Internal Revenue Service (IRS) and that the question of tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS.

Payments will be accomplished as follows:

A check will be issued by the Postal Service in the amount of $41,250, and will be made payable to FRANCISCO R. RODRIGUEZ (SSN 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), 719 Citrus Terrace, Harlingen, Texas 78550, and Plaintiff's attorney DAVID E. FAST (SSN 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), 11217 Leopard, Suite G, Corpus Christi, Texas 78410. The check will be mailed in care of Plaintiff's attorney at his office address. Plaintiff understands it may take up to eight weeks after the Agreement is fully executed for payment to be accomplished.

B.  Plaintiff agrees he will never seek reemployment by the Postal Service.

C.  Plaintiff will promptly move to dismiss, with prejudice, the complaint in the above-captioned and numbered case. Plaintiff shall do so by executing a stipulation of dismissal with prejudice, with each side bearing their own respective costs and attorney's fees. Plaintiff will also execute a full release. Such stipulation of dismissal and release shall be signed and executed at the same time as this Settlement Agreement is signed and executed. Plaintiff understands that the term "with prejudice" means that he cannot ever again bring suit with respect to any claim, which he has made or could have made with respect to the subject matter of this lawsuit.

3

Any further right to litigate, either administratively or judicially, as well as

any and all issues involved in the above-referenced judicial case, is

specifically waived and relinquished by Plaintiff.

4.    This Settlement Agreement shall not be construed as an admission of guilt,

wrongdoing, or a violation of Plaintiff's rights in any respect, or of liability by the Postal Service,

its representatives, officers, agents or employees, including the Postmaster General.

5.    The parties agree that this Agreement shall not serve as precedent in any further

judicial or administrative proceedings between the Postal Service and any third party.

6.    Should a dispute arise regarding the implementation of this Settlement

Agreement, Plaintiff expressly agrees he is restricted to seeking judicial enforcement of the terms

of this Agreement and he cannot seek to rescind this settlement.  Plaintiff will not seek

enforcement of this Agreement by the court until he first makes a good faith effort through postal

counsel to resolve any difference of interpretation of the terms of the settlement and/or to have

the Postal Service cure an asserted failure of performance of the terms of the settlement.  Should

new disputes arise between the parties involving matters other than the fulfillment of the terms of

this Agreement, those disputes are independent matters, which Plaintiff must present to the

appropriate administrative or judicial forum; and he cannot seek to rescind this Agreement on

account of those disputes.

7.    Plaintiff confirms that he has been advised to seek legal counsel prior to signing

this Settlement Agreement and Release and he has in fact utilized the services of personal legal

counsel in reviewing and entering into this Settlement Agreement and Release.  Finally, Plaintiff

confirms he has been afforded a reasonable period of time in which to consider the terms of this

Settlement Agreement and Release and he fully understands the terms of this Settlement Agreement.

8.     Plaintiff declares he has read and reviewed this Settlement Agreement with his attorney and he fully understands the terms of such settlement agreement.  Plaintiff further declares that he voluntarily accepts this Agreement for the purpose of making full and final compromise of all claims which were made or could have been made in connection with the causes of action and underlying facts now pending in the above-styled and numbered case, including but not limited to claims for compensatory damages, liquidated damages, personal injury, back pay, front pay, breach of contract, attorney's fees, interest and/or costs and that all agreements and understandings of the parties have been included and expressed herein.  Plaintiff also acknowledges all agreements and understandings between the Postal Service and him have been included and expressed herein.

9.     If any provision of this Settlement Agreement is determined to be unlawful, or otherwise unenforceable, it shall not effect the enforceability of the remaining provisions of the Settlement Agreement.

10.    This agreement is the product of joint bargaining and for purposes of interpretation is to be considered the product of joint authorship.  Any ambiguity in its provisions shall not be construed against either party on the ground a particular party drafted the agreement.

11.    Plaintiff represents and warrants no other person or entity has, or has had, any interest in the claims, damages, obligation, or causes of action to which reference is made in this Settlement Agreement.  Plaintiff further represents and warrants he has sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified herein, and he has

5

not sold, assigned or transferred, conveyed or otherwise disposed of any of the claims, demands,

obligations or causes of action to which reference is made in this Settlement Agreement.

