13.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOV 1 2001

| | | |
|---|---|---|
| FRANCISCO R. RODRIGUEZ | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-95-150 |
| | § | |
| UNITED STATES POSTAL SERVICE, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REURGED AND RENEWED DEMAND FOR REASONABLE SETTLEMENT, INCLUDING; (1) PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT;(2) PLAINTIFF'S OBJECTION TO PROCEDURAL PROBLEMS WITH DEFENDANTS' UNWILLINGNESS TO SETTLE CASE IN GOOD FAITH, (3) REQUEST FOR SUPPLEMENTAL COUNSEL**

TO THE HONORABLE MAGISTRATE JUDGE JOHN W. BLACK:

NOW COMES FRANCISCO R. RODRIGUEZ, Plaintiff in the above-referenced and numbered cause, and for his reurged and renewed demand for reasonable settlement, and his supplemental response to defendants motions' to dismiss or in the alternative partial summary judgment; and his request for supplemental counsel, and the defendants unwillingness to settle in good faith, in support respectfully would show as follows:

1. There have been no changes in the allegations of Federal jurisdiction over the parties subject matter, and also no changes to Plaintiff's pleadings and Defendants' pleadings.

2. Plaintiff is complaining about defendant's counsel failure to properly and inadequately and timely forward to plaintiff reasonable Settlement Agreement that was sent by the defendants, was received by plaintiff on 10-13-2001, without adequate time for plaintiff's

1

due review of the Agreement, of which he considered it to be potentially invalid. Plaintiff responded with an Addendum to the defendants' Settlement Agreement. Thereafter, on 10-22-2001 he attempted delivery of the Addendum to Nancy L. Masso, Assistant U.S. attorney (AUSA), of which she refused to accept and sign for. Thereafter, on 10-24-2001, plaintiff again attempted delivery of the Addendum, and again AUSA refused to accept and sign for it, allegedly because USPS in-house (in-house) attorney had not seen the Addendum, in the alternative, plaintiff left the Addendum with the U.S. attorney's office receptionist. Causing this impromptu motion by plaintiff to be filed with the Court, and problems with plaintiff's preparation for the 11-1-2001 status hearing. Plaintiff alleges that the conduct displayed by the AUSA against Plaintiff, regarding her denial of receipt of the Addendum, plaintiff perceives this as unbecoming conduct of an officer of the Court. Plaintiff directs to the attention of the Court, that this is consistent with the manner in which the AUSA and the in-house attorney have been playing games with plaintiff, intimidating him. Plaintiff would show that he filed his lawsuit on 9-6-95, and with lack of a formal education, was denied counsel; the Court reasoned that Plaintiff was competent enough to litigate his lawsuit; Nancy L. Masso assumed the responsibility for the defense of the USPS and individual Defendants; Plaintiff has observed many instances in which the AUSA and the in-house attorney, that plaintiff perceives as inappropriate conduct, appearing to plaintiff as being prejudicial to his lawsuit, with specificity, as follows:

On Feb.1996, AUSA, cited EEO complaint unrelated to Plaintiff, and apparently lied to the Court to enhance her motion to dismiss plaintiff's lawsuit;

Since Feb.1996, AUSA has been pursuing motions to dismiss plaintiff's action based on allegations Plaintiff's failure to exhaust administrative remedies on his grievances/EEO complaints, 3-U-1244-92; 3-U-1604-92, of which complaints were a

2

continuous/interrelated and intertwined, which also include similar situated continuous contractual, pattern of discrimination by the Defendants against Plaintiff since 1988, and as evidenced by the Defendants' own admission, in which the interrelated their adverse actions against plaintiff,

1996- Feb. on: AUSA has continuously ignored the criminality by the Defendants, and ignored and denied Plaintiff's back pay/front pay claims, and at the center of controversy, notwithstanding Plaintiff's evidence of material fact, and no evidence to the contrary by the Defendants, in the Court's file, incorporated by reference the same as if fully copied and set forth at length herein.

1997 Jan.1995, Defendants continue to violate postal regulations regarding Plaintiff/AUSA mail, AUSA ignored the violation and accepted it as Defendants normal practice, in the Court's filed, supported by plaintiff's unnumbered ADDENDUM EXHIBITS, RE: contractual and mail violations, incorporated by reference the same as if fully copied and set for at length herein.

1997, Mar.: AUSA motion for protective order, denying Plaintiff's discovery prejudicial to his claims in this lawsuit, and granted by the Court; which discovery contains evidence of material fact of which AUSA is potentially aware of having legitimate bearing on the matters at issue, in the Court/s file incorporated by reference the same as if fully copied and set forth at length herein.