12.     There are no other terms to this Agreement other than those expressly written

here.  The agreement binds FRANCISCO R. RODRIGUEZ and the POSTAL SERVICE and

their assigns, agents, and successors.  This Agreement may not be modified except by a writing

signed by each party or that party's agent.


_____              _____
Dated                                FRANCISCO R. RODRIGUEZ
                                     Plaintiff


_____              _____
Dated                                DAVID E. FAST
                                     Plaintiff's Attorney
                                     State Bar No. 068450500
                                     11217 Leopard, Suite G
                                     Corpus Christi, Texas 78410
                                     Tel.  361-241-4495
                                     Fax. 361-241-4495

6

GREGORY SERRES
UNITED STATES ATTORNEY


By:

_____          _____
Date                             NANCY L. MASSO
                                 Assistant United States Attorney
                                 Attorney for Defendant
                                 State Bar No. 00800490
                                 600 East Harrison, No. 201
                                 Brownsville, TX 78520



_____          _____
Date                             LARRY JAMES
                                 District Manager
                                 Rio Grande District
                                 United States Postal Service
                                 1 Post Office Drive
                                 San Antonio, TX 78284 -9997



_____          _____
Date                             CINDY WHEELER
                                 Manager, Human Resources
                                 Rio Grande District
                                 United States Postal Service
                                 1 Post Office Drive
                                 San Antonio, TX 78284-9994


7

_10·4·01_
Date

PHILIP W. EGLSAER
Attorney for Defendant
United States Postal Service
225 North Humphreys Blvd.
Memphis, TN  38166-0170
Tel. 901-747-7351
Fax. 901-747-7371

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **FRANCISCO R. RODRIGUEZ,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION NO. B-95-150** |
| | * | |
| **UNITED STATES POSTAL SERVICE,** | * | |
| | * | |
| **Defendant.** | * | |

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION OF the payment to me, of the sum of FORTY

ONE THOUSAND TWO HUNDRED AND FIFTY DOLLARS ($41,250) and the other

promises of the United States Postal Service pursuant to the Settlement Agreement

executed on _____ ___, 2001, I, FRANCISCO R. RODRIGUEZ, being of

lawful age, and with advice of counsel, do hereby completely release and forever

discharge, Postmaster General James Potter, the United States Postal Service and the

United States of America, including their respective executors, administrators, heirs,

successors, assigns, and any of their respective past, present or future officers, directors,

agents, employees, representatives, political subdivisions and affiliate corporations

(hereinafter "releasees"), from any and all claims, demands, obligations, actions, causes

of action, civil rights and employment discrimination claims, grievances, rights, damages,

costs, losses of services, attorneys' fees, expenses and compensation of any nature

whatsoever, whether based on a tort, contract, statute, or other theory of recovery, which

I now have on account of, or which may in any way grow out of, the civil action styled as *Francisco R. Rodriguez v. United States Postal Service*, pending in the United States District Court for the Southern District of Texas, docket number B-95-150, of any of the events, actions or omissions which are the subject matter of such action, or which arise from my employment with the United States Postal Service through the date of this release, with the sole exception of any claim for worker's compensation.

I acknowledge and agree that the release and discharge set forth above is a general release against the releasees. With regard to these releasees, I expressly waive and assume the risk of any and all claims for damages which exist as of this date, but of which I do not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and which, if known, would materially affect my decision to execute this Release. I acknowledge and agree that I have received and accepted payment of the sum specified above as a complete compromise of matters involving disputed issues of law and fact. In doing so, I have assumed the risk that the facts or law may be other than as I believe.

I represent that I have full and complete authority to compromise and settle this claim. I understand that this is the compromise of a disputed claim, and that the payment to me is not to be construed as an admission of liability on the part of the persons or entities hereby released, by whom liability is expressly denied. In accepting payment of the sum indicated above, I represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action to which reference is made in this Release and the received sums specified herein, and that I have

2

not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action to which reference is made in this Release.

This Release and the Settlement Agreement between the parties executed by me on _____ ___, 2001, contain the ENTIRE AGREEMENT between the parties, and the terms of this Release are contractual in nature and not a mere recital.

In signing this Release, I represent that I have relied upon the advice of my attorney who is the attorney of my own choice, concerning the legal consequences of this Release and that the terms of this Release have been completely read and explained to me by my attorney, and that I fully understand and voluntarily accept the terms of this Release.