1998, June: The Court Ordered Defendants to put Plaintiff's back pay with interest on "fast track", AUSA ignored the Order; the Court acquiesced the AUSA's inaction;

1999 The "parties" went before an impartial Mediator, competent and experienced in Title VII Civil Rights cases, such as the one at issue, and an opportunity for settlement, but the Defendants with the same continuous egregious conduct playing games, offered next-to-nothing to settle, as evidenced by the "<u>halo-laced</u>"Settlement Agreement fashioned by USPS in-house operative attorney; noting that the mediator pointed out to Plaintiff that he had a strong civil rights retaliation case.

2000, Sept.:AUSA filed motion for continuance for scheduled status conference, stating she needed to attend to a family emergency; in all probability the emergency was for in-house attorney's family, which in all probability she mislead and lied to the Court, in the Court/s file, incorporated by reference the same as if fully copied and set forth at length herein

2001, April: The Court denied Plaintiff's *forma pauperis* application for witness subpoena serving,

Plaintiff further refers to his Addendum by quoting to the present gross money income of $22,000.00 annual income which includes Fed Tax and Health Ins. benefits, noting that is below the poverty level, consistent with his home, auto, insurance, taxes,

3

medications and many other personal expenses, which surpass plaintiff's limited income. Plaintiff would point out to the Court that his sacrifice and hard work in his business contributing to the community, his USPS employment dedication, availed him with a modest home in a respected family-oriented neighborhood, for which the standard of living expenses are considerably more than the Court surmised, under these circumstances Plaintiff was subjected to the food-stamp line, but he did not succumb to that. Plaintiff would show that God blessed him with siblings that have been, and are supporting him morally and financially all this years to endure the results of the egregious and fallacious allegations leveled against him by the Defendants, for which Plaintiff was vindicated. Plaintiff was also fortunate with Gods will, to have was offered and approved several credit cards on which he has been living with all this years, alternating payments on the cards, and subjected to paying them off with home equity loans. Plaintiff would show with factual evidence of material fact already denied, and future evidence of material fact denied by the Court, in support of the foregoing statements of material fact, at a future setting of the case for trial, incorporated by reference the same as if fully copied and set forth at length herein.

   Plaintiff is particularly disturbed by the fact the Court informed Plaintiff at the pretrial settlement conference discussions, that the Court would not allow Plaintiff to introduce any more evidence; that the Court did not want hear about Plaintiff's real estate losses, due 4 or 5 months of loss of pay. Plaintiff points Px-007; Px-0020 through Px-0025, showing that plaintiff's pay was being reduced commencing 4-7-92, through 9-23-92, and the Court was erroneous on the assumption of 4 or 5 months loss of pay.

   Plaintiff, with due respect to the Court's discretion and authority, is bothered by the way the Court strongly urged Plaintiff to settle with the Defendants; and if he did not, and he went to trial, and if the jury awarded Plaintiff any amount of money, the Court had the power to take the jury award away from Plaintiff; and if he appealed to the Fifth Circuit of Appeals, the Fifth Circuit of Appeals would also take the money away and from him, Plaintiff would receive "0" amount of money. Plaintiff is also annoyed by the fact he has already produced substantial evidence of material fact to sustain a prima facie case retaliation discrimination as concluded by the Mediator; and that he would be barred from producing supplemental evidence for his case in chief, but the burden of persuasion has not shifted, and absent that evidence the burden will never shift.   :

   Plaintiff is annoyed the Court describing Plaintiff as a "disgruntled employee", in all probability pointed out by the USPS in-house attorney/operative and (an employee "going postal" common operatives created by USPS to depict bad employees) which is far from the truth. Plaintiff points to that the Court made many remarks to the parties that this was the oldest case in the Docket, apparently out of frustration; Plaintiff notes that nobody is more is more frustrated than he, because he is the loser in this action thus far. Plaintiff came with his complaint to this forum for the due administration of justice, provided for him under the U.S. Constitution, to be denied that right as articulated hereinabove, without reviewing the entire evidence of material fact would be terrible injustice.to himself and his family, and a miscarriage of justice.