I further state that I have carefully read this Release and know the contents of this Release and I sign the same as my own free act.

EXECUTED this the _____ day of _____, 2001.


_____
FRANCISCO R. RODRIGUEZ
Plaintiff

Sworn to and subscribed before me this ____ day of _____, 2001.


_____
NOTARY PUBLIC

My Commission Expires:

_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FRANCISCO R. RODRIGUEZ,            *
                                   *
    Plaintiff,                     *
                                   *
       v.                        *   CIVIL ACTION NO. B-95-150
                                   *
UNITED STATES POSTAL SERVICE,      *
                                   *
    Defendant.                     *

## STIPULATION OF DISMISSAL WITH PREJUDICE

    The parties having reached full and final settlement of this matter, it is hereby

stipulated, pursuant to Rule 41(a)(1) (ii) of the Federal Rules of Civil Procedure that the

above-numbered and captioned matter be and is hereby dismissed with prejudice to the

Plaintiff.  It is further stipulated that the parties will each bear their own respective costs

and expenses.


_____              _____
Executed                             FRANCISCO R. RODRIGUEZ
                                     Plaintiff



_____              _____
Executed                             DAVID E. FAST
                                     Plaintiff's Attorney
                                     State Bar No. 068450500
                                     11217 Leopard, Suite G
                                     Corpus Christi, Texas 78410
                                     Tel. 361-241-4495
                                     Fax. 361-241-4495

GREGORY SERRES
UNITED STATES ATTORNEY


By: _____

Executed _____

NANCY L. MASSO
Assistant United States Attorney
Attorney for Defendant
State Bar No. 00800490
600 East Harrison #201
Brownsville, TX 78520
Tel. 956-548-2554
Fax. 956-548-2549

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **FRANCISCO R. RODRIGUEZ** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-95-150** |
| | § | |
| **UNITED STATES POSTAL SERVICE,** | § | |
| **ET AL.** | § | |
| **Defendants.** | § | |

<u>**SETTLEMENT AGREEMENT ADDENDUM**</u>

**PLAINTIFF'S SUPPLEMENTAL GOOD-FAITH CORRECTIONS TO
STIPULATED PROVISIONS AND OMISSIONS TO THE DEFENDANTS'
BELATED SETTLEMENT AGREEMENT, RECEIVED BY PLAINTIFF ON
OCTOBER 13, 2001, AND SUCH CORRECTIONS TO STIPULATIONS AND
ADDITIONS TO OMISSIONS, ARE MADE A PART OF, AND
SUPPLEMENTED TO SAID SETTLEMENT AGREEMENT,
INCORPORATED BY REFERENCE THE SAME AS IF FULLY COPIED
AND SET FORTH AT LENGTH HEREIN**

**In Regard To**: page1, paragraph #1:  In the above-styled and numbered case Plaintiff

FRANCISCO R. RODRIGUEZ initiated suit against the United States Postal Service,

the Postmaster General, and numerous postal employees, who were sued in both their

official and individual capacity, <u>including mail fraud cover up and conspiracy,</u>

<u>regarding the Defendants' denial of his  back pay, and his registered letter in violation</u>

<u>of postal regulations and 18 U.S.C. § 1709</u>. .....He also asserted claims of breach of

contract, <u>including violations of employment policy and of any employment</u>

<u>agreement affecting several areas of the employee's employment and as APWU  local</u>

<u>union president)</u>, reprisal for union activity, and both constitutional and common law

torts. <u>Plaintiff asserted requests to the Postal Service to expunge all disciplinary</u>

<u>actions taken against him, by the Postal Service, from his record and the Postal</u>

1

Service's records. ... Plaintiff's asserted constitutional and common law torts, including violations of due process; and loss-of-pay-collateral/damage loss of protected property interests.. ...The claims, which dated back to 1987, alleged an ongoing, and continuous pattern and practice of unfair treatment, including denial of fringe benefits, harassment, intimidation, disciplinary suspension _ unilateral reassignment of duties, disciplinary discharge, denial of full back pay, front pay and level-6 pay compensation, and disciplinary suspension/discharge attempted by the Postal Service were **not** for just cause, including a 7-day suspension, an emergency suspension, constructive discharge/attempted removal, of which **all** the allegations Plaintiff **was** vindicated at the **lowest** steps of the grievance procedure. . .... The Postal Service never proved a basis for the adverse actions taken against Plaintiff, or for the Postal Service's denial of his back pay and registered letter, in any of his grievances/EEO claims and complaints, and in this lawsuit.