Plaintiff would point out to the Court that his expenses are mounting daily, living off of credit cards and off of plaintiff's siblings, whom have been supporting plaintiff morally and financially, under the circumstances plaintiff is enduring, in which the Settlement Agreement was fashioned by the USPS in-house attorney, and the constraints imposed on Plaintiff by the Court, Plaintiff will sign the Settlement Agreement, as a reasonable an fair settlement as written, whether changed, altered or otherwise rewritten, asking One Million ($1,000,000,00) dollars plus attorney's fees, and any and all litigation expenses to dated of November 1, 2001, expunge all adverse material from Plaintiff's record and the USPS files. Anything less is under duress and without prejudice, or in the alternative, Plaintiff will take the chance to go to trial, hopefully with a reasonable jury, and Fifth Circuit if appealed, under the following stipulations:

Plaintiff respectfully requests and urges the Court that Plaintiff be granted:

1. any and all already-denied-discovery, any and all additional discovery to all issues relevant and pertinent, with additionally new and recent material evidence and information now made available to Plaintiff, to the allegations in this lawsuit;

2. USPS in-house attorney Philip W. Eglsaer will be one of the first Defendant -witnesses to testify at trial of this case, unless barred by FRCP Rule for cause;

3. due to the approaching holidays, and new counsel to review the case plaintiff respectfully requests a minimum of ninety (90) days for case preparation;

4. permit supplemental new counsel to amend this lawsuit, pursuant to the FRCP as he may see appropriate and necessary;

5. request payment of any and all past and current attorney's fees, any and all litigation expenses thus far;

6. request payment of any and all additional and future attorney's fees, court costs, and any and all further and future litigation expenses incurred in this case;

7. any and all USPS-employee/agent witness trial expenses to be born by the Defendant USPS;

8. new counsel to amend the prayer and monetary award as counsel may deem appropriate and necessary consistent with Plaintiff's allegations and claims

5

Respectfully submitted:

*David E. Fast*    *Signed by Counsel w/permission*

DAVID E. FAST.
Attorney for Plaintiff
TBA #068450500, S.D. Adm. #2129
11217 Leopard, Suite G
Corpus Christi, TX 78410
Tel.  (361) 241-4495
Fax  (361) 214-4495

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above renewed and reurged reasonable settlement response to Defendants settlement agreement has been hand-delivered to opposing attorney, on the 1ST day of November 2001.

*David E. Fast*
DAVID E. FAST

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO R. RODRIGUEZ | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-95-150 |
| | § | |
| UNITED STATES POSTAL SERVICE, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER

On the _____ day of _____, 2001, came on to be heard Plaintiff's Motion for a Reasonable Settlement for the above-styled and numbered cause, and it appearing to the Court, appropriate notice has been given to the defendants, and after opportunity for a hearing;

IT IS HEREBY ORDERED that Plaintiff's Motion for a Reasonable Settlement, should be GRANTED.

SIGNED this _____ dayof _____, 2001.

_____
JUDGE PRESIDING

7

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO RODRIGUEZ | § | CASE NO. CA B-95-150 |
| | § | |
| VERSUS | § | BROWNSVILLE, TEXAS |
| | § | AUGUST 28, 2001 |
| U.S. POSTAL SERVICE | § | 10:09 A.M. TO 10:12 A.M. |

<u>JURY TRIAL
SETTLEMENT ANNOUNCEMENT</u>

BEFORE THE HON. JOHN WM. BLACK, U.S. MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:                     SEE NEXT PAGE

For the Defendant:                     SEE NEXT PAGE

Court Recorder:                        Gabriel Mendieta

PREPARED BY:

JUDICIAL TRANSCRIBERS OF TEXAS, INC.
P.O. Box 925675
Houston, Texas 77292-5675
713.697.4718 (office)
713.697.4722 (fax)

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.



**APPEARANCES:**

For the Plaintiff:          MR. DAVID FAST
                            MR. PHILLIP EGLSAER
                            Attorney at Law
                            11217 Leopard, Suite G
                            Corpus Christi, Texas 78410


For the Defendant:          U.S. Attorney's Office
                            MS. NANCY MASSO, AUSA
                            600 E. Harrison, Suite 201
                            Brownsville, Texas 78520


Also Present:               U.S. Postal Law Department
                            MR. PHILLIP EGLSAER, SAUSA

```
 1              THE COURT:  B-95-150, Rodriguez against the Postal
 2   Service.
 3              MS. MASSO:  Your Honor, Nancy Masso, present on
 4   behalf of U.S. Postal Service.  Also with me is co-counsel,
 5   Phillip Eglsaer, Special Assistant, U.S. Attorney from the
 6   U.S. Postal Law Department.
 7              MR. FAST:  David Fast for the plaintiff.  And the
 8   plaintiff is also here.
 9              THE COURT:  All right.  I understand that you've
10   reached a settlement in this case?
11              MS. MASSO:  That's correct, Your Honor.
12              THE COURT:  For which you're to be commended.
13              Do you want to put the terms of your settlement
14   on the record?
15              MS. MASSO:  We'd like to do that, Your Honor, yes.
16              THE COURT:  All right.  Go ahead.
17              MS. MASSO:  We've agreed to a lump sum payment of
18   $41,250, which inclusive of cost and attorney's fees.
19              The plaintiff will agree to a dismissal with
20   prejudice.
21              Mr. Rodriguez should be admonished or aware of
22   the fact that this is all the money that he is to receive in
23   this case.  That he cannot refile the suit on any of these
24   claims in the future.
25              THE COURT:  Is that your understanding of the
```

1  agreement, Mr. Fast?