**In Regard To**: page 2, paragraph 2:  The Postal Service denies it has discriminated against Plaintiff.....Plaintiff claims the Postal Service and individual Defendants have failed to produce credible material evidence of fact for their actions against Plaintiff, and the Defendants have failed to fully and completely respond to Plaintiff's discovery.  Plaintiff asserted denial to any and all, each and every allegation of misconduct leveled against him by the Postal Service.  Early-on, the court ordered the Postal Service to put Plaintiff's back pay on "fast track" and to pay Plaintiff's back pay with interest, after which time Plaintiff asserted a fair and reasonable $45, 200.00 amount of back pay, which the Defendants did not controvert, and failed to comply with the court's order..  Plaintiff was deprived of, and entitled to; to have a jury

2

determine the issues.  The Postal Service in house counsel has been selective in the production of information/documents, pointing to an irrelevant VOMA document in an attempt to refute Plaintiff's VOMA duty assignment, and five (5) PS Form 2240 back pay documents.  The Government lead-attorney acted in concert with the Postal Service attorney, with telephonic consultations delaying the process in preparation for trial, which resulted without a pre-trial order.  At the pretrial settlement conference, Magistrate Judge W. Black, urged Plaintiff to enter into a settlement agreement with the Postal Service.  At the settlement agreement conference discussion outcome, and circumstances surrounding the specific instructions which were imposed on Plaintiff by the Judge, and the exclusive discretion and authority conferred upon the Postal Service attorney in this lawsuit, and on that basis, the Postal Service attorney took advantage of Plaintiff in the settlement process of which Plaintiff did not participate, have any input, or part in, offering to settle and withdraw this lawsuit, after which Plaintiff had asserted a $45,200.00 back pay amount early-on, which was not controverted by the Defendants, and could have been a good faith negotiable amount as a starting point in the settlement process.  ….The text of  page 2, which was never discussed or consulted with Plaintiff regarding his rights, was the work product of the Postal Service's attorney, vindicating the Postal Service and individual Defendants' misconduct and wrongdoing, without justification for their actions taken against Plaintiff, and in essence rendering Plaintiff as being guilty.

**In Regard To**: page 3, paragraph 3A:  Plaintiff has agreed it will take eight weeks from the agreed settlement date to fund the settlement **and** has been expecting payment.

3

}                                                                    }

**In Regard To**: page 3, paragraph 3B: ..<u>At no time did Plaintiff ever discuss, request or even mention intentions of seeking Postal Service employment pursuant to this Agreement</u>

**In Regard To**: page 4, paragraph 4: ... <u>This Settlement Agreement shall not be construed as Plaintiff "not having legitimate and actionable claims" against the Postal Service.</u>

Page 4, paragraph 7: ...Finally, Plaintiff confirms he has <u>not</u> been afforded a <u>fair and reasonable period of time in which to consider the terms of this Settlement Agreement and Release and he fully understands the terms of this Settlement Agreement <u>as amended.</u>

**In Regard To**:  page 5, paragraph:9 and 10:  <u>The Postal Service attorney confirms and agrees that these documents; the Settlement Agreement; the Release of Claims and Stipulation of Dismissal With Prejudice, submitted to Plaintiff for his signature, are the work product of the United States Postal Service attorney and is not a product of joint bargaining and joint authorship, as stipulated in paragraph 10 on page 5, noting that Plaintiff was not involved in the process, and the documents are void of references, comments/stipulations of Plaintiff's participation or his rights in the"joint bargaining process".</u>

CVisPDF - www.fasiso.com

_10-24-01_
Date

David E. Fast — *SIGNED*
DAVID E. FAST  *DEF. PERMISSIO*
Plaintiff's attorney
State Bar No. 068450500
11217 Leopard, Suite G
Corpus Christi, TX 78410
Tel. 361-241-4495
Fax. 361-241-4495

Hand delivered as follows:

_____
Date

By: _____
NANCY L. MASSO
Assistant United States Attorney
Attorney for Defendants
State Bar No. 00800490
600 East Harrison St., No. 201
Brownsville, TX 78520

_acknowledge_
_Red 5 pages including the signature page_

_24 Oct 01_

5