2       MR. FAST:  Yes.

3       THE COURT:  Mr. Rodriguez, is that your
4  understanding of the agreement?

5       MR. RODRIGUEZ:  Yes, sir.

6       THE COURT:  You understand this is it?

7       MR. RODRIGUEZ:  Yes, sir.

8       THE COURT:  You understand that.  Okay.

9       MR. RODRIGUEZ:  I'll be free from any further
10  litigation?

11       THE COURT:  Right.  And they will be free from
12  further litigation also.  All right.  You understand that.
13       Okay.  How soon do you think you can crank up
14  this --

15       MS. MASSO:  Well, we were hoping to get it today,
16  Your Honor.  Probably later today we can get that.

17       THE COURT:  Okay.

18       MR. EGLSAER:  Later -- We will get the settlement
19  agreement finalized for approval as to form no later than
20  tomorrow.

21       THE COURT:  Okay.

22       MR. EGLSAER:  Then, given the logistics of
23  transmission between the various parties in San Antonio, our
24  settlement authority, --

25       THE COURT:  Okay.

1    MR. EGLSAER: -- it will take probably a week or so
2    to get the document signed.
3    THE COURT: Okay. Okay. What I do on these cases
4    when they're settled, is I reset them for status conference
5    about a month out just to make sure they don't fall between
6    the cracks and of course the bonus is done by then and nobody
7    has to come.
8    All right. Well, I thank you all. I
9    appreciate your cooperation in getting together.
10    And Mr. Rodriguez, I think you did the right
11    thing. I understand this has been an emotional issue for you.
12    But apparently, you were you were able to step back from that
13    and look at this from a more realistic standpoint. And as I
14    say, I think you've done the right thing.
15    MR. FAST: For the sake of Mr. Rodriguez, too, do
16    you have any idea how soon the money will be forthcoming?
17    MR. EGLSAER: The settlement will provide that the
18    normal time period for issuance of a check is six to eight
19    weeks after the settlement agreement is fully executed by all
20    parties.
21    MR. FAST: Could we encourage the defendant, the
22    Postal Service, to expedite that wherever possible.
23    MR. EGLSAER: We will, but --
24    THE COURT: Well, I'm sure they will. I mean it's
25    everybody's interest to shut these things down, Mr. Fast.

*JUDICIAL TRANSCRIBERS OF TEXAS, INC.*
*Office 713.697.4718  ♦  Fax 713.697.4722*

```
 1   And, you know, I --
 2           MR. FAST:  Is there any way we could get the money
 3   first before that status conference that you're going to
 4   schedule?
 5           THE COURT:  Well, I mean, if they're telling me
 6   that, then I'll just reset the status conference.
 7           My only concern, just from a purely
 8   bureaucratic standpoint is getting this case off the docket
 9   here.  And, you know, that won't happen until a final judgment
10   is entered.  But, I mean, if that's going to take a couple of
11   months to do all that, I'll go ahead and set a status
12   conference for, you know, sometime in October.  And how's
13   that?
14           MR. EGLSAER:  I'm confident that it will be
15   concluded by that time, Your Honor.
16           THE COURT:  Okay.  All righty.  Well, thank you all
17   very much.  I appreciate your cooperation.  We'll call the
18   jury and tell them not to come.  Thank you.
19           MR. EGLSAER:  Thank you, Your Honor.
20           MS. MASSO:  Thank you.
21           MR. FAST:  May we be excused.
22           THE COURT:  Yes, sir.  Thank you.
23       (These proceedings concluded at 10:12 a.m.)
24
25                     * * * * *
```

*JUDICIAL TRANSCRIBERS OF TEXAS, INC.*
*Office 713.697.4718 ♦ Fax 713.697.4722*

```
*********************
***   RX REPORT   ***
*********************
```

RECEPTION OK

| | |
|---|---|
| TX/RX NO | 5636 |
| CONNECTION TEL | 713 697 4722 |
| CONNECTION ID | |
| ST. TIME | 11/01 13:05 |
| USAGE T | 02'03 |
| PGS. | 7 |
| RESULT | OK |

ClibPDF - www.fastio.com